1  BENJAMIN B. WAGNER
   United States Attorney
2  DAVID L. GAPPA
   Assistant United States Attorney
3  2500 Tulare Street, Suite 4401
   Fresno, CA 93721
4  Telephone: (559) 497-4000
   Facsimile:  (559) 497-4099
5

6  Attorneys for Plaintiff
   United States of America
7

8
                    IN THE UNITED STATES DISTRICT COURT
9
                        EASTERN DISTRICT OF CALIFORNIA
10

11 | UNITED STATES OF AMERICA,              | CASE NO. 1:13-CR-00409 AWI
12 |                        Plaintiff,       | OPPOSITION TO APPEAL FROM DETENTION ORDER
13 |              v.                         |
14 | ADAM ALAN HENRY,                        | DATE: February 3, 2014
   |                                         | TIME: 10:00 a.m.
15 |                        Defendants.      | COURT: Hon. Anthony W. Ishii

16

17     The defendant has appealed from a magistrate's decision on November 22, 2013, ordering the
18 defendant detained as both a risk of flight and a danger to the community. Docket Item 22. The
19 magistrate found that there were no conditions that could minimize the defendant's danger to the
20 community and the risk that he would flee. The magistrate rejected the idea that even release on the
21 most restrictive conditions, including home incarceration with electronic monitoring, would be
22 appropriate in this case.
23     The government opposes the defendant's appeal, because it is not timely. Local rule 430.1(j)
24 provides that an appeal from a magistrate judge's decision be taken within fourteen days. The decision
25 from which the defendant is appealing in this case was made on November 22, 2013, so the time for an
26 appeal has long since passed.
27     If the district court decides to entertain the defendant's appeal, the government opposes it,
28 because he should continue to be detained as both a risk of flight and a danger to the community. There

OPPOSITION TO APPEAL FROM                1
DETENTION ORDER

1  are no changed circumstances since the defendant's prior request for release from a different judge,
2  except that the government has uncovered additional evidence of the defendant's sexual interest in
3  minors and his surreptitious photography.  The defendant has suggested that he can reside at his
4  mother's residence in Fresno and that, because he would not have any access to computers, the internet,
5  or minors, he would not present any significant risk to the community.  This argument has previously
6  been made and rejected.   For reasons discussed below, it should be rejected again.

7      Although there is a Pretrial Services report that outlined conditions that could be imposed in this
8  case, that report was prepared prior to an indictment being returned and filed.  And while there was a
9  criminal complaint pending against the defendant (which contains an affidavit that provides some
10 insight into some of the defendant's charged offense conduct), it did not allege that he had sexually
11 exploited a minor or attempted to do so; the complaint alleged (only) that the defendant received or
12 distributed child pornography.  The indictment has retained the charge from the complaint, but it also
13 contains a more serious allegation: the defendant is accused of attempting to or actually coercing,
14 inducing, enticing, or otherwise using a minor to engage in sexually explicit conduct for the purpose of
15 producing a visual depiction of the minor.   Equally as important, the Pretrial Services report did not
16 attempt to consider or evaluate the nature and circumstances of the charge in the complaint or the
17 allegations in the indictment.  Thus, the fact that a Pretrial Services report prepared in November 2013
18 suggested that conditions could be set to ensure the safety of the community is due minimal
19 consideration when understood in its proper context.

20     There is a statutory presumption that the defendant is both a flight risk and a danger to the
21 community based upon the charges in the indictment.  18 U.S.C. §  3142(e)(3)(E).  The defendant has
22 not, nor can he rebut the presumption that he should remain detained.  The court should note that the
23 defendant has been married to a Canadian citizen, and she is facing charges in Stanislaus County.  She is
24 not a United States citizen, so her immigration status in the United States is jeopardized by her pending
25 prosecution.  Prior to charges being filed against them, the defendant and his wife visited her parents in
26 Toronto, Ontario, Canada, and the defendant still has a valid United States passport.  Also, the Pretrial
27 Services agency in the Eastern District of California has discontinued the use of GPS monitoring, so if
28 the defendant decided to flee, there would be no efficient way by which his location could be tracked.

OPPOSITION TO APPEAL FROM
DETENTION ORDER

2

Nor could his movements between his residence and any approved visit to his attorney, the court, or other appointment such as for medical or religious reasons, be verified.

