**ANTHONY P. CAPOZZI, CSBN: 068525**
**LAW OFFICES OF ANTHONY P. CAPOZZI**
1233 W. SHAW AVE., SUITE 102
FRESNO, CALIFORNIA 93711
PHONE: (559) 221-0200
FAX: (559) 221-7997
EMAIL: Anthony@capozzilawoffices.com
www.capozzilawoffices.com

ATTORNEY FOR Claimants,
ADAM ALAN HENRY

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF CALIFORNIA
* * * * * *

| UNITED STATES OF AMERICA, | Case No.: 1:13-CR-00409 AWI |
|---|---|
| Plaintiff, | DEFENDANT, ADAM HENRY'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR RELEASE; DECLARATION OF ANTHONY P. CAPOZZI |
| v. | |
| ADAM ALAN HENRY, | Date: **July 2, 2014**<br>Time: **1:30 p.m.**<br>**Hon. Sheila K. Oberto** |
| Defendant. | |

**TO:   THE HONORABLE JUDGE SHEILA K. OBERTO, AND TO UNITED STATES ATTORNEY BENJAMIN WAGNER AND HIS REPRESENTATIVE, ASSISTANT UNITED STATES ATTORNEY DAVID GAPPA:**

Defendant, ADAM HENRY, by and through his attorney, Anthony P. Capozzi respectfully requests that he be released pending the resolution of this case.

On November 13, 2013, defendant, ADAM HENRY initially appeared in the Eastern District of California, Fresno on the complaint filed, November 8, 2013, charging the Defendant with violations of 18 U.S.C. § 2251(a) and (e) – Sexual Exploitation of a Minor, Conspiracy and Attempt.

The Detention Hearing held on November 15, 2013, was continued to November 18, 2013, pending completion of the pretrial services report. A second Detention Hearing was held

on and argued on November 18, 2013, and continued to November 22, 2013. On November 22, 2013, the Defendant was ordered detained finding that by clear and convincing evidence no condition or combination of conditions will reasonably assure the safety of any other person and the community.

Due to changed circumstances, the Defendant moves for his release. The Defendant's aunt and uncle Louise and Gary Reed will offer the equity in their home of $120,000, located at 2375 El Capitan Drive, Turlock, CA 95380.

## PROCEDURAL BACKGROUND

A. The Indictment

The defendant is charged in Count 1 Sexual Exploitation of a Minor, Conspiracy and Attempt, in violation of 18 U.S.C. § 2251(a) and (e); Count 2 – Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2); and Criminal Forfeiture, 18 U.S.C. § 2253. The indictment was filed on November 21, 2013.

B. The Detention Hearing

At the Detention Hearing on November 22, 2013, the Defendant was represented by a Federal appointed attorney and not his current counsel. It was recommended by Pretrial Services that the Defendant be released. The Defendant's passport was to be surrendered to the Court. The Court ordered the Defendant detained citing the seriousness of the crimes charged and safety of other persons and the community. The Detention Order states that "no condition or combination of conditions will reasonably assure the safety of any other person and the community."

## ARGUMENT

A. Standard of Review

The district court may review the release order of a magistrate judge upon the filing of a

motion for review of the detention order if there has been a change in circumstances or conditions of the release. 18 U.S.C. § 3145(a). The district court reviews the magistrate judge's order de novo under 18 U.S.C. § 3145. *United States v. Koenig*, 912 F.2d 1190, 1191-93 (9th Cir. 1990). In *Koenig*, which dealt with the review of a magistrate's detention order under section 3145, the Ninth Circuit joined other circuits in holding that "the district court's review of a magistrate's detention order is to be conducted without deference to the magistrate's factual findings." *Id*. at 1192.

