BENJAMIN B. WAGNER
United States Attorney
MICHAEL G. TIERNEY
DANIEL J. GRIFFIN
Assistant United States Attorneys
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>ADAM HENRY,<br><br>                Defendant. | CASE NO. 1:13-CR-00409 AWI-BAM<br><br>OPPOSITION TO DEFENDANT'S REQUEST FOR BAIL REVIEW<br><br>DATE: September 28, 2015<br>TIME: 1:30 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

### I.     Introduction

Defendant Adam Henry has previously contested his pretrial detention four times. At the end of each of these challenges, four judges of this Court—three different Magistrate Judges, as well as a Senior District Judge—found by clear and convincing evidence that he is a danger to the community. These determinations were arrived at after considering evidence that defendant 1) had a long history of surreptitiously filming visitors to his home while they were undressed ; 2) collected child pornography; and 3) expressed attraction to teenaged girls.

Defendant now challenges his detention for a fourth time, but offers no information that was previously unknown to him or that has a material bearing on the issue of detention. His request for bail review should be denied.

OPPOSITION TO REQUEST FOR BAIL REVIEW      1

II.   **Background**

Defendant's first detention hearing was on November 22, 2013, before Judge Austin. Dkt. 11. Judge Austin ruled that the defendant was as a danger to the community, and ordered him detained. Dkt. 11, 12. On January 24, 2014, the defendant moved for reconsideration of the detention order. Dkt. 21. Defendant's motion for reconsideration noted that his wife had charged with similar crimes. Dkt. 21 at 2. He argued that his release was necessary in order to participate in ongoing child custody proceedings. Id. He suggested that his mother could serve as an adequate third-party custodian. Id.

The government filed an opposition to the motion for reconsideration on January 31, 2014. Dkt. 22. The government noted that the defendant's proposal of his mother as a third-party custodian had been rejected by Judge Austin. Id. at 2. The government also provided three exhibits supporting its arguments that defendant was a danger to the community and a flight risk.[1] As the government noted, Government Exhibits 1 and 2 presented evidence that the defendant had set up and maintained surreptitious videocameras in various residences since approximately 2008 that captured adults and children while they were nude. Dkt. 22 at 3. They also showed that the defendant saved these videos on a password-protected computer.

Regarding child pornography, the exhibits demonstrated that child-pornography images appeared in the defendant's computers as far back as 2007. Gov. Ex. 2. The government also noted that the defendant was very skilled with computers and the internet, having served as the information technology director for his company. Dkt. 22 at 3.

The exhibits also revealed the defendant's sexual interest in teenaged girls. For example, Government Exhibit 3 contained a series of text messages from the defendant to his wife in which the defendant passed along photos and commentary of women at a baseball game. The defendant began the exchange by writing "everywhere I look there are tank tops. . . and tons of bare skin." The defendant continued by sending pictures and commentary regarding teenaged girls in the audience. And in June 2013, the defendant engaged in a conversation with his wife regarding plans to have victim A.S., a

---

[1] The government provided the exhibits in hard copy, not electronically, due to their explicit nature. Dkt. 22 at 3. The government is filing the same three exhibits under seal along with this document as Government Exhibits 1, 2, and 3. References to "Government Exhibits 1, 2, and 3" therefore refer to the same documents, provided at two separate times.

OPPOSITION TO REQUEST FOR BAIL REVIEW      2

fourteen year-old female, spend more time at their house. The defendant and his wife ultimately filmed A.S. nude on several occasions. Gov. Ex. 2; Dkt. 22 at 4.

Judge Ishii referred this second detention contest to Judge McAuliffe. Dkt. 23. After the referral, defendant filed a modified version of the January 2014 motion asking for release. Dkt. 24. This modified version again recited the custody proceedings, the wife's similar charges, and added that the defendant's aunt, Louise Reed, would assist in ensuring compliance with any conditions set by the Court. Dkt 24 at 2-3. On February 24, 2014, Judge McAuliffe heard the matter and ordered that the defendant remain detained as a flight risk. Dkt. 25.

On June 30, 2014, the defendant moved again for release (his third overall challenge to detention). Dkt. 32. The defendant noted that his aunt and uncle had offered $120,000 of equity in their house as a pledge for the defendant's compliance. Id. at 2, 5. The defendant again suggested his mother as a third-party custodian. Id. at 5. The defendant alleged poor medical treatment while in detention. Id. at 5.

