```
 1                  UNITED STATES DISTRICT COURT

 2                 EASTERN DISTRICT OF CALIFORNIA

 3                            --o0o--

 4   UNITED STATES OF AMERICA,     ) Case No. 1:13-cr-00409-AWI-BAM
                                   )
 5                Plaintiff,       ) Fresno, California
                                   ) Monday, October 5, 2015
 6        vs.                      ) 2:10 P.M.
                                   )
 7   ADAM ALAN HENRY,              ) Hearing re:  defendant's
                                   ) motion for bail review.
 8                Defendant.       )
     _____)
 9
                         TRANSCRIPT OF PROCEEDINGS
10            BEFORE THE HONORABLE BARBARA A. McAULIFFE
                  UNITED STATES MAGISTRATE JUDGE
11
     APPEARANCES:
12
     For Plaintiff:              MICHAEL G. TIERNEY
13                               DAN GRIFFIN
                                 U.S. Attorney's Office
14                               2500 Tulare Street, Suite 4401
                                 Fresno, CA   93721
15                               (559) 497-4000

16   For Defendant:              ANTHONY P. CAPOZZI
                                 Law Offices of Anthony Capozzi
17                               1233 W. Shaw Ave., Suite 103
                                 Fresno, CA   93711
18                               (559) 221-0200

19   Court Recorder:             OTILIA ROSALES
                                 U.S. District Court
20                               2500 Tulare Street, Suite 1501
                                 Fresno, CA   93721
21                               (559) 499-5928

22   Transcription Service:      Petrilla Reporting &
                                   Transcription
23                               5002 - 61st Street
                                 Sacramento, CA   95820
24                               (916) 455-3887

25   Proceedings recorded by electronic sound recording;
     transcript produced by transcription service.
```

1

<u>FRESNO, CALIFORNIA, MONDAY, OCTOBER 5, 2015, 2:10 P.M.</u>

THE COURT: Okay. The United States v. Adam Alan Henry, Case No. 13-409.

MR. TIERNEY: Good afternoon, Your Honor. Michael Tierney for the United States.

MR. CAPOZZI: And Your Honor, Tony Capozzi --

MR. TIERNEY: Along with Dan Griffin.

MR. CAPOZZI: -- I'm sorry. Tony Capozzi with Mr. Henry, who's present in custody.

THE COURT: Okay. Pull the microphone over so we make sure we get you on the record.

All right. We're here on a bail review for Mr. Henry. I've received and reviewed several documents, the defendant's original motion, including Exhibits A, B, and C and D. Exhibit B is the -- a report from the social worker Michael Blalock?

MR. CAPOZZI: Yes.

THE COURT: B-l-a-l-o-c-k. Exhibit C is the report from Harold Seymour, Ph.D. He's a psychologist. Exhibit D is the photo of Mr. Henry.

I've also reviewed the government's opposition which was filed before this hearing was continued to this date and it included Exhibit 1 through 7.

And then recently today I received a letter from

1   Louise and Gary Reed that I have reviewed.
2          And so this hearing was continued from September 28
3   to today because the defendant wished the Court to consider the
4   September 15th of 2015 report of Michael Blalock, the social
5   worker and I have looked at that.  And since this case is on
6   for a bail review, it is the defendant must show that there is
7   new information or information that was not known at the time
8   of the prior bail reviews, and I note that there were three
9   prior bail reviews.
10          So as I understand it, Mr. Capozzi, the new
11  information that you wish the Court to consider is that the
12  wife is filing for divorce and is seeking sole custody of their
13  minor child.  The wife has not been forthcoming in her role in
14  the child pornography.  She has not been -- she had charged her
15  prior spouse with something similar to this and he was
16  arrested, convicted and overturned.  And I think the
17  implication maybe you're asking me to at least recognize is
18  that that might be happening here as well.
19          Dr. Seymour's report, you wanted me to consider that
20  because it states that the defendant is not a pedofile.  And
21  then he also has -- defendant has some health issues.  There's
22  a new third-party custodian and so forth.
23          So I have looked at all of this and I've got to say
24  that -- I'll just be straight and to the point --
25          MR. CAPOZZI:  I know exactly what you're going to

1  say.
2              THE COURT:  Okay.  All right.  If you know what I'm
3  going to say, then I'll let you argue it.
4              MR. CAPOZZI:  Okay.  The point is, Your Honor, is
5  he's being held on the fact that he's a threat to the
6  community.  He's not being held on the fact that he's a flight
7  risk.  I may be -- I don't think I'm wrong on that.
8              THE COURT:  I don't know.
9              MR. GAPPA:  That's correct.
10             MR. CAPOZZI:  Okay.
11             THE COURT:  Just danger?
12             MR. GAPPA:  Yes, Your Honor.
13             MR. CAPOZZI:  And I think --
14             THE COURT:  So wait.  So there's a presumption in
15 this case and he rebutted the presumption on flight but not on
16 danger?
17             MR. CAPOZZI:  Right.
18             MR. GAPPA:  Yes, Your Honor.
19             THE COURT:  Okay.
20             MR. CAPOZZI:  I think these reports clearly reflect
21 that he's not a danger to the community.
22             And the other issue that I think is important is if
23 you look at the last exhibit to our motion, the picture of the
24 defendant --
25             THE COURT:  Exhibit D is the photo.

