PHILLIP A. TALBERT
Acting United States Attorney
David L. Gappa
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:13-CR-00409-AWI |
| Plaintiff, | STIPULATION TO CONTINUE TRIAL AND MOTION HEARING DATE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |
| v. | |
| ADAM ALAN HENRY, | DATE: December 13, 2016 |
| Defendant. | TIME: 8:30 a.m. |
| | COURT: Hon. Anthony W. Ishii |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a motion hearing on December 13, 2016. The parties also previously agreed to a trial date of December 13, 2016.

2. By this stipulation, the parties have agreed to what they hope is a final continuance of the trial date to February 14, 2017, with a trial confirmation and motions hearing date of January 9, 2017. The parties also have agreed to exclude time under the Speedy Trial Act through the start of the trial on February 14, 2017, based on 18 U.S.C. § § 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i) and (iv).

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government was initially represented by undersigned government counsel, but he was away from his office on a different assignment from approximately January 2015

1

through October 2016.  Upon his return to the office, the case was reassigned to him because of a conflict that developed with Michael Tierney's availability for the currently scheduled trial. Undersigned counsel has diligent been preparing for the trial including by meeting with an investigator at the Ceres, California Department on October 27, 2016, with another meeting scheduled for November 7, 2016.  Undersigned counsel has been able to provide defense counsel with a replacement hard drive that contains a substantial amount of discovery.  Government counsel also anticipates being able to provide on November 7 new reports of forensic analysis of phones seized during the investigation of this case which were requested several months ago. Some delay is attributed to the relocation of one law enforcement investigator from the Ceres Police Department to the Mountain View Police Department as well as a different assignment for an investigator with the Ceres Police Department.

  b) Counsel for defendant will benefit from additional time to review the newly provided reports as well as to more thoroughly review evidence that already has been provided.

  c) There is also a pending criminal case against Angel Henry, defendant's wife, and they are also involved in a custody determination that is pending in state court.  Government counsel has made efforts to speak with relevant attorneys handling these cases, but these efforts have largely so far been unsuccessful.  There is a greater chance for clarity of Angel Henry's possible connection to this trial if its start is delayed to the proposed new date.

  d) The court previously was reluctant to schedule the trial for the week of December 13, 2016, out of a concern that it might not be possible to reach verdicts by the end of that week. The defense graciously has communicated to undersigned government counsel some of the parameters of a possible defense, and some initial discovery from the defense was provided on this date.  In light of this, the government no longer believes that the trial would likely be concluded within the currently allocated four court days.

  e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

et seq., within which trial must commence, the time period of December 13, 2016 to February 14, 2017, inclusive, is deemed excludable under 18 U.S.C. § § 3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 4, 2016         PHILLIP A. TALBERT
                                 Acting United States Attorney

                                 /s/ David L. Gappa
                                 David L. Gappa
                                 Assistant United States Attorney

Dated: November 4, 2016         /s/ Anthony P. Capozzi
                                 Anthony P. Capozzi
                                 Counsel for Defendant
                                 ADAM ALAN HENRY

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ADAM ALAN HENRY,<br><br>　　　　　　　　　Defendant. | CASE NO.  1:13-CR-00409-AWI<br><br>[PROPOSED] ORDER ON STIPULATION TO CONTINUE TRIAL AND MOTION HEARING DATE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |

**ORDER**

　　　IT IS HEREBY ORDERED that the hearing on motions and trial confirmation for this case be scheduled for January 9, 2017, at 10:00 am.

　　　IT IS FURTHER ORDERED that the trial in this case be scheduled to begin on February 14, 2017, at 8:30 a.m.

　　　IT IS FURTHER ORDERED that the time period of DEECEMBER 13, 2016, through December 13, 2016, inclusive, is deemed excludable under  18 U.S.C. § §  3161(h)(1)(D), (h)(7)(A), (h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

DATE:_____　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　Honorable Anthony W. Ishii
　　　　　　　　　　　　　　　　　　　　　　　　Senior United States District Judge