PHILLIP A. TALBERT
United States Attorney
DAVID GAPPA
ROSS PEARSON
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>      v.<br><br>ADAM ALAN HENRY,<br><br>                Defendant. | CASE NO. 1:13-CR-409-AWI<br><br>UNITED STATES' NOTICE OF INTENT TO OFFER 404(B) EVIDENCE<br><br>DATE: January 9, 2017<br>TIME: 10:00 a.m.<br>COURT: Hon. Anthony W. Ishii |

The United States of America, by and through Assistant United States Attorneys DAVID L. GAPPA and ROSS PEARSON, submits its notice of intent to offer evidence under Rule 404(b) of the Federal Rules of Evidence.

## I.    BACKGROUND

In November 2013, a grand jury charged Adam Henry in a two-count indictment with conspiracy or attempt to commit sexual exploitation of a minor, and receipt of a visual depiction of a minor engaged in sexually explicit conduct. Specifically, Henry conspired with his wife, Angele, to surreptitiously record a minor victim, A.T., while she changed clothes and went to the bathroom, and he stored on his computer the video and screenshots of A.T. changing clothes and going to the bathroom, along with numerous videos of child pornography.

Henry's recordings of A.T. were not his first surreptitious recordings. While examining Henry's computers and hard drives, law enforcement found dozens of recordings Henry made of unknowing guests by hiding cameras in his bathroom and bedroom. In one video, for example, Adam and Angele Henry take turns recording the other having sex with a blindfolded woman. While the sexual encounter appears to be consensual, it does not appear that the blindfolded woman knew she was being recorded.

Henry began to make these surreptitious recordings as early as 2008, before he met Angele, and he stored the videos on his computer, carefully organizing them in separate folders by the victim's name and even – in A.T.'s case – the victim's age at the time of the recording. Law enforcement spoke with some of the women on the videos, and while some said they consented to the recordings, others said they were unaware they were recorded and did not consent.

A.T. was not the only young victim of Henry's nonconsensual photos either. In August 2012, a few months before the recording was made, Henry went to a Stockton Ports baseball game. During the game, he began sending text messages to Angele bragging about the "t&a" he saw at the game: young girls wearing "tank tops" and "daisy duk[e]s" and showing "tons of bare skin." Henry included pictures of numerous girls, at one point commenting that one of the girls had "nice legs," and at another point apologizing to Angele "for bragging." The age of these girls is unknown, but they appear to be teenagers, and they do not appear to know Henry took their pictures.

## II.    DISCUSSION

The United States offers notice and moves to admit evidence of Henry's other acts under Rule 404(b) of the Federal Rules of Evidence. The other acts the United States seeks to offer under Rule 404(b) fit into three categories: (1) evidence that Henry surreptitiously recorded women on other occasions, particularly before he met Angele; (2) evidence that Henry photographed and discussed his sexual interest in young girls with Angele; and (3) evidence that Henry downloaded child pornography prior to the time frame alleged in the indictment.[1]

---

[1] The United States also plans to admit evidence that Adam and Angele Henry sent each other text messages and photos discussing A.T. These communications are part of the conspiracy – they show that Adam and Angele planned and conspired to groom A.T. so they could take sexually explicit pictures of her. The United States, therefore, does not believe this evidence is 404(b) extrinsic evidence, but rather intrinsic evidence that is inextricably intertwined in the offense and that is necessary to permit the United States to present a coherent and comprehensible story regarding the commission of the crime. See United States v. Anderson, 741 F.3d 938, 949 (9th Cir. 2013). While the United States does not

Under Rule 404(b), evidence of a defendant's other acts is not admissible to prove a person's character, but it may be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). 404(b) evidence may be admissible when it meets four criteria: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." United States v. Martin, 796 F.3d 1101, 1106 (9th Cir. 2015). If the evidence meets all four criteria, then the court must decide whether under Rule 403 its prejudicial impact substantially outweighs its probative value. Id. If not, the evidence is admissible.

Both categories of evidence the United States plans to offer pass this test. First, evidence that Henry surreptitiously recorded women on other occasions tends to prove a material point: that Henry knowingly conspired with Angele to record A.T. The fact that Henry has surreptitiously recorded other women in the past, and in particular before he met Angele, shows that Angele was not acting alone in recording A.T., a defense Henry has raised. Rather, the prior surreptitious recordings of other women show that Henry has a prurient interest in using hidden cameras to record women, and therefore they tend to prove that he conspired with Angele in this instance to record A.T. surreptitiously. These prior recordings are therefore admissible under 404(b) to show motive, knowledge, intent, planning, preparation, and lack of mistake. See United States v. Kapordelis, 569 F.3d 1291, 1313 (11th Cir. 2009) (upholding evidence of defendant's previous travels to Czech Republic to have sex with minor boys as proper 404(b) evidence in subsequent § 2251 case to prove "knowledge, identity or absence of mistake or accident"); United States v. Chea, 231 F.3d 531, 534–35 (9th Cir. 2000) (admitting evidence of prior, uncharged robberies committed in a similar manner to robbery for which defendant stood trial).

Henry's prior surreptitious recordings are not too remote in time either. Henry made all of these recordings within five years of the current offense, and the Ninth Circuit has allowed much more remote acts to be admitted under 404(b). E.g., United States v. Smith, 282 F.3d 758, 769 (9th Cir. 2002) (twelve-year-old act admissible).

