**ANTHONY P. CAPOZZI, CSBN: 068525**
**LAW OFFICES OF ANTHONY P. CAPOZZI**
1233 W. SHAW AVE., SUITE 102
FRESNO, CALIFORNIA 93711
PHONE: (559) 221-0200
FAX: (559) 221-7997
EMAIL: Anthony@capozzilawoffices.com
www.capozzilawoffices.com

ATTORNEY FOR Defendant,
ADAM ALAN HENRY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

\* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>      v.<br><br>ADAM ALAN HENRY,<br><br>                  Defendant. | Case No.: 1:13-CR-00409-AWI<br><br>**NOTICE PURSUANT TO RULE 16(b)(1)(C)(ii) OF THE FEDERAL RULES OF CRIMINAL PROCEDURE** |

**TO THE ABOVE-ENTITLED COURT AND THE UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF CALIFORNIA**:

Defendant, Adam Alan Henry, hereby gives Notice Pursuant to Rule 16(b)(1)(C)(ii) of the Federal Rules of Criminal Procedure which states:

   (C)   EXPERT WITNESSES –

      The Defendant must, at the Government's Request, give to the Government, a

      WRITTEN summary of any testimony that the Defendant intends to use under

      Rules 702, 703, or 705 of the Federal Rules of Evidence, as evidence at trial, if –

         (ii) The Defendant has given notice under Rule 12.2(b) of an intent to present

            expert testimony on the Defendant's mental condition.

   The summary must describe the witness' opinions, the basis and reasons for those

opinions, and the witness' qualifications. A copy of the witness' Curriculum Vitae is

attached hereto as Exhibit A.

Mr. Lawson will give expert opinion regarding any testimony presented at the jury trial in this case.

In *United States v. Staggs*, 553 F.2d 1073 (7th Cir. 1977), FBI agents approached the defendant, Louis Staggs, in his bedroom to arrest him for desertion from the Marine Corp. The FBI agent said that Staggs pointed a firearm at the agent when he entered the bedroom and said ". . . don't come into the bedroom or I'll shoot you."

Staggs was indicted for assaulting a federal officer. Staggs testified that he went into the bedroom to pick-up the gun, which was on the night stand by the bed, and turned, with the gun in his right hand, when he saw a shadow come into the doorway. He said he never pointed the gun at the Agent and never had any intention of pointing the gun at the Agent or threatening him. He picked up the gun because he was thinking of injuring himself so that he would not be taken back to the Marine Corp. Staggs was convicted and appealed alleging that the District Court committed reversible error in excluding expert testimony of a psychologist who examined Staggs.

The psychologist offered to testify that Staggs was more likely to hurt himself than to direct his aggression toward others. "That his impulsive acts are directed more inwardly than outwardly.... It's that kind of character structure that he has, a personality trait. The psychologist would have testified that his personality was more in line with his not being aggressive or wanting to injure somebody else but rather to have himself to be so - to be put in a condition which would allow him to get out of an unpleasant situation." *Id.* at 1075.

The District Court excluded this testimony.

The Appellate Court analyzed Rule 404(a) of the Federal Rules of Evidence stating in pertinent part:

> Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except. . . evidence or a pertinent trait of his character offered by an accused.

553 F.2d 1075. The Court found that the psychologist's testimony was evidence of a character

trait of the Defendant offered to prove that he acted in conformity with that trait in his encounter with the agent. This evidence would be admissible under Federal Rule of Evidence 404(b), if the character trait in question is "pertinent." *Staggs*, 553 F.2d at 1075. It is "pertinent" if its existence is relevant to the outcome of the case. *Id.*

The *Staggs* court then determined whether the psychologist's testimony would have had "any tendency to make the existence of any fact that is of consequence" to whether Staggs violated Title 18 U.S.C. § 111.  That is, whether it was "more probable or less probable than it would be without the evidence." *Staggs*, 553 F.2d at 1076.

The Court determined that 18 U.S.C. § 111 was a specific intent crime and that the government had to prove beyond a reasonable doubt that Staggs subjectively intended to put the FBI Agent in apprehension of bodily harm. *Staggs*, 553 F.2d at 1076.

The Appellate Court found that the psychologist's testimony was relevant and should have been admitted.

> The defendant's theory of the case was that he neither intended to threaten nor did threaten the agent. The psychologist's testimony that the defendant was a person more likely to want to harm himself than to think about directing his aggressions toward others made more probable the truth of defendant's assertion that he harbored no criminal intent during his encounter with the agent. The jury was entitled to an expert opinion of the defendant's psychological makeup in deciding whether to believe the defendant's story about what he was thinking when the agent entered the bedroom.

*Id.*  Similarly, in this case, the witnesses should be allowed to testify as to Mr. Henry's and Angele Henry's pertinent character or personality traits related to whether or not it was probable he or Angele would download child pornography, have any sexual interest in young girls or videotape young girls surreptitiously.

Respectfully submitted,

Date:   December 29, 2016     By:   */s/Anthony P. Capozzi*
                                     ANTHONY P. CAPOZZI
                                     Attorney for Defendant ADAM ALAN HENRY