PHILLIP A. TALBERT
United States Attorney
DAVID GAPPA
ROSS PEARSON
Assistant United States Attorneys
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:13-CR-00409 AWI-BAM |
|---|---|
| Plaintiff, | |
| v. | OPPOSITION TO MOTION TO DISMISS COUNT TWO OF THE SUPERSEDING INDICTMENT |
| ADAM ALAN HENRY, | |
| Defendant. | |

The defendant has filed a motion to dismiss the superseding indictment that was returned and filed on March 16, 2017.  The indictment alleges the same two statutory violations as the original indictment but the defendant has objected only to the second count.  The defendant has argued that the government cannot prosecute the defendant, as charged, because the crime in count two allegedly took place beginning in November 2005.  The defendant's argument is flawed, however, because although he correctly notes that the charged conduct would have been subject to a five-year statute of limitations in November 2005, that statute was eliminated on July 27, 2006.  The defendant has acknowledged that "Congress can extend the statute of limitations after an offense is committed . . .without violating the Ex Post Facto Clause, so long as it enacts the extension before the original limitations period has expired."  Had Congress not eliminated the statute of limitations for the conduct described in count two (which it

1

did in 18 U.S.C. § 3299), the statute of limitations would have expired in November 2010. But because there were more than four years before the expiration of the statute of limitations (which was then eliminated) expired, there is no Ex Post Facto prohibition against prosecuting him today for that conduct. *See Clements v. United States,* 266 F.2d 397, 399 (9th Cir. 1959); *see also Stronger v. California,* 539 U.S. 607, 617-19 (2003); *United States v. Leo Sure Chief,* 438 F.3d 920, 924-25 (9th Cir. 2006). Accordingly, the court should deny the defendant's motion to dismiss count two of the superseding indictment.

Dated:  May 5, 2017                                               PHILLIP A. TALBERT
                                                                  United States Attorney

                                                                  /s/ DAVID L. GAPPA
                                                                  DAVID L. GAPPA
                                                                  Assistant United States Attorney