PHILLIP A. TALBERT
United States Attorney
DAVID GAPPA
ROSS PEARSON
Assistant United States Attorneys
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>ADAM ALAN HENRY,<br><br>　　　　　　　Defendant. | CASE NO.  1:13-CR-00409 AWI-BAM<br><br>OPPOSITION TO DEFENDANT'S REQUEST FOR PERMISSION TO TAKE DEPOSITION OF A WITNESS OUTSIDE THE UNITED STATES |

　　　　The defendant has filed a motion for court permission to take the deposition of Adam Pearce, a potential trial witness who resides in Canada.  The defendant has referenced Federal Rule of Evidence 15 in his request, but he has not complied with the requirements of that rule.  The government urges the court to deny the defendant's request.

　　　　The court can only authorize taking the deposition of a witness outside of the United States after the court makes case-specific findings of all of the following:

　　　　(A) The witness's testimony could provide substantial proof of a material fact in a felony
　　　　　　prosecution;

　　　　(B) there is a substantial likelihood that the witness's attendance at trial cannot be obtained;

　　　　(C) the witness's presence for a deposition in the United States cannot be obtained;

　　　　(D) the defendant cannot be present because . . . secure transportation and continuing custody

1

cannot be assured at the witness's location.

The defendant has not complied with the requirements of Rule 15, so the court should not authorize the requested deposition. First, the defendant should be required to give a much more detailed proffer of what the expected witness testimony would be. The fact that Angele Henry had an interest in young children does not seem particularly relevant, nor is it something that would require a witness in Canada to establish. The government has not stated its intention to call Angele Henry as a witness, but an attempt to impeach her with testimony from Adam Pearce would not seem to be permitted by evidentiary rules in any event. Moreover, if Angele Henry (as defendant suggests) previously accused Pearce of having child pornography on his laptop computer, that should be documented somewhere, such as in a law enforcement report. That would be helpful to the court in assessing the defendant's proffer. But the relevance of any of that evidence is not at all apparent given that there is no suggestion in this case that Angele Henry has accused Adam Henry of having child pornography on his computers. A similar analysis can be applied to the suggestion that Angele Henry made false allegations (apparently generally) against Pearce, since the defendant has not pointed to any allegedly false accusations level against him.

Next, the defendant has failed to demonstrate that there is a substantial likelihood that Pearce's attendance at the trial cannot be obtained. He is not subject to the jurisdiction of this court, nor can he be compelled to participate in the proposed deposition. The defendant has not established that Pearce would be unable or unwilling to appear at a trial in Fresno, although the defendant has implied that Pearce is willing to provide information that is derogatory to his former wife.

The defendant also has not demonstrated that Pearce could not be deposed in the United States. Several cities, such as Buffalo, New York, are a short flight or approximately a two-hour drive from Toronto. Even if the defendant needed to be in Toronto for work and family reasons, there has been no showing that he could not also attend a deposition in the United States.

///

///

///

2

Unless the defendant complies with Rule 15, including giving a detailed proffer of the testimony that would be relevant and admissible at the trial, the court should not grant the defendant's request to depose the prospective witness in Canada.

Dated: May 5, 2017

          PHILLIP A. TALBERT
          United States Attorney

          /s/ DAVID L. GAPPA
          DAVID L. GAPPA
          Assistant United States Attorney