PHILLIP A. TALBERT
United States Attorney
DAVID GAPPA
ROSS PEARSON
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:13-CR-409-AWI |
|---|---|
| Plaintiff, | **GOVERNMENT MOTIONS IN LIMINE TO EXCLUDE PROPOSED EXPERT TESTIMONY** |
| v. | DATE: May 30, 2017 |
| ADAM ALAN HENRY, | TIME: 1:30 p.m. |
| Defendant. | COURT: Hon. Anthony W. Ishii |

The United States of America, by and through Assistant United States Attorneys DAVID GAPPA and ROSS PEARSON, moves to exclude testimony from defense psychological or psychiatric experts who have prepared reports, some for purposes of issues related to the defendant's custody status, and a proposed expert in computer forensics who has not prepared a report.

**I.  BACKGROUND**

The court will start a trial on June 14, 2017, based on a superseding indictment filed on March 16, 2017. The superseding indictment charges the same two statutory violations, with some changes, as an indictment filed on November 21, 2013. Count One alleges a conspiracy to sexually exploit a minor, in violation of 18 U.S.C. §§ 2251(a) and (e), on dates including May 2012 through September 19, 2013. Count Two alleges receipt and distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2), on dates including November 2005 through September 19, 2013. The court ruled on several pretrial motions on May 8, 2017, and gave the parties an opportunity to identify any additional issues in an effort

to make the trial more efficient. The parties have continued to exchange information and documents as part of this process.

## II.  MOTION TO EXCLUDE TESTIMONY FROM PROFFERED PSYCHOLOGICAL OR PSYCHIATRIC EXPERTS

The government has received in discovery reports from four different doctors with specialties in psychology or psychiatry. For different reasons, none of them should be permitted to testify about opinions expressed in their reports.

### A. RELEVANT RULES ON EXPERT TESTIMONY

Under Federal Rule of Evidence 702, experts may testify only if their knowledge and expertise "will help the trier of fact to understand the evidence or to determine a fact in issue. . . ." Fed. R. Evid. 702. Thus an expert must offer assistance on some matter which is beyond the understanding of the average juror. See United States v. Marsh, 26 F.3d 1496, 1503 and n.3 (9th Cir. 1994). Proposed expert testimony may be excluded if it does not assist the jury. Pool v. Dowdle, 834 F.2d 777, 780 (9th Cir. 1987); United States v. Amaral, 488 F.2d 1148, 1152-53 (9th Cir. 1973). To be admissible, expert testimony must have a valid connection to a pertinent inquiry at trial. Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 590-92 (1993). Moreover, even if relevant, expert testimony, like other evidence, may be excluded if it is likely to confuse the issues, mislead the jury, or waste time. Fed. R. Evid. 403; United States v. Hoac, 990 F.2d 1099, 1102-1103 (9th Cir. 1993).

#### 1. Exclusion of Testimony from Philip S. Trompetter

The defendant has provided a report dated May 31, 2014, related to Angele Henry. Dr. Philip S. Trompetter, a psychologist, appears to have prepared the report at the request of a Stanislaus County social worker as part of a then-ongoing child custody proceeding. The report states that Angele Henry described herself as an "exhibitionist" during an interview. The government has filed a separate motion to exclude testimony from Angele Henry, because it is likely that she would invoke her right not to incriminate herself and the government would not be able to fully cross-examine her about role in committing one of the crimes charged in this case. The Stanislaus County District Attorney's Office has filed criminal charges against her which are still pending, and they are related to facts relevant to this case. Moreover, she could

still be charged in a federal case. It seems unlikely that she would be willing to testify in light of her current and prospective exposure to criminal charges with a nexus to her statements and conduct.

The court should preclude any testimony from Dr. Trompetter, because it would unnecessarily waste time, cause confusion, and mislead the jury. Angele Henry is not charged in this case, and whether or not she is a self-proclaimed "exhibitionist" is not relevant to the issues of whether the defendant committed the crimes charged in the superseding indictment. It is unclear whether Trompetter actually diagnosed Ms. Henry with any paraphilia, but whether he did or did not would unnecessarily complicate the trial, because it would necessitate extensive cross-examination on issues not relevant to the decisions that the jury will need to make. If he gave an opinion on Mr. Henry's self-proclaimed exhibitionism, cross-examination would necessarily need to include testimony about Ms. Henry's prior sexual history, the relationship with her ex-husband in Canada, and the bases for any opinions by Trompetter who has conceded that "the reliability and validity of . . . all psychological evaluations, depends in large part upon the accuracy and completeness of the data." Trompetter spent less than 3 ½ hours examining Ms. Henry and reviewed a limited amount of material. Ms. Henry denied downloading child pornography and claimed to be repulsed by the idea of children being sexually exploited. So it would likely be confusing to the jury to listen to her testify about her alleged interest in engaging in sexual activity in front of or with adults in public many years ago. It would certainly not be relevant to any issue the jury would need to decide. Accordingly, the court should not allow Trompetter to testify.

