**ANTHONY P. CAPOZZI, CSBN: 068525**
**LAW OFFICES OF ANTHONY P. CAPOZZI**
1233 W. SHAW AVE., SUITE 102
FRESNO, CALIFORNIA 93711
PHONE: (559) 221-0200
FAX: (559) 221-7997
EMAIL: Anthony@capozzilawoffices.com
www.capozzilawoffices.com

ATTORNEY FOR Defendant,
ADAM ALAN HENRY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

\* \* \* \* \* \*

| UNITED STATES OF AMERICA, | Case No.: 1:13-CR-00409 AWI-BAM |
|---|---|
| Plaintiff, | **REPLY TO GOVERNMENT'S OPPOSITION TO PROPOSED EXPERT TESTIMONY** |
| v. | |
| ADAM ALAN HENRY, | Date: May 30, 2017<br>Time: 1:30 p.m.<br>Court: 2<br>Hon. Anthony W. Ishii |
| Defendant. | |

**TO:   THE ABOVE ENTITLED COURT AND TO THE UNITED STATES ATTORNEY GENERAL FOR THE EASTERN DISTRICT OF CALFIORNIA:**

Defendant, ADAM HENRY, by and through his attorney, Anthony P. Capozzi, hereby responds to the Government's Motion to Exclude Expert Testimony:

Count 1 of the Superseding Indictment returned on March 16, 2017, alleges a conspiracy to sexually exploit a minor in violation of 18 U.S.C. § 2251(a) and (e) from May 2012 through September 19, 2013.

Count 2 alleges receipt and distribution of Child Pornography in violation of 18 U.S.C. § 2252(a)(2).

///

Rule 702 of the Federal Rules of Evidence states:

> **Rule 702. Testimony of Expert Witnesses**
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>     (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>     (b) the testimony is based on sufficient facts or data;
>     (c) the testimony is the product of reliable principles and methods; and
>     (d) the expert has reliably applied the principles and methods to the facts of the case.
> (Pub.L. 93-595, § 1, Jan. 2, 1975, 88 Stat. 1937; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 26, 2011, eff. Dec. 1, 2011.)

In *United States v. Romero,* 189 F.3d 576 (7th Cir. 1999) the prosecution witness testified regarding,

    1. Characteristics of "preferential" child molesters and the methods they used to attract and abuse children.

The testimony at trial dealt with child molesters in general, not from the specific facts of the case. The agent testified to the general traits usually exhibited by sex offenders.

The defense argued that this testimony invaded the province of the jury in that the testimony focused on the mental state of the defendant and it amounted to group character evidence which is not permitted under Rule 404(a) of the Federal Rules of Evidence.

The court denied the defense objections and allowed the testimony of the general traits of child molesters.

In *United States v. Betcher,* 534 F.3d 820 (8th Cir. 2008), a case involving a violation of 18 U.S.C. § 2251(a),(b), 18 U.S.C. § 2252(a)(2) and 18 U.S.C. § 2252(a)(4)(B) the defense objected to the testimony of an expert in child abuse regarding,

    1. age appropriate sexual behavior,

    2. delayed disclosure, and

    3. sexual abuse.

The court in referring to Rule 702 stated that in the context of child abuse cases, a qualified expert can inform the jury as to behavioral characteristics of sexually abused children in

general.

The court found the expert's testimony relevant because it educated the jury on issues necessary to their determination of the issues.

## HY MALINEK, PSY.D and HAROLD SEYMOUR, PH.D

Both experts, Dr. Hy Malinek and Dr. Harold Seymour, would testify as to the traits of one who collects child pornography and as to whether the Defendant displays those traits.

Accordingly, based on the cases cited herein, the testimony of Dr. Hy Malinek and Dr. Harold Seymour should be allowed.

## MARCUS LAWSON

Marcus Lawson has testified in a number of cases in the Eastern District of California as an expert. The defense has submitted Mr. Lawson's report to the Government that he prepared in *People v. Angele Henry,* case number 4004512, in the Superior Court of Stanislaus County.

Mr. Lawson would testify as to count one regarding the allegations therein. Mr. Lawson is also being utilized as an expert in preparing this case for trial and in the cross-examination of the Government's expert witnesses. He would only testify as to any rebuttal or clarification of the Government's experts.

## PHILIP S. TROMPETTER, PH.D, ABPP

Dr. Trompetter would only be called as a witness if Angele Henry were to testify to clarify her testimony or for impeachment.

Respectfully submitted,

DATED:       May 19, 2017       By:  */s/ Anthony P. Capozzi*
                                      ANTHONY P. CAPOZZI
                                      Attorney for Defendant ADAM ALAN HENRY