PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
ROSS PEARSON
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>ADAM ALAN HENRY,<br><br>　　　　　　Defendant. | CASE NO. 1:13-CR-409-AWI<br><br>GOVERNMENT BRIEF ON COUNT ONE OF THE SUPERSEDING INDICTMENT<br><br>DATE: June 26, 2017<br>TIME: 1:30 p.m.<br>COURT: Hon. Anthony W. Ishii |

　　　The United States of America, by and through Assistant United States Attorneys DAVID GAPPA and ROSS PEARSON, has outlined below some of the legal context surrounding count one of the superseding indictment. The court invited briefing on this charge after defense counsel misrepresented to the court that "the essence" of the government's case was a single video created by Angele Henry in the bedroom she shared with the defendant which allegedly merely showed the victim changing into a corset and "every time anything could possibly be seen, the back is turned toward the camera." Transcript of May 30, 2017, Motion Hearing (Transcript) at 38, lines 9-10. The defendant's theory also seems to be that he had nothing to do with the creation of that video. The defense conceded that it has not reviewed some of the discovery, specifically still and video images of a female victim created in the bathroom of the defendant's residence. When the court considers all of the evidence that supports count one, especially in its proper context, there is more than sufficient evidence for a jury to find the defendant guilty.

1. <u>The Defendant is Charged with Conspiracy to Sexually Exploit a Child</u>.

A grand jury returned a superseding indictment on March 16, 2017, that charges the defendant with conspiracy to sexually exploit a child on dates including at least between May 2012 and September 19, 2013, in violation of 18 U.S.C. § 2251(a) and (e). More specifically, the indictment alleges that the defendant conspired with at least one other person to employ, use, persuade, induce, entice, or coerce a minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of the conduct knowing or having reason to know that the visual depiction would be produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer.

Congress intentionally designed the statute that criminalizes the sexual exploitation of children to capture a very broad spectrum of offenses. Congress referenced at least six different types of conduct that can trigger criminal liability. The "use" element is satisfied if a minor is photographed in order to create images that depict sexually explicit conduct. *United States v. Wright*, 774 F.3d 1085 (6th Cir. 2014). Even a sleeping child can "engage in" sexually explicit conduct, for purposes of this statute, if another person employs, takes relevant action to have the minor involved in sexually explicit conduct. *United States v. Finley*, 726 F.3d 483 (3rd Cir. 2013).

Courts have recognized the expansive reach of the statute by, for example, holding that it can be violated even if an actual visual depiction of a minor engaging in sexually explicit conduct is not created from a defendant's actions as long as the defendant intended that result. *United States v. Gonyer*, 761 F.3d 157 (1st Cir. 2014). Similarly, the Ninth Circuit affirmed a defendant's conviction for violating 18 U.S.C. § 2251 after he took photographs of three teenage girls in various stages of nudity and mailed undeveloped, unprocessed film so images could be printed, even though the images were never developed. The court noted that the statute does not require the actual production of a visual depiction, but merely the enticement (or use) of a minor for the purpose of producing a visual depiction of sexually explicit conduct. *United States v. Smith*, 795 F.2d 841 (9th Cir. 1986); *see also United States v. Buculei*, 262 F.3d 322, 327-28 (4th Cir. 2001) (defendant who failed to record himself engaged in sexually explicit conduct with minor due to insufficient room on videotape still guilty of violating 18 U.S.C. § 2251(a)).

