8.20 CONSPIRACY – ELEMENTS

The defendant is charged in Count One of the Superseding Indictment with conspiring to sexually exploit a minor, in violation of Section 2251(a) and (e) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about May 2012 and ending on or about September 19, 2013, there was an agreement between two or more persons to commit the crime of sexual exploitation of a minor as charged in the superseding indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it;

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy

1  if it was done for the purpose of carrying out the conspiracy. The government is not required to prove
2  that the defendant personally did any overt acts.
3
4  Ninth Circuit Model Instruction 8.20 (2010).