1  **ANTHONY P. CAPOZZI, CSBN: 068525**
   **LAW OFFICES OF ANTHONY P. CAPOZZI**
2  1233 W. SHAW AVE., SUITE 102
   FRESNO, CALIFORNIA 93711
3  PHONE: (559) 221-0200
   FAX: (559) 221-7997
4  EMAIL: Anthony@capozzilawoffices.com
   www.capozzilawoffices.com
5

6  ATTORNEY FOR Defendant,
   ADAM ALAN HENRY
7

8                    **UNITED STATES DISTRICT COURT**

9                    **EASTERN DISTRICT OF CALIFORNIA**

10                              * * * * * *

11  UNITED STATES OF AMERICA,          Case No.: 1:13-CR-00409 AWI-BAM

12              Plaintiff,
                                        **DEFENDANT'S RESPONSE TO**
13                                      **GOVERNMENT'S BREIF ON COUNT ONE**
                                        **OF THE SUPERSEDING INDICTMENT**
14          v.

15                                      **Date: June 26, 2017**
                                        **Time: 1:30 p.m.**
16  ADAM ALAN HENRY,                    **Court: 2**
                                        **Hon. Anthony W. Ishii**
17              Defendant.

18

19  **TO:    THE ABOVE ENTITLED COURT AND TO THE UNITED STATES**
           **ATTORNEY GENERAL FOR THE EASTERN DISTRICT OF CALFIORNIA:**
20

21          Defendant, ADAM HENRY, by and through his attorney, Anthony P. Capozzi, hereby

22  responds as follows to the Government's Brief on Count One of the Superseding Indictment.

23          Count One of the Superseding Indictment alleges a violation of 18 U.S.C. § 2251(a) and

24  (e) – Conspiracy to Sexually Exploit a Minor which reads as follows:

25  ///

26  ///

27  ///

28  ///

1

COUNT ONE: [18 U.S.C. §§ 2251(a) and (e)-Conspiracy to Sexually Exploit a Minor]

2

3

The Grand Jury charges: THAT

4

ADAM ALAN HENRY,

5

6

7

8

9

10

11

defendant herein, beginning on an unknown date no later than in approximately May 2012, and continuing through approximately September 19, 2013, in Stanislaus County, within the State and Eastern District of California, and elsewhere, knowingly conspired with others known and unknown to the grand jury to employ, use, persuade, induce, entice, or coerce **a minor to engage in any sexually explicit conduct** for the purpose of producing any visual depiction of such conduct knowing or having reason to know that the visual depiction would be produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Sections 2251(a) and (e). (emphasis added.)

12

13

The evidence the Government intends to introduce does not amount to a violation of Count One.

14

15

16

17

The essence of the Government's case is a video surreptitiously taken by Angele Henry of a minor in Angele Henry's bedroom.  Exhibit A, filed under seal, is a Compact Disk (CD) which includes the video from the bedroom and of two videos taken from a bathroom camera which was set up by both Defendant Adam Henry and Angele Henry.

18

19

20

The CD will establish Angele Henry setting up the camera on a counter in her bedroom and then having the minor enter and have her try on various pieces of clothing.  Nothing in this video constitutes "**using a minor to engage in any sexually explicit conduct.**"

21

22

23

The bathroom videos depict adults and the minor child, Angele Henry, Angele Henry's two children, and Mr. and Mrs. Todd, the parents of the minor child utilizing the bathroom. None of these videos amount to "**using a minor to engage in any sexually explicit conduct.**"

24

25

26

It is important to emphasize that the camera set-up in the bathroom was elevated and attached to a hanging plant above the shower/tub. It was not situated as to focus on the lower extremities of the body occurred in the cases cited by the Government.

