**ANTHONY P. CAPOZZI, CSBN: 068525**
**LAW OFFICES OF ANTHONY P. CAPOZZI**
1233 W. SHAW AVE., SUITE 102
FRESNO, CALIFORNIA 93711
PHONE: (559) 221-0200
FAX: (559) 221-7997
EMAIL: Anthony@capozzilawoffices.com
www.capozzilawoffices.com

ATTORNEY FOR Defendant,
ADAM ALAN HENRY

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
\* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADAM ALAN HENRY,<br><br>　　　　　Defendant. | Case No.: 1:13-CR-00409 AWI-BAM<br><br>**MEMORANDUM REGARDING ADMISSIBILITY OF ADULT PORNOGRAPHY**<br><br>Date: June 26, 2017<br>Time: 1:30 p.m.<br>Court: 2<br>Hon. Anthony W. Ishii |

**TO:　THE ABOVE ENTITLED COURT AND TO THE UNITED STATES ATTORNEY GENERAL FOR THE EASTERN DISTRICT OF CALFIORNIA:**

　　　The defense opposes the introduction of homemade adult pornographic videos as evidence to establish that the Defendant engaged in sexual activity with adult females as well as females who were recorded without their knowledge. The Government alleges that this evidence would confirm that the Defendant had a sexual interest in Confidential Victim 1 (CV1) and refutes the argument that he was not responsible for the creation of the surreptitiously recorded images of CVI. (See Government's Brief 11:11-16)

　　　The Government cites *United States v. Raney*, 342 F.3d 551, 558 (7th Cir. 2003) for the admission of this testimony. The *Raney* case is unlike the present case and the admissibility of

such evidence would unduly prejudice the Defendant and far outweigh any probative value.

In *Raney,* the defendant was chatting with what he believed was a 14 year old girl in an internet chatroom, who was in fact a deputy sheriff. In his communications, which progressed to private internet chats, emails, and phone calls, Raney tried to convince the 14 year old to have sexual intercourse with him and perform fellatio on him. *Id.* at 553. He asked if he could take pictures of her while they were having oral sex. *Id.* at 554.

On the day they were to meet Raney was arrested. A search of his car revealed a pair of swim trunks, a condom, sexual lubricant, a camera loaded with film, and an empty Kodak film box. A search of his home revealed photos of homemade amateur pornography depicting Raney naked engaging in sex acts (sexual intercourse and oral sex) with an adult female. A search of his computer revealed numerous images of child pornography, additional pieces of his homemade pornography and photos of the alleged 14 year old.

In an interview with the police Raney admitted the conversations with the alleged 14 year old but said he was going to talk her out of having sex when they met.

Raney was indicted for violations of 18 U.S.C. § 2423(b) (2003), Traveling in Interstate Commerce for the Purpose of Engaging in a Sexual Act with a Minor and 18 U.S.C. § 2251(a) and (e), Attempted Manufacture of Child Pornography.

At trial, all of the online communications, emails and phone conversations were admitted, material recovered from his computer and the items found in his car. The items from his computer included six images of child pornography, which depicted young girls engaged in sexual intercourse or oral sex with adult males. The Government also introduced into evidence four homemade videotapes of adult pornography depicting Raney engaged in sexual intercourse and oral sex with his ex-wife.

Raney testified, denying that he had the intent either to have sex with the 14 year old or to take sexually explicit photos of her. He admitted to the communications with the 14 year old and others to in order to arouse himself sexually so that he could masturbate. His attorney did not object to the seizures of the adult pornography and its introduction into the trial. As a result the appellate review was for plain error.

The court stated that

> [T]he Government did not attempt the strained argument that possession of adult pornography in general, including commercial adult pornography, is somehow material "in nature of" child erotica or probative of Raney's intent to manufacture child pornography.
>
> Instead, [the Government argued that] the *homemade* nature of the photos and the particular sex acts depicted therein in combination with Raney's clearly stated intention to make *homemade* child porn with [the 14 year old] depicting those very same acts…within the scope of a search for materials "in the nature of" child abuse, child erotica, and child exploitation.

*Id.* at 557.

In several of his communications Raney stated that his intention was to take photos of the 14 year old and himself engaged in sexual intercourse and oral sex. Along with the items found in Raney's car, it was not "plainly erroneous reasonably to construe this homemade adult pornography as evidence "in the nature of" child erotica. The homemade adult pornography depicted acts directly related to Raney's intent to manufacture child pornography depicting identical acts using [the 14 year old] as a subject." *Id.* at. 558.

The court went on to state that

> if we were to assume *arguendo* that the seizure of the homemade adult pornography was outside the scope of consent and that the incriminating nature of the items was not so readily apparent as to fall within the plain-view doctrine's reach, Raney would still be unable to satisfy his burden under the plain-error standard because he could not show that the introduction of the evidence at his trial affected substantial rights and seriously undermined the fairness, integrity, or public reputation of the judicial proceedings. *United States v. Ramirez,* 182 F.3d 544, 547 (7th Cir. 1999).

*Raney* at 559.

The court ultimately held that

> …even if Raney's attorney or the district court did err, Raney can't possibly establish that he was prejudiced by the errors given the plethora of other evidence that was probative of his intent including, *inter alia*, the loaded camera, empty film box, condom, sexual lubricant, and his repeated explicit statements regarding his intent to photograph [the 14 year old].

*Raney* at 560.

///

In the present case, the Government intends to introduce evidence of homemade videos of the Defendant and other adults (not children) having sex. No illegal activity. The Government then attempts to use this evidence to show a propensity of the Defendant to do the same with CV1. However, the only video tape of CV1 is with Mrs. Henry in the bedroom trying on different pieces of clothing and in the bathroom taking a shower. None of those videos focus on CV1's genitalia or pubic area.

The defense contends that the evidence the Government intends to introduce is unrelated to the allegations in the indictment and is highly prejudicial.

**The Court Must Review These Videos Before They Can Be Admitted**

The failure to review challenged evidence when considering whether such evidence should be excluded under Rule 403 is error as a matter of law. *United States v. Curtain,* 489 F.3d 935, 958 (9th Cir. 2007).

Any probative value (if indeed there is any) is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. Fed. R. Evid. 403.

The logic the Government uses just doesn't flow. Clearly it strains the fabric of law beyond reason.

**CONCLUSION**

Videotapes of any adult pornography should not be admitted.

Respectfully submitted,

DATED:	June 22, 2017	By:	*/s/ Anthony P. Capozzi*
			ANTHONY P. CAPOZZI
			Attorney for Defendant ADAM ALAN HENRY