PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
ROSS PEARSON
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM ALAN HENRY,<br><br>Defendant. | CASE NO. 1:13-CR-409-AWI<br><br>GOVERNMENT OPPOSITION TO DEFENDANT'S MOTION TO ADMIT RESULTS OF POLYGRAPH EXAMINTION<br><br>DATE: September 29, 2017<br>TIME: 1:30 p.m.<br>COURT: Hon. Anthony W. Ishii |

I. INTRODUCTION

The United States of America, by and through Assistant United States Attorneys DAVID GAPPA and ROSS PEARSON, opposes the defendant's motion to admit results of a polygraph examination given on June 2, 2017. Initially the government notes that the motion could have been filed by the August 28, 2017, deadline that the court set on June 26, 2017. Additionally, Ninth Circuit law weighs against admission of the proposed evidence, so the government urges the court to deny the motion.

II. ARGUMENT

The defendant has moved for the admission of the results of a polygraph examination that was administered on June 2, 2017, approximately three weeks prior to the last motion hearing. The defendant has relied upon Federal Rule of Evidence 702 and several out-of-circuit and/or district court cases in support of his motion to admit evidence. But the defendant has not recognized controlling Ninth Circuit

authority that compels the exclusion of the evidence. The Ninth Circuit has repeatedly held that it "is well settled in this circuit that polygraph evidence is disfavored and cannot be introduced to establish the truth of the statements made during the examination." *Brown v. Darcy*, 783 F.2d 1389, 1391 (9th Cir. 1986). "Thus, if the evidence is being offered to prove the truth or falsity of the polygraph results, then the evidence is inadmissible." *Id*. And just last year the Ninth Circuit reiterated that in "this circuit, it is well-established that a polygraph examination may not be admitted to prove the veracity of statements made during the examination." *United States v. Alvirez*, 831 F.3d 1115 (9th Cir. 2016).

The defendant has moved "for the admission of the results of a polygraph examination administered on June 2, 2017," and this is clearly in violation of well-established Ninth Circuit law. Moreover, the defendant has not complied with the requirements set forth in several of the non-binding out-of-circuit decisions upon which he has relied. He has not provided adequate notice, at least not notice that would adequately permit the government to have its own polygraph expert administer a test covering substantially the same questions.

And equally important, the defendant has not shown that the possible probative value of the evidence substantially outweighs the danger of confusing the issues and/or misleading the jury. The defendant, in essence, would seek to bolster his own credibility by having an expert confirm that the defendant "passed" a "lie detector test," from which he would argue that he was obviously telling the truth when he said that he had no sexual interest in children and that he never searched for child pornography or knew that it was on any of his electronic devices. The defendant is not charged with masturbating to or becoming sexually aroused by child pornography, so that question is not even relevant to the issue of whether he received, distributed, or conspired to create material involving the sexual exploitation of children. Similarly, the question of whether the defendant has ever intentionally or deliberately searched for "child porn" or "images of minors" on any electronic device is vague, misleading, and irrelevant. He is charged with knowing receipt or distribution of an image of a minor engaged in sexually explicit conduct, so his question and answer are at once broader than the charged conduct (since they focus on "images of minors") and directed at a higher burden of proof than required to convict him for the charged offense. The third question is also flawed, because he is not charged with possession of material involving the sexual exploitation of minors. So the jury could easily be misled into believing that he was not guilty

but of a crime for which he has not been charged.  Moreover, it is the responsibility of the jury to assess the defendant's credibility, and the defendant should not be allowed to attempt to bolster his standing by having someone he posits as an expert give an opinion that he has been truthful in answering what he suggests are dispositive questions, especially when – as noted – the questions are not even material and relevant.  The jury could be misled, if they believed the proffered expert, that it was likely that the defendant was testifying truthfully when he denied having committed the charged offenses.

### III.   CONCLUSION

Because the defendant has not demonstrated that the proffered evidence is admissible, the court should apply controlling Ninth Circuit authority and not permit the jury to receive it.

Dated: September 26, 2017

PHILLIP A. TALBERT
United States Attorney

By: /s/ DAVID L. GAPPA
DAVID L. GAPPA
Assistant United States Attorney