**ANTHONY P. CAPOZZI, CSBN: 068525**
**LAW OFFICES OF ANTHONY P. CAPOZZI**
1233 W. SHAW AVE., SUITE 102
FRESNO, CALIFORNIA 93711
PHONE: (559) 221-0200
FAX: (559) 221-7997
EMAIL: Anthony@capozzilawoffices.com
www.capozzilawoffices.com

ATTORNEY FOR Defendant,
ADAM ALAN HENRY

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

* * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:13-CR-00409 AWI-BAM |
| Plaintiff, | **REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR ADMISSION OF POLYGRAPH EVIDENCE** |
| v. | |
| ADAM ALAN HENRY, | Date: September 29, 2017 |
| Defendant. | Time: 1:30 p.m.<br>Courtroom: 2 |

**TO: THE ABOVE ENTITLED COURT AND THE ASSISTANT UNITED STATES ATTORNEY FOR THE EASTERN DISTRICT OF CALIFORNIA:**

Defendant, Adam Alan Henry, by and through his attorney Anthony P. Capozzi, hereby reply's to the Government's Opposition to Defendant's Motion for Admission of polygraph evidence.

The Government refers to *United States v. Alvirez* 831 F.3d 1115, 1125 (9th Cir. 2016) stating that:

> In this circuit it is well established that a polygraph examination may not be admitted to prove the veracity of statements made during the examination. (See *United States v. Bowen* 857 F.2d 1337, 1341 (9th Cir. 1988).)

In *Alvirez, supra,* the defendant was charged with an assault on an Indian Reservation in violation of 18 U.S.C. § 1153 and 113(a)(6). The main issue in the case was whether or not

a document had been properly authenticated to establish the defendant's Indian status. The Appellate court reversed the District Court on this issue.

In another issue in the case, the defendant agreed to take a polygraph examination and was told that the result indicated deception. He then admitted the assault and signed a written statement acknowledging its accuracy.

The defendant filed a motion to exclude the polygraph examination results. The Government responded that it did not intend to use the results unless the defendant opened the door by suggesting his confession was coerced or that the Government acted improperly.

The court acknowledged that it would be unfair to allow the defense to state its argument without allowing the Government to give "an accurate picture of what happened" including administration of the polygraph examination. The court denied the defendant's motion to exclude the polygraph evidence. *Alvirez* at p. 1119.

The *Alvirez* court in essence **allowed** the introduction of the polygraph results. The comments regarding the non-admission of polygraph results should be considered dicta.

The *Alvirez* court cited both *United States v. Bowen* 857 F.2d 1337 (9th Cir. 1988) and *Brown v. Darcy* 783 F.2d 1389 (9th Cir. 1986). Both cases were decided before *United States v. Piccinonna* 885 F.2d 1529 (11th Cir. 1989), *United States v. Padilla*, 908 F.Supp. 923 (So. Dt. Florida, 1995), *United States v. Galbreth* 908 F.Supp. 877 (Dt. of New Mexico, 1995), and *United States v. Mosquera* 2015 U.S. Dist. LEXIS 177631 (Middle Dt. of Florida).

Tremendous advances have been made in polygraph instrumentation and technique with better equipment being used by more adequately trained polygraph administrators. The FBI, Secret Service, Military Intelligence, and law enforcement agencies also utilize the polygraph test. Polygraph testing has gained general acceptance for use in all circumstances. *Piccinonna* at p. 1532.

The questions presented to the Defendant are relevant to the charges in Count 2 of the Superseding Indictment. The Defendant is the only person who can admit or deny the charges. The results of the polygraph examination are probative as to the Defendant's credibility which outweighs any prejudice to the Government.

The Government has the opportunity to have a qualified expert administer a polygraph examination but if appears as though they are reluctant, as the results may verify the report of Mr. King.

The defense is merely requesting the opportunity to demonstrate at an evidentiary hearing the advancement in polygraph instrumentation, technology and the procedure utilized herein to establish the reliability of the results.

                                        Respectfully submitted,

Dated:       September 28, 2017    By:   */s/Anthony P. Capozzi*
                                                      ANTHONY P. CAPOZZI
                                                        Attorney for ADAM ALAN HENRY