PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
ROSS PEARSON
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM ALAN HENRY,<br><br>Defendant. | CASE NO. 1:13-CR-409-AWI<br><br>GOVERNMENT OPPOSITION TO DEFENDANT'S UNTIMELY PROFFER OF PROPOSED EXPERT TESTIMONY<br><br>DATE: October 16, 2017<br>TIME: 1:30 p.m.<br>COURT: Hon. Anthony W. Ishii |

The United States of America, by and through Assistant United States Attorneys DAVID GAPPA and ROSS PEARSON, opposes the defendant's untimely proffer of proposed expert testimony from Harold Seymour. Not only is the submission untimely, the defendant has not demonstrated that the proposed expert is qualified to provide the proposed opinions or that they are admissible at the trial.

Initially the government notes that the motion could have been filed by the August 28, 2017, deadline that the court set on June 26, 2017. The court set a deadline not just for purposes of having an arbitrary date on its docket, but because it would enable the parties to continue to prepare for an efficient presentation of evidence at the trial set to start on November 7, 2017. The court set the August 28, 2017, deadline for disclosure of proposed expert notices and opinions so that each side would have adequate time to decide how to respond to the other party's submissions. The court considered arguments and objections at the hearing on September 29, 2017. The government had objected to Seymour's proposed testimony, because it was not relevant to issues to be decided at the trial. The government also pointed

out that the only report it had received from Seymour had been prepared to address issues related to the defendant's custody status.

It appears that on a date after September 29, 2017, the defense requested that Seymour provide different opinions that had a better chance to overcome the government's objections and the court's rulings on the defense's proposed testimony from other proposed experts. But whenever the request was submitted to Seymour, it is obvious that the "addendum report" is offered well after the August 28, 2017, deadline that the court set on June 26, 2017. This is prejudicial to the government because it has effectively precluded the government from retaining its own expert to try to rebut the opinions. The government needs to go through a contracting process to retain any expert, and there is very little likelihood that the government would be able to retain an expert, have that expert review Seymour's opinions, and then provide a report and/or be available for a trial all within less than 28 days.

The defendant also has failed to establish the qualifications for Seymour's opinions. The government provided a summary of its witnesses who might provide testimony that could be considered expert opinions, but the defense has not done that for Seymour. The court cannot even evaluate whether Seymour is qualified to provide expert opinions without knowing what Seymour's qualifications are. Even if the government were provided with a summary of his alleged expertise, the government would still want to have a hearing on whether there is a basis for his opinions. *See United States v. Mendoza-Paz*, 286 F.3d 1184 (9th Cir. 2002). The defendant has not shown that he is qualified to give an opinion on "the characteristics of those who seek out child pornography" and "whether or not [the defendant] fits the common characteristics found in child pornography users." Seymour Report at 1.

And even assuming the defendant overcame these objections, he has still not established that the evidence should be admitted under Federal Rule of Evidence 403. The issues before the court are not whether the defendant is a pedophile or whether a male is more likely than a female to seek or consume child pornography or whether the defendant fits within any type of category of persons who "use" child pornography. The issues are whether the defendant knowingly received or distributed child pornography or conspired to sexually exploit a minor. The defendant is seeking to introduce irrelevant, confusing, and potentially misleading evidence that has the potential to unduly delay the trial and/or waste court resources.

For all of the above reasons, the government objects to the proposed testimony and urges the court to exclude it.

Dated:  October 13, 2017

PHILLIP A. TALBERT
United States Attorney

By: /s/ DAVID L. GAPPA
DAVID L. GAPPA
Assistant United States Attorney