The government is submitting for the court's consideration a series of three exhibits that prove by clear and convincing evidence that the defendant is dangerous, and he presents risks that even the most restrictive conditions available would not ensure the safety of the community. The government is not filing them electronically given their explicit nature and that they depict victims who did not consent to having their images recorded by still or video cameras.

The first series (Exhibit 1) was presented to a magistrate judge and prompted a response, from the defendant, that they did not show that he had any involvement in surreptitiously recording visual depictions of a minor female changing clothes in the bedroom shared by the defendant and his wife. The government noted that all of the images were recovered on the defendant's computer in a password-protected area. The government also pointed out that the defendant had, for many years, engaged in similar surreptitious recordings of other adults and minors.

The second series (Exhibit 2) was prepared to demonstrate the defendant's lengthy interest in child pornography and in secretly creating videos of minors and adults using bathrooms and engaging in other normally private conduct. The first page has an investigative summary of some of a detective's review of some of the evidence in this case. It is apparent that the defendant has violated not only the privacy of numerous people over the years but also their trust. Specifically, the defendant recorded videos of relatives, the children of friends and/or neighbors, and ex-girlfriends without their knowledge or permission. The file structure shown on page seven gives insight into the volume of the defendant's activities as well as his methodical and deliberate actions. The defendant began recording and storing images of people close to him no later than in 2008. It shows that he has violated the trust of those closest to him, and he is not worthy of the court placing its trust in him.

Notably, the majority of the child pornography that the defendant accessed through peer-to-peer file-sharing was obtained through his employer's internet connection and computer network. The defendant was the information technology director for his employer, and he has a sophisticated understanding of electronics, computers, computer networks, the internet, and software. This would make supervising him on any type of pretrial release exceedingly challenging. And it's certainly

1  possible that the defendant used his employer's computer network to access child pornography because
2  he believed that his chances of being detected and held accountable for it were lower than if he engaged
3  at the same activity with his home computer.  No doubt, however, he violated the trust that his
4  employers (family relatives), placed in him.  This is highlighted by the employer initially stating a
5  willingness to step forward in support of the defendant's release from custody only to retreat from that
6  offer once learning of the defendant's conduct (as articulated in the criminal complaint).  See Pretrial
7  Services Report at 2.

8       The third series was prepared as part of the ongoing investigation of the defendant and focuses
9  on evidence recovered from a phone that the defendant had been using.  This material underscores the
10 defendant's dangerousness, because it confirms that he has been taking surreptitious images of females
11 in public for several years.  And more recently he was sharing those images with his wife and
12 commenting about them.  Some of the photos were taken near where the defendant worked (for
13 example, see page six).  One discussion, between the defendant's wife and a minor female, in June 2012,
14 centered on the attempt of the defendant and his wife to have the minor female sleep at their residence
15 three nights each week during the summer.  Ultimately the defendant and his wife succeeded in creating
16 a video recording of the minor female changing clothes, at the defendant's wife direction, in the
17 bedroom shared by the defendant and his wife.  The defendant then created still images from the video
18 and, as he did with other videos produced of minors using his bathroom, he isolated the images showing
19 their nude fronts.  All of this material on the defendant's computer was found in the password-protected
20 section that he controlled.

21      When the court considers all of the factors at 18 U.S.C. § 3142 (g), it should conclude that the
22 defendant has not rebutted the presumption that he is a danger to the community and a risk of flight.
23 The defendant is accused of crimes of violence, there are minor victims involved, the weight of the
24 evidence is significant, and his family ties, lack of employment, financial resources, and his character,
25 physical, and mental condition all weigh in favor of his continued detention.  Although the defendant
26 had been on pretrial release for a state charge, the consequences for that offense were relatively
27 insignificant.  In light of the defendant's long-standing sexual interest in children, his sophisticated
28 technological abilities, his ability to manipulate people, and his willingness to abuse the trust that people

1  have placed in him, there are no conditions, even the most restrictive set, that could reasonably assure
2  his future court appearances, and more importantly, the safety of the community.  Thus, his request for
3  release should be denied.

5  Dated:  January 31, 2014                                    BENJAMIN B. WAGNER
                                                               United States Attorney

7                                                        By:   /s/ DAVID L. GAPPA
                                                               DAVID L. GAPPA
8                                                              Assistant United States Attorney