B.  The Bail Reform Act

The detention and release of a defendant is governed by the Bail Reform Act of 1984. 18 U.S.C. § 3141, et seq. The government bears the burden of proving by a preponderance of the evidence that the defendant is a flight risk. *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985). Federal law has traditionally provided that any person arrested for a non-capital offense shall be admitted to bail. *Stack v. Boyle*, 341 U.S. 1 (1951); *United States v. Honeyman*, 470 F.2d 473, 474 (9th Cir. 1972). The Eighth Amendment of the Constitution underscores the importance of bail by commanding that it shall not be excessive.

In ascertaining whether to detain or release a defendant, a court must determine whether there is any condition or combination of conditions which will reasonably assure the defendant's appearance as required. 18 U.S.C. § 3142(f)(2). Section 3142(g) governs the factors which the court must consider in determining issues regarding release and detention. Section 3142(g) requires:

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning –

(1)  the nature and circumstances of the offense charged . . .;

(2)  the weight of the evidence against the person;

(3)  the history and characteristics of the person, including–

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

  (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

My Henry's circumstances have changed since his last appearance before this court. He has had an injury to his left knee which has worsened during his confinement and now will require surgery. The medical treatment has been woefully inept while incarcerated at the Lerdo Pre-Trial Facility. (Exhibit A, Declaration of Anthony P. Capozzi) Attached to the Declaration of Anthony P. Capozzi are the emails from Mr. Henry's mother, Robin Martin, who is in constant communication with Mr. Henry.

On May 23, 2014, Robin Martin writes that the Defendant has gone for two weeks without medication. He has repeatedly asked for an orthopedic specialist to examine his leg to no avail. Obtaining medical records from the Lerdo Facility has been a nightmare, no one at the facility was willing to take the responsibility to supply the records.

On June 16, 2014, Robin Martin writes "he is deteriorating, the neuropathy has returned and is spreading. Periodic bruising is appearing from deep in the leg around the metal that he already has in his leg."

On June 18, 2014, Robin Martin describes the attempt to take Mr. Henry to an orthopedic surgeon. He was taken from the Lerdo Facility for an entire day without ever seeing an orthopedic doctor.

1          On June 21, 2014, Robin Martin describes the scale of pain being an 8-9 on a scale of 1-10.

2          On June 29, 2014, Robin Martin stated that his health is continuing to deteriorate.

3          A picture of the Defendant, Adam Henry, taken on or about August 10, 2013, is attached to this attorney's declaration for the court to compare to the Defendant's physical presence when he appears for this hearing. The court will note the severe loss of weight during the Defendant's incarceration.

          It is requested that the Defendant be released to the third party custody of his mother, Robin Martin, who lives in rural Fresno County, which does not have accessible public transportation. Ms. Martin is a law school graduate of San Joaquin College of Law. Computers or access to computers will not be present in the home.  Further, Louise and Gary Reed, Mr. Henry's aunt and uncle and employer, who resides in Turlock, California, would assist Ms. Martin in any manner needed to insure the Defendant's presence in court.  Further, the Reeds' are willing to post the remaining equity in their home of $120,000 for the Defendant's release.

          Robin Martin lives alone in rural Fresno County and would insure Mr. Henry's presence and that he would not be a threat to anyone.  Mr. Henry's continuous and painful problems with his leg must be attended to. Mr. Henry's employer has kept him on the company's health insurance plan to enable him to have the needed medical care required.

          Mr. Henry will not be in the presence of any children, at any time without adult supervision.

          The Defendant does not and will not present a danger to the community with Robin Martin acting as his third party custodian. It is respectfully requested that Mr. Henry be released to the custody of his mother, Robin Martin.

## **CONCLUSION**

          For the foregoing reasons, it is respectfully requested that the Order of Detention imposed against ADAM ALAN HENRY be vacated and the defendant be released upon terms

and conditions set by this court.

                                            Respectfully submitted,

DATED:     June 30, 2014       By:  */s/ Anthony P. Capozzi*
                                                    ANTHONY P. CAPOZZI
                                                    Attorney for Defendant ADAM ALAN HENRY