On July 2, 2014, Judge Oberto heard the motion and ordered the defendant to remain detained as a flight risk. That same day, defendant moved for reconsideration in front of Judge Ishii. Dkt. 35. The reconsideration motion reiterated the grounds stated in the defendant's June 30 motion: his mother as custodian, the Reed house as equity, and medical issues, including a dramatic weight loss. Id. at 2-3. On July 7, 2014, Judge Ishii heard the motion for reconsideration and denied the defendant bail. Dkt. 36.

The defendant now presents his fifth challenge to pretrial detention. Dkt. 47.

III.   ARGUMENT

Title 18, United States Code, Section 3142(f) allows a limited opportunity to revisit the detention status of federal detainees. Detention hearings may be reopened only after a judicial officer finds that: 1) a movant has presented new information "not known to the movant at the time of the original hearing;" and 2) the information has a "material bearing" on whether conditions of release can be fashioned to protect the community and assure the defendant's future court appearances. 18 U.S.C. § 3142(f); United States v. Bowens, No. CR07 544 2PHX ROSECV, 2007 WL 2220501, at *1 (D. Ariz.

OPPOSITION TO REQUEST FOR BAIL REVIEW          3

July 31, 2007). These requirements are to be strictly construed, United States v. Bararia, No. 2:12-CR-00236-MMD, 2013 WL 1907782, at *4 (D. Nev. Mar. 12, 2013) (citations omitted). Strict construction forces the parties to bring all available evidence to the court as early as possible and promotes judicial efficiency. Bowens, 2007 WL 2220501, at *1-2, quoting United States v. Flores, 856 F. Supp. 1400, 1406 (E.D. Cal. 1994).

The majority of the defendant's fifth challenge restates issues already litigated. Defendant argues that he should be free in order to litigate his divorce and custody proceedings. Dkt. 47 at 2, 3-4. Defendant puts forth his mother as a custodian and the equity in his aunt and uncle's house. Dkt. 47 at 3-4. Defendant complains of medical problems and weight loss. Dkt. 47 at 3. Each of the above contentions has been considered and rejected. They are therefore not "new information" and cannot serve as the basis for bail review. United States v. Lane, No. CR 12-01419-001-PHX, 2013 WL 2390253, at *2 (D. Ariz. May 29, 2013). The Court should disregard defendant's attempts to raise and re-litigate these issues.

Defendant does attach two new exhibits to his motion. Exhibit B is a package of documents from the child custody action involving his child. Exhibit C is a defense psychologist's report. Neither offers information unknown to the defendant during the four previous proceedings. The custody documents (Defense Exhibit B) provide further support to the proposition that the defendant's wife played a role in videotaping victim A.S. However, Ms. Henry's role has been known from the beginning of the case, and is supported by the forensic evidence- pictures of Ms. Henry helping set up the videocamera in the spare bathroom appear in Government Exhibit 1 (along with pictures of the defendant doing the same thing), and text messages with the defendant about teenaged girls appear in Government Exhibit 3 (along with the defendant's return texts in the same conversations). Those exhibits were submitted in January 2014. Thus, the defendant and this Court have long been aware of evidence tying Ms. Henry to the charged crimes. Defense Exhibit B offers nothing new.

The only information that might possibly qualify as new is Defense Exhibit C, the defendant's denial of the charges, as given to a defense-retained psychologist, along with the psychologist's conclusions based on those statements. But this information is not actually new—defendant could have given his version of the facts at any time, including any of the four previous hearings. A defendant's

decision to present previously-known information through new witnesses does not satisfy Section 3142(f). See United States v. Martin, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015) (articulating standards of 3142(f)). Wading into the details of the defendant's statements now, on his fifth challenge to detention, would encourage defendants to withhold information until later-filed bail challenges. Section 3142(f) does not permit defendants to act this way.

Even if the Court were to consider the substance of Defense Exhibit C, it adds nothing material because it is based on information that is not credible. Courts may reject challenges to bail that are based on information that is not credible. United States v. Baucum, No. CR 01-474 PHX SRB, 2001 WL 1448604, at *3 (D. Ariz. Nov. 15, 2001) (denying bail review under § 3142(f) based on testimony of witness that contradicted independent evidence). Defendant's explanations for both his internet searches for child pornography and his efforts to create child pornography in his home are unconvincing.