1    MR. CAPOZZI: -- he's 200 pounds plus. Today he's
2  down almost 100 pounds. He's had numerous medical issues in
3  the jail that have somewhat been taken care of, somewhat dealt
4  with, but he still has been suffering through that. But that's
5  minor in relation to our point.
6    THE COURT: Well you know, you're asking me to
7  release him based on medical conditions so I would need to know
8  what those are and why he's not -- and we can address because
9  there is medical care in the jail.
10    MR. CAPOZZI: Yes, there is. Somewhat.
11    THE COURT: Somewhat, yes.
12    MR. CAPOZZI: The main issue though -- that's not the
13  main issue. I just want to see -- let the Court know the
14  change in his weight loss.
15    I think the report of Dr. Seymour clearly shows that
16  he is not a threat to the community, especially with the
17  conditions that could be set up here. And he shouldn't -- the
18  presumption is he should be released on bail if there's
19  conditions that would protect society and protection that he
20  would not be a flight risk, which we all agree he's not.
21    But I think the conditions here clearly show, or
22  clearly can be shown that he will not be a threat to anybody.
23  We're asking that he be living with his mother, who is an
24  attorney, who lives out in the country, who has no contact with
25  anybody for miles and miles away. There's no school nearby.

5

1        It's public transportation.  He would not have any
2 access to a car.  He would hopefully wear an ankle bracelet.  I
3 just don't see where he would be a threat to anyone, especially
4 when you look at Dr. Seymour's report and it points out he's
5 not a pedofile, he's not out there chasing children, he's not
6 out there trying to molest anyone.
7        And then when you look at the report of Mr. -- Dr. --
8 I think it's -- I can't pronounce his name, but it's attached
9 to Blalock's last report where he does -- Trumpeter (phonetic),
10 Dr. Trumpeter.  He does a psychological report of the co-
11 defendant in this case.  She's an exhibitionist.  She's made
12 statements before about her prior husband who -- turned out not
13 to be true.  She's the one who's talked about the things that
14 are on -- the scenes that are on the videotapes.
15        THE COURT:  Is she a co-defendant?
16        MR. CAPOZZI:  Pardon me -- yes.
17        MR. GAPPA:  She's been charged by the state, Your
18 Honor.
19        MR. CAPOZZI:  Oh, I'm sorry.
20        THE COURT:  State.  Okay.
21        MR. CAPOZZI:  Not in this case.  She's a defendant
22 there.  I'm sorry.
23        THE COURT:  Okay.
24        MR. CAPOZZI:  Anyway, that case has just been
25 dragging out and nothing happening.  In the meantime she's

1  filed for divorce, she's lost the two children that she had
2  with her prior husband and now she's trying to get sole and
3  separate custody of their child.  The hearing is coming up at
4  the end of the month.  I want to have the defendant there for
5  that hearing and I think he should be able to go on his own
6  without the marshals taking him.  And to get an order from the
7  court to have him appear there is very difficult.
8              THE COURT:  Yes.
9              MR. CAPOZZI:  We've asked the attorney up there to
10 make a pitch for it, that hasn't been done.
11             But the point I want to make is that we need him out
12 so I can prepare this case with him, to go through the evidence
13 that the government has.  It's very difficult while he's
14 incarcerated.  But the point is, I just don't see how he's a
15 threat to the community or a danger to the community with the
16 conditions we're asking the Court to set up for him, and
17 especially in light of Dr. Trumpeter's report and Dr. Seymour's
18 report.  Thank you.
19             THE COURT:  All right.  Mr. Tierney.
20             MR. TIERNEY:  Well Your Honor, as you noted, several
21 judges of this court have found the defendant to be a danger to
22 the community based on pretty much exactly the same evidence
23 that we're asking the Court to consider again today and in the
24 face of the defendant's exact same contentions about who's
25 going to serve as his third-party custodian and living out in