---

believe this evidence falls within the scope of Rule 404(b), it nonetheless offers notice of its intent to use this evidence out of an abundance of caution.

GOVERNMENT NOTICE OF INTENT TO OFFER 404(B) EVIDENCE

3

The evidence that these prior acts occurred is sufficient, as well, because, after all, these prior acts were recorded and these recordings were found on Henry's computers and hard drives. See United States v. Hinton, 31 F.3d 817, 823 (9th Cir. 1994) ("low threshold" for this requirement also satisfied by uncorroborated testimony by victim that prior bad acts had occurred). And these prior recordings are similar to the charge against Henry, because both the prior act and the current charge involve using hidden cameras to record females without their consent and using hidden cameras.

Finally, the prejudicial effect of the prior recordings does not substantially outweigh their probative value. The evidence that Henry began surreptitiously recording women before he met Angele is highly probative to disprove his claims that Angele acted alone in recording A.T. And the prejudicial effect of this evidence is minimal – this evidence is prejudicial only to the extent that proves a material point. This level of prejudice does not substantially outweigh the probative value of the surreptitious recordings, and the Court can avoid any undue prejudice with a limiting instruction. See United States v. Basinger, 60 F.3d 1400, 1408 (9th Cir. 1995) (holding 404(b) evidence is admissible when it is only "prejudicial only to the extent that it tends to prove the fact justifying its admission, namely that [the defendant] had knowledge"). Therefore, the evidence that Henry surreptitiously recorded women in the past, especially before he met Angele, is admissible under 404(b).

Second, Henry's prior text messages about young girls are also admissible under 404(b), because they show Henry's prurient interest in young girls. The Ninth Circuit's decision in United States v. Curtin is instructive. In Curtin, the Ninth Circuit held that stories the defendant possessed on his phone about children having sex with adults were relevant to disprove his defense that he would never engage in sexual conduct with a minor. 489 F.3d 935, 949–50 (9th Cir. 2007). The Ninth Circuit noted that because the defendant raised a material issue as to his intent, this defense made the stories "all the more relevant" and "highly probative" because the defendant's intent was "at the core of the only material fact the defense sought to prove." Id. at 950.

The same principle applies here. Henry has made his interest in young girls an issue in this case by raising the defense that Angele alone surreptitiously recorded A.T. while she was changing clothes, and that he only downloaded child pornography at Angele's request. Text messages in which Henry comments about his interest in young girls – for instance his texts "bragging" about the "t&a" he saw at

the Stockton Ports baseball game – are therefore "highly probative" of his intent to conspire to surreptitiously record A.T. and to possess child pornography, because they show he has a prurient interest in young teenage girls, like A.T. Id. at 950; see also United States v. Sebolt, 460 F.3d 910, 916-17 (7th Cir. 2006) (holding prior instances of molestation admissible under Rule 404(b) to establish defendant's sexual interest in children in subsequent child pornography case).

These pictures and text messages meet the other prongs of the 404(b) analysis as well. They are not too remote in time, because they occurred either during the scope of the charged conspiracy or shortly after. They are supported by sufficient evidence, because they were found on Angele's cell phone. And they are similar in kind to the crime charged: Henry is charged, in part, with possessing sexually explicit pictures of young girls and conspiring with Angele to surreptitiously take photos of A.T., and his text messages discussed his sexual interest in young girls and the photos were taken surreptitiously.

Finally, the prejudicial effect of these photos and text messages does not substantially outweigh their probative value. As discussed, because Henry's defense makes his intent an issue, the photos and text messages are highly probative of his prurient interest in young girls. And as the Ninth Circuit has held in similar cases, this type of evidence is not unduly prejudicial where, as here, the defendant puts his mental state at issue. Basinger, 60 F.3d at 1408. Therefore, the text messages and photos Adam sent to Angele Henry about his interest in young girls are admissible under Rule 404(b).

Third, the child pornography Henry downloaded prior to the time frame alleged in the indictment is admissible under 404(b). Law enforcement found evidence that Henry downloaded child pornography as early as 2005. This evidence is admissible for the same reason the text messages and other surreptitious recordings are admissible: the fact that Henry downloaded child pornography before the time of the indictment shows he has a prurient interest in children, and therefore it tends to prove Henry intentionally downloaded child pornography during the time frame alleged in the indictment. These downloads occurred within three years of the time frame alleged in the indictment, and therefore they are not too remote in time. This evidence was found on Henry's computer, and therefore it is supported by the evidence. And this evidence is similar to – and, in fact, the same as – the acts for which Henry is charged: downloading child pornography. Finally, this evidence has high probative value because it

negates Henry's defense that he was only downloading child pornography for Angele, and therefore the prejudicial effect of this evidence does not outweigh its probative value. This evidence is therefore admissible under Rule 404(b).

### III.   CONCLUSION

For the reasons discussed, the United States offers notice and moves to admit evidence under Rule 404(b) that (1) Adam Henry surreptitiously recorded women on other occasions; (2) Adam Henry sent text messages and surreptitious photos about young girls to Angele Henry; and (3) Adam Henry downloaded child pornography prior to the time frame alleged in the indictment.

Dated:  December 23, 2016

PHILLIP A. TALBERT
United States Attorney

By:  /s/ DAVID GAPPA
DAVID GAPPA
Assistant United States Attorney