**2. Exclusion of Testimony from Harold L. Seymour**

The defendant has provided a report dated August 19, 2015, that was prepared by Dr. Harold Seymour, a clinical and forensic psychologist. The report was prepared as part of an evaluation "to address the likelihood that Mr. Henry is a pedophile, as well as whether he currently presents a risk to the safety of the community." The court should preclude any testimony from Dr. Seymour, because it would unnecessarily waste time, cause confusion, and mislead the jury. Seymour's report was used in support of the defendant's several requests to be released from custody and as support for the argument that he would not be a danger to the community. At trial, the issues will be whether the defendant knowingly received (or distributed) child pornography and whether he conspired with his wife to sexually exploit a minor by creating visual depictions of the minor engaging in sexually explicit conduct. Pedophilia is now

GOVERNMENT MOTIONS IN LIMINE  3

termed pedophilic disorder in the Diagnostic and Statistical Manual of Mental Disorders (DSM). So, as an initial matter, there would be unnecessary time and attention spent on the significance of ruling out pedophilia (which was requested) rather than pedophilic disorder (which was not requested). But pedophilia is defined as a paraphilia involving intense and recurrent sexual urges toward and fantasies about prepubescent children that have either been acted upon or which cause the person with the attraction distress or interpersonal difficulty.

The victim who is depicted in images connected to count one was fourteen and fifteen years of age, so whether or not the defendant was classified as a pedophile is not relevant to his actions in creating surreptitious images of a post-pubescent female. Moreover, to his credit Seymour has conceded that "thousands of pornographic videos were obtained. Someone, either Mr. Henry or Angele, organized and filed the child pornography into discreet computer files. The existence of this organization rules out any possibility that this was a random collection of files." So Seymour readily acknowledges, as he must, that he does not know who downloaded, sorted, and viewed child pornography, but he also has stated that "Mr. Henry does not present with many of the characteristics seen in pedophiles." He also has stated that "[m]ost pedophiles who possess child pornography have a lot more than 140 videos," even though there is little or no foundation for this assertion. Moreover, the specific conclusion that Seymour provided in his report is "Rule out Pedophilia" which means that the defendant might meet the criteria for being a pedophile but more information is needed. Given the definitional issues of pedophilia, and the fact that the defendant need not be a pedophile to be guilty of the crimes charged, as well as the inconclusive nature of the statements in Seymour's report, the court should not permit him to testify at the trial.

**3. Exclusion of Testimony from Hy Malinek**

The defendant has provided a report dated January 26, 2017, that was prepared by Dr. Hy Malinek, a clinical and forensic psychologist. The report was prepared as part of an evaluation to determine whether "Mr. Henry meets the criteria for the diagnosis of Pedophilia or other Paraphilia (sexual deviation) and whether he is dangerous to the community at this time." The court should preclude any testimony from Dr. Malinek, because – much like the proposed testimony from Dr. Seymour – it would unnecessarily waste time, cause confusion, and mislead the jury. Malinek's report was prepared to support a request from the defendant that he should be released from custody and that he was not be a danger to the

community. At trial, the issues will be whether the defendant knowingly received (or distributed) child pornography and whether he conspired with his wife to sexually exploit a minor by creating visual depictions of the minor engaging in sexually explicit conduct. Although Malinek seems to be more precise in his use of language – attempting to rule out pedophilic disorder rather than pedophilia – his report has the same flaws as Seymour's report: both focus on issues that are not germane to those that the jury will need to decide and neither one claims to have sufficient facts to express an opinion that the defendant does not have a pedophilic disorder. Since the defendant need not be a pedophile – or have a pedophilic disorder – to be guilty of the crimes charged, as well as the inconclusive nature of the statements in Seymour's report, the court should not permit him to testify at the trial.

### III. EXCLUSION OF TESTIMONY FROM MARCUS LAWSON

The defense has retained Marcus Lawson to assist in the analysis of computers and digital evidence that were seized as part of the investigation of this case. The government has made multiple requests for any reports from Mr. Lawson, but none have been provided yet. The government did obtain, from a deputy district attorney, a report that Mr. Lawson prepared for the defense of the state charges that are pending against Angele Henry, and the government provided that to the defense. Since he has not provided any reports or a summary of proposed testimony, the court should not permit Mr. Lawson to testify at the trial.

Dated: May 18, 2017

PHILLIP A. TALBERT
United States Attorney

/s/ DAVID L. GAPPA
DAVID L. GAPPA
Assistant United States Attorney