And Congress broadened the reach of the statute even further by criminalizing attempts and conspiracies and providing the same punishments for inchoate and completed offenses. A conspiracy is a kind of criminal partnership ─ an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed. It is not necessary to prove a formal or explicit agreement. *Ianelli v. United States*, 420 U.S. 770, 777 n.10 (1975); *United States v. Boone*, 951 F.2d 1526, 1543 (9th Cir. 1992). Actions, statements, and circumstances are sufficient. *Ianelli*, 420 U.S. at 777 n.10; *Boone*, 951 F.2d at 1543; *United States v. Penagos*, 823 F.2d 346, 348 (9th Cir. 1987). Notably, when – as in this case – the offense is charged as a conspiracy, the government is not required to prove an overt act. *Whitfield v. United States*, 543 U.S. 209, 213-14 (2005) (when Congress omits an explicit reference to an overt act in a conspiracy statute, it dispenses with that requirement). A defendant need not know every detail of the conspiracy; it is enough that a defendant intended to join the conspiracy, knowing of the essential nature of the scheme. *United States v. Medina*, 940 F.2d 1247, 1250 (9th Cir. 1991). Once a conspiracy exists, evidence establishing beyond a reasonable doubt a defendant's connection with the conspiracy is sufficient for conviction, even though the connection is slight. *United States v. Messer*, 197 F.3d 330, 341 (9th Cir. 1999); *United States v. Boone*, 951 F.2d 1526, 1543 (9th Cir. 1992); *United States v. Penagos*, 823 F.2d 346, 348 (9th Cir. 1987).

2. <u>Sexually Explicit Conduct Includes a Lascivious Exhibition of the Genitals or Pubic Area</u>.

Congress demonstrated the seriousness with which it has viewed the sexual exploitation of children by creating broad categories of material that qualify as sexually explicit conduct in 18 U.S.C. § 2256(2). These include actual or simulated sexual intercourse (including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex), bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any

GOVERNMENT BRIEF ON COUNT ONE OF THE SUPERSEDING INDICTMENT     3

person. Notably, neither 18 U.S.C. § 2251(a) nor 18 U.S.C. § 2256(2) references – or requires – nudity, and courts have recognized this. *See United States v. Helton,* 302 Fed. Appx. 842, 846-47 (10th Cir. 2008) (Section 2251 "does not specify the genitals or pubic area must be fully or partially uncovered in order to constitute an exhibition and, like our sister circuits, we decline to read such a requirement into the statute."); *see also United States v. Williams,* 444 F3d 1286, 1299 ("the pictures needn't always be 'dirty' or even nude depictions to qualify"); *United States v. Villard*, 885 F.2d 117, 122 (3rd. Cir. 1989); *United States v. Knox*, 32 F.3d 733 (3rd Cir. 1994).

Many courts have decided cases involving a lascivious exhibition of the genital or pubic area, and almost always courts have decided that whether an image fits within the broad parameters of the statute is an issue for the finder of fact. More often than not the fact finder is a jury. Relatively recently the Ninth Circuit reiterated that in "our circuit the trier of fact will often look to [the following] factors to determine whether a visual depiction of a minor constitutes a 'lascivious exhibition of the genitals or pubic area' in the particular case." *United States v. Overton,* 573 F.3d 679, 686 (9th Cir. 2009). These factors include:

(1) Whether the focal point of the depiction is the child's genital or pubic area;

(2) Whether the setting of the depiction is sexually suggestive, for instance, the setting is in a place or pose generally associated with sexual activity;

(3) Whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child;

(4) Whether the child is fully or partially clothed or is nude;

(5) Whether the depiction suggests sexual coyness or a willingness to engage in sexual activity;

(6) Whether the depiction is intended or designed to elicit a sexual response from the viewer.

United States v. Overton, 567 F.3d 1148, 1151 (9th Cir. 2009) (quoting United States v. Dost, 636 F.Supp. 828, 832 (S.D. Cal. 1986)).

The Ninth Circuit has made it clear that these factors operate as merely "a starting point" for determining whether a particular image is "so presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur." *Id., citing United States v. Hill,* 459 F.3d 966, 972 (9th Cir. 2006). A jury should not be forced to rely on these factors with precision to reach a mathematical result, or to weigh or count them, or to rely on them exclusively." *Overton,* at 687. "*Dost* itself encourages consideration of any other factors that may be relevant in a particular case." *Id.*

Additionally, whether a depiction is lewd or lascivious should be viewed from the perspective of the photographer, not from the perspective of the minor being photographed. An exhibition of the genitals or pubic area may encompass a visual depiction of a child's genital or pubic area even where those areas are covered by clothing. *United States v. Dost*, 636 F.Supp. 828, 832 (S.D. Cal. 1986); *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987). For example, the Eighth Circuit upheld a defendant's convictions, including for sexual exploitation of a child, by concluding that there was sufficient evidence for a jury to conclude that at least one photo was a "lascivious exhibition" of the genitals or pubic area when it showed a child sitting on a floor in a dress with her leg raised and her pubic area clearly visible through pantyhose. The child's pose was sexually suggestive and the defendant posted the photo on a newsgroup known to be used by people interested in viewing and trading child pornography. *United States v. Wallenfang*, 568 F.3d 649 (8th Cir. 2009).