27

18 U.S.C. § 2256 defines Sexual Exploitation and other Abuse of Children as follows:

28

///

For the purposes of this chapter [*18 USCS §§ 2251* et seq.], the term--

**(1)** "minor" means any person under the age of eighteen years;
**(2)** (A) Except as provided in subparagraph (B), "sexually explicit conduct" means actual or simulated--
    **(i)** sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex;
    **(ii)** bestiality;
    **(iii)** masturbation;
    **(iv)** sadistic or masochistic abuse; or
    **(v)** lascivious exhibition of the genitals or pubic area of any person;
**(B)** For purposes of subsection 8(B) of this section, "sexually explicit conduct" means--
    **(i)** graphic sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex, or lascivious simulated sexual intercourse where the genitals, breast, or pubic area of any person is exhibited;
    **(ii)** graphic or lascivious simulated;
        **(I)** bestiality;
        **(II)** masturbation; or
        **(III)** sadistic or masochistic abuse; or
    **(iii)** graphic or simulated lascivious exhibition of the genitals or pubic area of any person;

In *United States v. Overton,* 573 F.3d 679, 686 (9th Cir. 2009) the court stated as follows:

> [T]he trier of fact will often look to look to six factors to determine whether a visual depiction of a minor constitutes a "lascivious exhibition of the genitals or pubic area" in the particular case:
>
> 1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
> 2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
> 3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
> 4) whether the child is fully or partially clothed, or nude;
> 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
> 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.
>
> *United States v. Dost,* 636 F. Supp. 828, 832 (S.D.Cal. 1986), aff'd sub nom. *United States v. Wiegand,* 812 F.2d 1239 (9th Cir. 1987). The *Dost* factors, as they are commonly referred, are neither exclusive nor conclusive, but operate as merely "a starting point" for determining whether a particular image is "so

presented by the photographer as to arouse or satisfy the sexual cravings of a voyeur." *United States v. Hill,* 459 F.3d 966, 972 (9th Cir. 2006) (quoting *Wiegand,* 812 F.2d at 1244).

In *Overton,* the defendant took five (5) nude photographs of a minor and claimed that the photo **did not** depict "sexually explicit conduct" within the meaning of 18 U.S.C. § 2251. The district judge sitting without a jury reviewed the five (5) photos, all of which were nude photos of the minor, that the defendant shepherded the minor in taking the pictures throughout the house, the court concluded that three (3) portrayed "sexually explicit conduct" because they depicted the lascivious exhibition of the minor's genitals or pubic area.  The court supported its factual findings with detailed descriptions of each photograph with reference to the *Dost* factors as follows:

> Exhibit 6-2 depicts a lascivious exhibition of the genitals or pubic area of the victim. Although the child's genitals are not the focal point of the image and are partially covered, the child's genitals are visible. The child's breasts are also visible. The image is sexually suggestive because the child is sitting on a bed--a place generally associated with sexual activity. The image also suggests sexual coyness. The child is posed with her head down, hair hanging in her face, and her arms covering her breasts. The hair in the child's face and arms partially covering her breasts suggests sexual coyness or reluctance. The victim testified that Overton directed her regarding where to place her hands. Thus, the image's depiction of sexual coyness was intended and the image was likely designed to elicit a sexual response in the viewer.

> Exhibit 6-4 depicts a lascivious exhibition of the genitals or pubic area of the victim. The child is standing by a fireplace nude. She is facing the camera with her breasts fully exposed. The child's hands are covering part of her genitals. The child's breasts and genitals are the focal point of the image. Although only the lower portion of the child's face is visible, her hair is covering her face, suggesting sexual coyness. The image is likely to arouse or satisfy the sexual cravings of a voyeur.

> Exhibit 6-5 depicts a lascivious exhibition of the genitals or pubic area of the victim. The image is a close up, frontal view of the child's genitals and breasts, both of which are fully exposed. The child's genitals are in the center of the picture and are thus the focal point of the image. The image is sexually suggestive because the child is sitting with her legs spread apart--a pose generally associated with sexual activity. In light of the prominence of the child's genitals and her pose, the image was very likely intended to elicit a sexual response in the viewer.

*Overton,* 573 F.3d 687

1    The minor testified that Overton "told me what to do", "he made me pose" and he

2  would "tell me to move my hands in a certain way" so that "he could get a MI shot."

3    The court ultimately found that the homemade images of the minor were intended and

4  designed to elicit a sexual response. *Id.* at 689.

5    It is important to note of the five (5) nude pictures in the *Overton* case, three (3) were

6  found to portray "sexually explicit conduct."  In the present case, the minor was not shepherded

7  by Mr. Henry to pose in any nude pictures.  Nor are any of the depictions of the minor

8  portrayed as exhibited by the *Overton* Court displaying the genital or pubic area.