Regarding the search for child pornography, defendant claims not to have understood what he was searching for. But defendant admitted that he used his work computer to perform the searches. Def. Ex. C at 3. He did this by inputting search terms into a peer-to-peer program called Shareaza, which he used for 15 years. Id. at 3-4. He admitted reviewing at least the titles of the results, and plugging those results into new searches. Id. at 3. Defendant's statement that he did not understand what he was searching for is not credible, and if anything, his strained explanation provides evidence that he is conscious of his wrongdoing. Beyond the basic incredibility of an IT manager with 15 years' experience working with a program failing to understand the meaning of a simple search string, the defendant's account is flatly contradicted by the forensic evidence. Among other terms, the defendant inputted the search terms "preteen," "underage," and "teen." Gov. Ex. 4. No one could misunderstand the import of these search terms, and the defendant surely did not. The defendant used these search terms because he wished to obtain child pornography, and he did so.

Additional forensic evidence of intent comes from the defendant's home computer system. The defendant did not simply search for videos at work and leave the resulting videos on the work computer. He took them home and saved them to a password-protected computer system. Gov. Ex. 5. They were then organized into folders, including a file called "Kid." Id. That folder contained child pornography. Id. The child pornography videos found on the home computer system had titles clearly indicative of

OPPOSITION TO REQUEST FOR BAIL REVIEW                          5

child pornography, e.g., "Pedo Mom Fucking Hot 3Yo Daughter Rim and Finger Job.mpg." Gov. Ex. 6. Thus, even a brief review of the titles (which review, as noted above, defendant admitted doing, see Def. Ex. C at 3) would have demonstrated that he was downloading and transferring child pornography. The defendant's statements, read in conjunction with the forensic evidence, demonstrate his intent: to search and find child pornography, and save it in a place that he could easily retrieve it.

The defendant blamed his wife for videotaping minor A.S., and disavowed any sexual interest in "children." Defense Exhibit C at 4. But this explanation ignores the independent evidence that the defendant was sexually interested in teens in general and interested in capturing nude images of A.S. in particular.[2] The defendant removed a curtain rod that obstructed the camera's view of the bathroom earlier on the same day that A.S. was filmed changing clothes in that bathroom. Gov. Ex. 1. The defendant carried on text conversations about how attractive teenagers were. Gov. Ex. 3. The exchanges included the defendant's wife sending him a picture of victim A.S.'s face and chest in which A.S. is wearing only a brassiere. Gov. Ex. 3 at 17. Moreover, victim A.S. reported to police that the defendant was "touchy" with her, that he rubbed her neck and tickled without her permission, and that these incidents increased over time. A.S. was uncomfortable around the defendant because of his uninvited touching. Gov. Ex. 7.

The defendant's current attempt to blame his wife flies in the face of his earlier statements that his wife had nothing to do with the crimes and that she had no access to the password-protected side of the computer system. Defendant made these denials both to law enforcement during his interview and, as reflected in the defendant's own Exhibit B (pg. 3), to social workers. The defendant was a fully knowing participant both in downloading and creating child pornography.

The defendant's self-serving statements to the defense psychologist should be disregarded in favor of the independent evidence. The defendant remains a danger to the community and the Court should continue its order of detention.

//

---

[2] Defense Exhibit C does not indicate what age the defendant was speaking about in his reference to "children;" it is perhaps conceivable that defendant was merely being misleading, and not untruthful, by failing to admit at least to his demonstrated lascivious interest in fourteen year old A.S. In any event, the evidence demonstrates his intent to capture nude images of A.S.

## IV.   CONCLUSION

The evidence continues to demonstrate that the defendant knowingly searched for child pornography, intentionally captured nude images of visitors to his home, including a fourteen year-old girl, and had an expressed sexual interest in teenage girls. The defendant offers no previously unknown or material evidence challenging this evidence. For the forgoing reasons, the defendant's request to review and alter his bail status should be denied.

Dated: September 23, 2015

BENJAMIN B. WAGNER
United States Attorney

By: /s/ MICHAEL G. TIERNEY
MICHAEL G. TIERNEY
DANIEL J. GRIFFIN
Assistant United States Attorneys