1  the rural area and all those sorts of things.
2          So -- and again, you focused in on this right at the
3  beginning, what's new here.  Well the defendant offers several
4  new pieces of paper, but there's really not much new
5  information.
6          I think the defendant, if I'm hearing him right, what
7  he's placing his most emphasis on regarding the defendant's own
8  conduct is Dr. Seymour's evaluation.  But Dr. Seymour's
9  evaluation is only as good as the information that comes from
10 the defendant that goes into it.  And as we pointed out in our
11 papers in several places, the defendant put garbage in, and so
12 garbage is going to come out.
13         The defendant was materially untruthful in what he
14 told Dr. Seymour, both regarding his searches for child
15 pornography and his setting up of a hidden video camera in his
16 bathroom to videotape lots of people, but including the
17 specific teenage victim here in this case who I think I
18 referred to in the motion papers as AS.  Her actual initials
19 are AT.  But the defendant had a demonstrated interest in
20 underage teenage girls and in AT in particular.  That's shown
21 by independent forensic evidence that clearly contradicts what
22 the defendant told Dr. Seymour.
23         Because his information that he told Dr. Seymour is
24 untrue, Dr. Seymour's evaluation is really of no help here and
25 so we're back to the exact same evidence that several judges

8

```
 1   have confined him on.
 2           MR. CAPOZZI:  Could I respond?
 3           THE COURT:  Yeah.  Absolutely.
 4           MR. CAPOZZI:  If you look at the second page of Dr.
 5   Seymour's report --
 6           THE COURT:  Okay.  Just a moment.
 7           MR. CAPOZZI:  -- it is not based upon what the
 8   defendant said.  It's based upon the indictment, the Ceres
 9   Police Department interviews with the minors, with the
10   interview with Mr. Reed (phonetic) who's present here in court.
11   It has all the police reports from Ceres, the FBI investigation
12   reports; everything that we have was given to him, even what
13   was said at all the police reports that were derogatory.  And
14   even all of the pictures that the government has submitted
15   here.
16           What's different?  The Seymour report.  We never had
17   this before and as far as I can remember this has not been
18   submitted to the Court at all.
19           THE COURT:  No.  But the underlying factual
20   information that's contained in the report was always there.
21   The fact that it's been packaged differently and delivered to
22   the Court in the form of an expert, that might be new, but the
23   underlying information here is not.  And what I see that has
24   been presented is, to Dr. Seymour, it is but one expert's
25   opinion as to this gentleman's mental state and whether his
```

1  actions would produce harm in the community.  I'm sure the same
2  facts given to someone else we would come up with a different
3  conclusion.
4          MR. CAPOZZI:  Judge --
5          THE COURT:  Yes.
6          MR. CAPOZZI:  -- we don't have that.  We don't have
7  that.
8          THE COURT:  No.  But what you're asking me -- this is
9  a wonderful defense to the claims, right.
10         MR. CAPOZZI:  I understand.
11         THE COURT:  But for purposes of a bail review I can't
12 accept an expert's opinion that based upon what this gentleman
13 told him he's no longer a danger.  That doesn't present new
14 information.  It's just the same repackaged.
15         MR. CAPOZZI:  But doesn't the fact that he's living
16 with his mother with an ankle bracelet, confined to the home
17 protect society?
18         THE COURT:  No.
19         MR. CAPOZZI:  I think that -- that does not?
20         THE COURT:  No.  Because it's been presented before.
21 It has been presented and rejected before, and as I recall I
22 rejected -- I was one of the judges that rejected it and even
23 rejected his request to attend a hearing based upon the fact
24 that there are allegations that he was complicit in the
25 videotaping, not only the downloading and storing information

1 on the computers, but also complicit in the production of the
2 videotape that was in his room.  Whether the wife was engaged
3 in it or not, he was also involved in the process per the
4 allegations.  That to me is the sum and substance of the danger
5 here.
6       MR. CAPOZZI:  That's obviated if he's living with his
7 mother at home with his mother and no children are present.  I
8 don't know what else I can argue, but I submit it, Judge.
9 Thank you.
10       THE COURT:  Yeah.  All right.  Mr. Tierney, anything
11 further?
12       MR. TIERNEY:  No, Your Honor.
13       THE COURT:  All right.  He's going to stay detained.
14       THE CLERK:  Court is in recess.
15   (Whereupon the hearing in the above-entitled matter was
16 adjourned at 2:22 p.m.)
17       --o0o--
18       <u>CERTIFICATE</u>
19   I certify that the foregoing is a correct transcript from
20 the electronic sound recording of the proceedings in the above-
21 entitled matter.
22
23 <u>/s/ Jennifer Barris</u>        July 29, 2016
24 Jennifer Barris, Transcriber
25 AAERT CET*668