And conduct that might be considered innocent by those engaging in it can be become sexually explicit based on the motive and intent of someone who surreptitiously creates recordings of the conduct. For example, in *United States v. Theis,* 853 F.3d 1178 (10th Cir. 2017), the defendant's convictions for attempted sexual exploitation of a child and his 292-month prison sentence were upheld despite his argument to the Tenth Circuit that there was no "causal relationship between" him and "the minor's sexually explicit conduct." The defendant had hidden cell phones to secretly record his girlfriend's eleven year-old daughter while she showered and used a toilet in a bathroom. He then

GOVERNMENT BRIEF ON COUNT ONE OF THE SUPERSEDING INDICTMENT      5

transferred the recordings to his computer and created still images, some of which focused on her genital and pubic area.  The court concluded that there was sufficient evidence to support his convictions even though he had secretly videotaped the victim while she performed activities over which the defendant had no control or influence.  *See also United States v. Helton,* 302 Fed. Appx. 842 (10th Cir. 2008) (conviction for 18 U.S.C. § 2251(a) upheld where defendant hid camera in a bathroom and focused the lens on the toilet.  The camera recorded a minor female sitting on the toilet for several minutes, then standing and pulling up her underwear); *United States v. Clark*, 468 Fed. Appx. 102 (3rd Cir. 2011) (convictions for 18 U.S.C. § 2251(a) and (e) upheld on appeal based upon defendant surreptitiously recording 14 year-old stepdaughter using a bathroom to undress and shower).

In this case the defense conceded that it had not yet reviewed images that the defendant had created while the 14 and 15 year-old female victim used the bathroom in the defendant's residence, but he also has suggested that this conduct would, at worst, constitute mere voyeurism.  Courts have rejected the defendant's view of the evidence.   In fact, the surreptitious nature of concealed recording equipment itself provides strong indicia that the defendant was acting with a lascivious intent, because this conduct permits access to imagery and behavior that a defendant would not ordinarily be able to obtain.  Here the defendant hid his cameras in a plant that hung above the shower in the bathroom and he and his wife made extensive efforts to obtain the best quality images of CV1 nude, showering, using the toilet, and changing clothes.

The government will present testimony from CV1 that the defendant and Angele Henry developed a friendship with the victim and often invited her to their house to, among other activities, socialize, babysit Angele's children, and use a hot tub.  The court has provisionally admitted text communications between the defendant and Angele Henry in which they discuss a plan to have the victim sunbathe topless at the Henry residence and spend as much time there as possible.  The victim will also testify that on more than one occasion the defendant touched her in a way that "weirded" her

GOVERNMENT BRIEF ON COUNT ONE OF THE SUPERSEDING INDICTMENT         6

out, which all but ruled out the possibility that the defendant himself would be able to obtain images of CV1 with her knowledge.  The court will also be able to see the timeline of how the defendant and Angele Henry took concerted action to create the best possible images of the victim using the bathroom.  Angele also encouraged the victim to undress in the bedroom that Angele and the defendant shared, and she secretly recorded the entire session and took steps to have the victim display as much nudity as possible.  Part of the scheme was to take still images of CV1 to distract her from thinking that other images might be made without her knowledge while at other times leaving the room to create a greater sense of privacy for CV1.   The defendant then transferred the secretly-recorded video to his computer and created still images from it just as he created still images from some of the videos of the victim using the bathroom.