9    The Supreme Court has clearly established that not all images of nude children amount

10  to child pornography because "nudity", without more, is protected expression. *New York v.*

11  *Ferber,* 458 U.S. 747, 765 n. 18; 102 S. Ct. 3348; 73 L. Ed. 2d 1113 (1982); see also *Osborne*

12  *v. Ohio,* 495 U.S. 103, 112; 110 S. Ct. 1691; 109 L. Ed. 2d 98 (1990).

13    In *United States v. Hill,* 322 F. Supp. 2d 1081 (2004 Cent. Dt. of Calif.), affirmed 459

14  F.3d 766 (2006), the court stated that not all pictures of children are child pornography: Only

15  images containing "lascivious exhibition of the genitals or pubic area" qualify. Citing 18

16  U.S.C. § 2256(8)(B), 2256 (2)(B)(iii) and *Doe v. Chamberlin,* 299 F.3d 192, 196 (3rd Cir.

17  2002).

18    In *United States v. Steen,* 634 F.3d 822 (5th Cir. 2011) a case with the facts almost

19  identical to the present case, the court determined the defendant's conduct did not constitute a

20  violation of 18 U.S.C. § 2251(a) and that the case **SHOULD NOT** have gone to the jury.  The

21  facts are as follows:

22    While visiting a tanning salon, Steen would stand on a chair, looked over the wall into

23  the next tanning room, and video recorded the activity in the room adjacent to him. Steen

24  videotaped a minor for 15 seconds as she adjusted the machine settings and entered the tanning

25  bed. Most of the video displayed her back and hair, though her pubic region was visible on the

26  right edge of the frame for approximately 1.5 seconds before she closed the tanning bed. *Id.* at

27  822.

28    Steen was indicted for a violation of 18 U.S.C. § 2251(a). The court focused on the

definition of "sexually explicit conduct" i.e. as to whether the video depicted "lascivious exhibition of the genitals or pubic area of any person."

The defense moved for an instructed verdict asserting that the evidence was insufficient to move beyond a reasonable doubt that the conduct filmed was sexually explicit or lascivious. The District Court denied the motion and the jury found the defendant guilty on the production of child pornography. *Id.* at 825.

In assessing conduct under § 2251(a) the court asked:

1.    Did the production involve the use of a minor engaging in sexually explicit conduct, and

2.    Was the visual depiction a depiction of such conduct?

The court stated "Steen clearly used [the minor] for the purpose of producing a nude video, but the statute requires more – the film must depict sexually explicit conduct." *Id.* at 826.

The court analyzed the *Dost* factors, (*United States v. Dost,* 636 F.Supp. 828 (S.D. Cal, 1986) aff'd 813 F.2d 1231 (9th Cir. 1987) (unpublished table decision).) and found the evidence was insufficient to find a lascivious exhibition of the genitals finding that the focal point of the visual depiction is not on the minor's genitals or pubic area. The pubic area was only visible for about 1.5 seconds. The film did not accent the pubic area – to the contrary, the brief seconds the pubic region is visible, it is on the far side of the image's frame. The court found the first *Dost* factor lacked factual support since it did not point to a finding of lasciviousness. *Steen* at 826.

The second and third *Dost* factors consider whether the setting or pose of the depiction is sexually suggestive or unnatural. The court found the tanning salon was not a sexually suggestive setting, nor were the minor's movements unnatural for someone who is tanning. *Steen* at 827.

The fifth *Dost* factor, suggesting sexual coyness was irrelevant since the minor did not know she was being recorded. *Steen* at 827.

The fourth *Dost* factor is nudity, which the video satisfied, since the minor was fully

nude for the tanning. *Steen* at 827.

The sixth *Dost* factor as to whether the visual depiction is intended or designed to elicit a sexual response in the viewer is the most difficult to apply.  However, even if Steen was stirred by his voyeuristic pursuits, there was insufficient evidence to conclude that the image of the minor's genitals was designed to elicit a sexual response or whether merely being a voyeur excited Steen.  The court stated that when a photographer selects and positions his subjects, it is a quite different matter from the peeking of a voyeur upon an unaware subject pursuing activities unrelated to sex. (Citing *Overton* in a footnote at 573 F.3d at 688-89, finding that the sixth factor is especially relevant when the producer of the image encouraged the minor and setting to fit his particular lust and contrasting the value of the factor when a defendant merely possessed illicit materials.) *Steen* at 828.