Courts have found significant the creation of still images from video files when deciding whether a particular image is sexually explicit, and those decisions are relevant to this case even though the government need not prove that any particular image depicts a minor engaged in sexually explicit conduct.  For example, in *United States v. Horn,* 187 F.3d 781 (8th Cir. 1999), the defendant was convicted for possession of material involving the sexual exploitation of minors.  Two videos were at issue because the defendant had argued that they did not depict minors engaged in sexually explicit conduct.  One video showed children and adults on a topless beach and the other showed nude children playing on a jungle gym; in both the video created freeze frames of images of young girls at moments when their pubic areas were most exposed such as when they were doing cartwheels.  The court concluded that even though girls were wearing swimsuit bottoms, a reasonable jury could conclude that the exhibition of the pubic area was lascivious despite the minimal clothing because of the way in which the pictures were framed.  *Id*. at 790.  The court reasoned that the "lascivious exhibition" is not the work of the child, whose innocence is not in question, but of the producer or editor of the video and by "focusing the viewer's attention on the pubic area, freeze-framing can create an image intended to elicit

GOVERNMENT BRIEF ON COUNT ONE OF THE
SUPERSEDING INDICTMENT

7

a sexual response in the viewer." *Id.* Similarly, and more recently, as discussed above, the Tenth Circuit found significance in the defendant's creation of still images, some of which focused on the victim's genital or pubic area, from surreptitiously recorded videos of an eleven year-old girl using a shower and a toilet. *United States v. Theis,* 853 F.3d 1178 (10th Cir. 2017).

In *United States v. Johnson,* 639 F.3d 433 (8th Cir. 2011), the Eighth Circuit reinstated a jury verdict finding a weightlifting coach guilty of attempted sexual exploitation of children. During an 18-month period the defendant secretly created videos of two minor girls stripping naked and weighing themselves in an examination room at the sports medicine clinic that employed him. Some of the video clips showed the girls' pubic areas (but not genitals) as they stood on a scale and moved around the room.[1] The Eighth Circuit held that a "reasonable jury could draw a reasonable inference that Johnson intended the videos to be sexual in nature and to elicit a sexual response in the viewer," notwithstanding the lack of any overt sexual activity by the victims. *Id.* at 441. The appellate court noted that the district court's and the parties' emphasis on whether or not the videos themselves were actually lascivious was somewhat misplaced, because a "defendant's success in attaining his criminal objective is not necessary for an attempt conviction." *Id.* at 439. Here, too, the court will note that the defendant is charged with a conspiracy to sexually exploit a child, so even though the defendant arguably created images that should be considered sexually explicit, that is not a requirement. So, in analyzing the evidence, the court in *Johnson* found it significant that one of the "resulting videos captured a close up of the minor's left buttock, and it would have clearly met the first *Dost* factor if the minor would have merely turned around." And a reasonable jury could have concluded that because the video clips show the females generally from their shoulders to their calves, including their naked breasts in the frontal views, the defendant "attempted to obtain images portraying them as sexual objects". *Id.* at 440. A reasonable

---

[1] Just as the defendant in this case can be seen in some of the videos he created as he adjusts the cameras and checks the quality of the images he was creating, the defendant in *Johnson* had his face captured in one of his videos as he adjusted and positioned the camera. *Id.* at 436.

jury, the appellate court found, "could conclude that these videos of teenage minor females disrobing and weighing themselves in the nude cannot reasonably be compared to innocent family photos, clinical depictions, or works of art." *Id.* at 439.[2]

The Eleventh Circuit recently joined the Eighth, Ninth, and Tenth Circuits when it held that "a lascivious exhibition may be created by an individual who surreptitiously videos or photographs a minor and later captures or edits a depiction, even when the original depiction is one of an innocent child acting innocently." *United States vs. Holmes,* 814 F. 3d 1246 (11th Cir. 2016). The defendant had hidden video cameras in a bathroom used by his step-daughter during a period of approximately five months when she was 15-16 years old. The defendant captured the girl using the bathroom for her daily routine including singing, dancing, standing in front of a mirror, grooming, and applying creams or lotions to her body. Fifteen of twenty-three videos were recorded with a camera hidden somewhere above countertop level and captured the victim generally nude from the waist up. Eight of the videos were recorded with a camera hidden under the lip of the vanity countertop, and they showed the victim completely naked, fully or partially clothed, or wearing a towel or her underwear. The defendant then created twenty-six screen captures from certain sections of the video, and two of those depicted close up views of the victim's pubic area while the remaining still images depicted her naked breasts. A jury convicted the defendant for attempted sexual exploitation of a child based upon the two images that showed the victim's pubic area. The Eleventh Circuit held that "depictions of otherwise innocent conduct may in fact constitute a "lascivious exhibition of the genitals or pubic area" of a minor based on the actions of the individual creating the depiction." *Id.* at 1251-52. The court found the following factors significant: the defendant had placed the cameras in the bathroom where his stepdaughter was

---

[2] *See also United States v. Ward,* 686 F.3d 879, 882-84 (8th Cir. 2012) (reasonable jury could conclude that video taken with hidden camera depicting 12 year-old girl undress, step into and out of shower, and dry off constituted a lascivious exhibition of the pubic area.)