The *Steen* court ultimately held as follows:

> We have previously adopted the ordinary meaning of the phrase "lascivious exhibition," which we defined as "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area of children, in order to excite lustfulness or sexual stimulation in the viewer." Here, the government's evidence cannot meet this standard.

> We must conclude that Steen's conduct did not constitute the crime with which he was charged, and the case should not have gone to the jury.

*Steen* at 828.

The same analysis should apply in this case with regard to the *Dost* factors.  The focal point of the visual depiction of the minor is not on her genitalia, nor of the pubic area. The pubic area was visible for approximately one to two seconds in the video of the minor in the bathroom.

The second and third factors consider the setting or pose of the depiction as sexually suggestive or unnatural. The minor's movements in the bathroom were not unnatural for someone who is taking a shower. The actions of Mrs. Henry in the bedroom do not depict a nude minor nor do they depict any nudity in a sexually suggestive manner.

The fourth *Dost* factor is that of nudity which the Supreme Court has held that "nudity, without more is protected expression." (*New York v. Ferber*, 458 U.S. 747, 765 n. 18; 102 S.

1   Ct. 3348; 73 L. Ed. 2d 1113.)  Surreptitiously filming a nude person taking a shower on its own

2   does not meet the standard for producing child pornography.

3          The last *Dost* factor, whether the visual depiction is intended or designed to elicit a

4   sexual response in the viewer is without any evidence.  Most importantly, the screenshots of the

5   videos of the minor are not of any genitals or of the pubic area. (Exhibit B – screenshots of

6   CV1 – filed under seal)

7

8                              **CASES CITED BY THE GOVERNMENT**

9          In *United States v. Wallenfang*, 568 F.3d 649 (8th Cir. 2009) mentioned on page five,

10  line 19 of the Government's brief, the defendant took pictures of his six year old daughter who

11  was wearing thigh-high stockings and panty hose that she did not normally wear.  She posed on

12  the floor with sheer panty hose with one leg raised and her pubic area clearly visible through

13  the panty hose.  This picture, along with others, were distributed by uploading them to a

14  newsgroup on the internet.  None of these facts appear in this case.

15         In *United State v. Theis*, 853 F.3d 1178 (10th Cir. 2017), cited on page five, line 23,

16  hidden cellphones were used to secretly record an 11 year old girl while she showered and used

17  the toilet.  The recordings were transferred to the defendant's computer where he created still

18  images which **focused** on her genital and pubic area. No such pictures exist in this case.

19         In *United States v. Helton*, 302 Fed. Appx. 842, (10th Cir. 2008) an unpublished

20  opinion, cited on page six, line five, the defendant placed a camcorder at floor level directly

21  across from the toilet and angled it upward toward the toilet.  The minor is videotaped sitting

22  on the toilet, standing up and pulling up her underpants. Her underpants are the center of the

23  focused area. The underpants and pubic area comprise the primary image for 1 ½ to 2 minutes

24  in exhibit one.

25         Exhibit two was a copy of a second videotape which shows the defendant's 7 year old

26  daughter sitting on the toilet, her pubic area and genitalia were not exposed.  Also depicted was

27  a 14 year old girl undressing for a shower, breasts and buttocks displayed but her pubic area

28  was not visible.

1    The defendant was indicted **ONLY** on exhibit one which was the video that focused on

2    the genital and pubic area. None of these facts appear in this case.

3    In *United States v. Clark,* 468 Fed. Appx. 102 (3rd Cir. 2011), an unpublished opinion,

4    cited on page six, line eight, the defendant placed his cellphone at waist level in the bathroom

5    to record his 14 year old step-daughter.  She is seen undressing and while naked, using the sink,

6    mirror, and sometimes the toilet, and then stepping into the shower.  The genitals, pubic area,

7    and buttocks were visible, often appearing to be only inches from the camera.  The *Clark* court,

8    in upholding the defendant's conviction for 18 U.S.C. § 2251(a), held that the image was

9    intended or designed to elicit a sexual response and the focus was on "the photograph, rather

10   than the viewer." None of these facts appear in this case.