GOVERNMENT BRIEF ON COUNT ONE OF THE SUPERSEDING INDICTMENT                9

most likely to be videoed while nude; his extensive focus on videoing and capturing images of her pubic area; the angle of the camera set up; and his editing of the photos at issue. *Id*. at 11252.

Even more recently the Seventh Circuit has also concluded that images of minor females who were surreptitiously recorded using a bathroom can constitute sexually explicit conduct that supports convictions for sexual exploitation of children under 18 U.S.C. § 2251(a). The defendant in *United States v. Miller,* 829 F.3d 519 (7th Cir. 2016), cut a hole through the drywall from a basement utility room into a basement bathroom. He scraped off part of the backing of the mirror and lined it up with the hole in the wall and then installed a clear shower curtain. From July 2011 through May 2012 he then used his cell phone to take photos and videos of five different females, ages 12-16, undressing and/or showering in the basement bathroom. At trial the defendant argued that the images he created were not a "lascivious exhibition of the genitals" and were instead "mere nudity." The district court, which found the defendant guilty of all of the counts, noted the number of steps that Miller took before he could even create the videos. These actions led to only one reasonable inference: the defendant intended to view the minor teenage girls for his own sexual arousal. The district court also rejected an argument that it was necessary for the images to focus only on the pubic area. The Seventh Circuit upheld the convictions and agreed that the videos were lascivious because they depicted minors nude in the shower and sometimes undressing prior to entering the shower, since "showers and bathtubs are frequent hosts to fantasy sexual encounters as portrayed on television and in film." *Id.* at 525. The Seventh Circuit held that there is no requirement in the statute that the creator of a video zoom in on the pubic area or that it be the sole focus of the depiction. Subjective intent of the creator is a relevant, and often probative, consideration. The court noted that the steps the defendant took to surreptitiously record the videos undermined the inference that there was any legitimate purpose in creating them.

Here the defendant and Angele Henry took considerable steps to create the surreptitious videos of CV1 using their bathroom and undressing in their bedroom. They talked about their plan, they

GOVERNMENT BRIEF ON COUNT ONE OF THE
SUPERSEDING INDICTMENT                           10

exchanged text communications, and they are seen in several videos working in concert to hide cameras, test the quality of the images that were being created, and then adjusting the lighting for some recordings and removing a shower curtain that was obstructing their desired area of focus.  And once videos were recorded, they were transferred to a computer for viewing and creation of selected still images.  Significantly, the Seventh Circuit approved the admission at trial of the defendant engaged in sexual intercourse with adult females, a video of a nude adult females in the bathroom, and a video of the defendant masturbating while watching homemade pornography.  The Seventh Circuit found that these videos supported a finding that filming the minor females was done for the purpose of the defendant's sexual arousal.  *Id.* at 526.  *See also United States v. Raney*, 342 F.3d 551, 558 (7th Cir. 2003).  For the same reason in this case, the government has sought to introduce a limited amount of video and/or still images that show the defendant engaged in sexual activity with adult females as well as females who were recorded without their knowledge.  Not only does the evidence confirm that the defendant had a sexual interest in CV1, but it also refutes his arguments that he was not at all responsible for the creation of the surreptitiously recorded images of CV1.

## Conclusion

There is sufficient evidence for a jury to find the defendant guilty of the conduct charged in count one of the superseding indictment.

Dated:  June 14, 2017                                         PHILLIP A. TALBERT
                                                                             United States Attorney

                                                                      By:   /s/ DAVID L. GAPPA
                                                                             DAVID L. GAPPA
                                                                             Assistant United States Attorney