11   In *United States v. Horn,* 187 F.3d 781 (8th Cir. 1999), cited on page seven, line 16, the

12   court held that freeze frames of images of young girls at moments when there pubic areas were

13   most exposed, while wearing minimal clothing contained lascivious exhibition of the genitals

14   and pubic areas of minors.  There is nothing in the present case which is even close to the facts

15   in *Horn, supra.*

16   In *United States v. Johnson,* 639 F.3d 433 (8th Cir. 2011) cited on page eight, line six,

17   the defendant, a weight lifting coach set up a hidden video camera on the shelf of a small table

18   across the room from the scale where the women athletes had to weigh themselves, without

19   clothing.  The court held that a reasonable jury could find that the defendant adjusted the zoom

20   feature on the camera in an attempt to tighten the focus of the camera on the area where the

21   females' genitals would be.  The video clips also showed the females generally from their

22   shoulders to their calves, including their naked breasts which indicated that the defendant

23   attempted to obtain images portraying them as sexual objects and that their facial features were

24   apparently of little or of no importance. *Id.* at 440.  None of these facts exist in this case.

25   In *United States v. Holmes,* 814 F.3d 1246 (11th Cir. 2016) cited on page nine, line

26   eight, the defendant surreptitiously videotaped his teenage daughter performing her daily

27   bathroom routine while in the nude from a recorder set up underneath the vanity at waist

28   height.  Another recorder was hidden in the bathroom on the counter top level.  Fifteen videos

DEFENDANT'S RESPONSE TO GOVERNMENT'S BRIEF ON COUNT ONE OF SUPERSEDING INDICTMENT
CASE NO.: 1:13-CR-00409 AWI

1    were recorded which depicted the minor from the waist up. None of which were introduced at

2    trial. *Id.* at 1248.

3         However, eight videos recorded from the video camera hidden under the lip of the

4    vanity counter top, show the minor completely naked with her nude pubic area plainly visible.

5    All of these were introduced at trial. *Id.* at 1248.

6         The court held that capturing the images of the minor's pubic area, and the defendant's

7    editing of the videos was sufficient to create a lascivious exhibition of the genitals or pubic

8    area.  None of these facts exist in this case.

9         In *United States v. Ward,* 686 F.3d 879 (8th Cir. 2012) cited on page nine, footnote two,

10   the defendant positioned a camera under a table at one end of his RV visible to the entrance of

11   the shower. The defendant helped a minor undress and get into and out of the shower, dry and

12   dress and directs her to orient herself so that the camera repeatedly captures the front of her

13   body.

14        Based on the defendant's commands the minors pubic area was repeatedly taped. The

15   court found this to be a violation of 18 U.S.C. § 2251(a). *Id.* at 883.

16        In this case, there is no evidence of the minor in the bathroom being maneuvered for a

17   camera set out in a hanging plant to video tape her genitals or her pubic area.

18        In *United States v. Miller,* 829 F.3d 519 (7th Cir. 2010) cited on page 10, line seven, the

19   defendant cut a hole through the drywall from a basement utility room into the basement

20   bathroom.  He used his cellphone to take photos and videos of five minor females. The court

21   found that he had focused on the minor's pubic area of the videos and took a number of steps to

22   cut a hole, set up the camera and instructed the girls to take their showers in the basement

23   bathroom.  Those actions led the court to believe that the defendant intended to view the minors

24   for his own sexual arousal. *Id.* at 523.  None of these facts exist in this case.

25   ///

26   ///

27   ///

28   ///

1

## CONCLUSION

2      Accordingly, it is requested that the court find that the videos of the minor herein do not

3  constitute a violation of 18 U.S.C. § 2251(a).

4

5                                              Respectfully submitted,

6  DATED:        June 21, 2017        By:  */s/ Anthony P. Capozzi*

7                                          ANTHONY P. CAPOZZI
                                           Attorney for Defendant ADAM ALAN HENRY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S RESPONSE TO GOVERNMENT'S BRIEF ON COUNT ONE OF SUPERSEDING INDICTMENT
CASE NO.: 1:13-CR-00409 AWI