1   PHILLIP A. TALBERT
    United States Attorney
2   ROSS PEARSON
    ROSS PEARSON
3   Assistant United States Attorneys
    2500 Tulare Street, Suite 4401
4   Fresno, CA 93721
    Telephone:  (559) 497-4000
5   Facsimile:   (559) 497-4099

6
    Attorneys for Plaintiff
7   United States of America

8                    IN THE UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,              CASE NO.  1:13-CR-409

12                          Plaintiff,     GOVERNMENT'S AMENDED PROPOSED JURY
                                           INSTRUCTIONS
13            v.
                                           DATE: November 7, 2017
14  ADAM ALAN HENRY,                       TIME: 1:00 p.m.
                                           COURT: Hon. Dale A. Drozd
15                          Defendants.

16

17      The United States of America by and through its attorneys, PHILLIP A. TALBERT, United

18  States Attorney for the Eastern District of California, DAVID L. GAPPA and ROSS PEARSON,

19  Assistant United States Attorneys, respectfully requests that the Court include in its standard charge to

20  the jury the following instructions from the Manual of Model Criminal Jury Instructions for the Ninth

21  Circuit:

22

23

24

25

26

27

28

| | | |
|---|---|---|
| 1. | 1.1 | Duty of Jury |
| 2. | 1.2 | The Charge - Presumption of Innocence |
| 3. | 1.3 | What is Evidence |
| 4. | 1.4 | What is Not Evidence |
| 5. | 1.5 | Direct and Circumstantial Evidence |
| 6. | 1.6 | Ruling on Objections |
| 7. | 1.7 | Credibility of Witnesses |
| 8. | 1.8 | Conduct of the Jury |
| 9. | 1.9 | No Transcript Available to Jury |
| 10. | 1.10 | Taking Notes |
| 11. | 1.11 | Outline of Trial |
| 12. | 2.1 | Cautionary Instruction - First Recess |
| 13. | 2.2 | Bench Conferences and Recesses |
| 14. | 2.4 | Stipulations of Fact |
| 15. | 2.7 | Transcript of Recording in English |
| 16. | 2.10 | Other Crimes, Wrongs or Acts of Defendant |
| 17. | 3.1 | Duties of Jury to Find Facts and Follow Law |
| 18. | 3.2 | Charge Against Defendant Not Evidence - Presumption of Innocence - Burden of Proof |
| 19. | 3.3 | Defendant's Decision Not to Testify |
| 20. | 3.4 | Defendant's Decision To Testify |
| 21. | 3.5 | Reasonable Doubt - Defined |
| 22. | 3.6 | What is Evidence |
| 23. | 3.7 | What is Not Evidence |
| 24. | 3.8 | Direct and Circumstantial Evidence |
| 25. | 3.9 | Credibility of Witnesses |
| 26. | 3.10 | Activities Not Charged |
| 27. | 3.11 | Separate Consideration of Multiple Counts -Single Defendant |

| 28. | 4.1 | Statements by Defendant |
| 29. | 4.3 | Other Crimes, Wrongs or Acts of Defendant |
| 30. | 4.14 | Opinion Evidence, Expert Witness |
| 31. | 4.15 | Summaries Not Received in Evidence |
| 32. | | Count One: Conspiracy to Sexually Exploit a Minor — Essential Elements |
| 33. | | Sexual Exploitation of a Minor: Essential Elements |
| 34. | | Count Two: Receipt of a Visual Depiction of a Minor Engaged in Sexually Explicit Conduct — Essential Elements |
| 35. | | "Receive" — Defined |
| 36. | | Sexually Explicit Conduct — Defined |
| 37. | | Lascivious Exhibition of the Genitals or Pubic Area of Any Person — Factors |
| 38. | | Minor — Defined |
| 39. | | Producing — Defined |
| 40. | | Visual Depiction — Defined |
| 41. | | Child Pornography — Defined |
| 42. | | On or About — Defined |
| 43. | 5.6 | Knowingly — Defined |
| 44. | 7.1 | Duty to Deliberate |
| 45. | 7.2 | Consideration of Evidence - Conduct of the Jury |
| 46. | 7.3 | Use of Notes |
| 47. | 7.4 | Jury Consideration of Punishment |
| 48. | 7.5 | Verdict Form |

## ADDITIONAL INSTRUCTIONS DURING TRIAL

The United States requests permission to supplement these instructions depending on the evidence presented during the trial.

1 | Dated:  November 3, 2017

PHILLIP A. TALBERT
Acting United States Attorney

By:  /s/ ROSS PEARSON
ROSS PEARSON
Assistant United States Attorney

INSTRUCTION NO. 1

Jurors: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed written instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you. Perform these duties fairly and impartially. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person's race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

9TH CIR. CRIM. JURY INST. 1.1 (2017)
Plaintiff's Proposed Jury Instruction No. 1
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 2

This is a criminal case brought by the United States government.  The government charges the defendant with two crimes: (1) conspiracy to sexually exploit a minor; and (2) receipt or distribution of a visual depiction of a minor engaged in sexually explicit conduct.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

9TH CIR. CRIM. JURY INST. 1.2 (2010)
Plaintiff's Proposed Jury Instruction No. 2
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S AMENDED PROPOSED JURY
INSTRUCTIONS

6

INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties agree.

9TH CIR. CRIM. JURY INST. 1.3 (2010)
Plaintiff's Proposed Jury Instruction No. 3
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 4

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

> (1)   statements and arguments of the attorneys;
>
> (2)   questions and objections of the attorneys;
>
> (3)   testimony that I instruct you to disregard; and
>
> (4)   anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

9TH CIR. CRIM. JURY INST. 1.4 (2010)
Plaintiff's Proposed Jury Instruction No. 4
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTIONS

8

INSTRUCTION NO. 5

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 1.5 (2010)
Plaintiff's Proposed Jury Instruction No. 5
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 6

There are rules of evidence that control what can be received in evidence.  When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, or the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

9TH CIR. CRIM. JURY INST. 1.6 (2010)
Plaintiff's Proposed Jury Instruction No. 6
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTIONS

INSTRUCTION NO. 7

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the witness's opportunity and ability to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)      the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

9TH CIR. CRIM. JURY INST. 1.7 (2010)
Plaintiff's Proposed Jury Instruction No. 7
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S AMENDED PROPOSED JURY
INSTRUCTIONS

11

INSTRUCTION NO. 8

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty.  Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

12

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

9TH CIR. CRIM. JURY INST. 1.8 (2010)
Plaintiff's Proposed Jury Instruction No. 8
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 9

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

9TH CIR. CRIM. JURY INST. 1.9 (2010)
Plaintiff's Proposed Jury Instruction No. 9
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

14

INSTRUCTION NO. 10

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

9TH CIR. CRIM. JURY INST. 1.10 (2010)
Plaintiff's Proposed Jury Instruction No. 10
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 11

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine. Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

9TH CIR. CRIM. JURY INST. 1.11 (2010)
Plaintiff's Proposed Jury Instruction No. 11
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

GOVERNMENT'S AMENDED PROPOSED JURY
INSTRUCTIONS

16

INSTRUCTION NO. 12

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any Internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the clerk to give to me.

9TH CIR. CRIM. JURY INST. 2.1 (2017)
Plaintiff's Proposed Jury Instruction No. 12
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO. 13

From time to time during the trial, it may become necessary for me to take up legal matters with the attorneys privately, either by having a conference at the bench or, when necessary, by calling a recess.

We will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.

9TH CIR. CRIM. JURY INST. 2.2 (2010)
Plaintiff's Proposed Jury Instruction No. 13
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 14

The parties have agreed to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

9TH CIR. CRIM. JURY INST. 2.4 (2010)
Plaintiff's Proposed Jury Instruction No. 14
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 15

You are about to [hear][watch] [have heard][watched] a recording that has been received in evidence. [Please listen to it very carefully.] Each of you [has been][was] given a transcript of the recording to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you [hear][heard]  something different from what [appears][appeared] in the transcript, what you [hear][heard] is controlling. [[After][Now that] the recording has been played, the transcript will be taken from you.]

9TH CIR. CRIM. JURY INST. 2.7 (2017)
Plaintiff′s Proposed Jury Instruction No. 15
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

1

INSTRUCTION NO. 16

2          You are about to hear evidence that the defendant committed other acts not charged here.  You

3   may consider this evidence only for its bearing, if any, on the question of the defendant's [intent]

4   [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of

5   accident] and for no other purpose. You may not consider this evidence as evidence of guilt of the crime

6   for which the defendant is now on trial.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23   9TH CIR. CRIM. JURY INST. 2.10 (2010)
     Plaintiff's Proposed Jury Instruction No. 16
24   GIVEN _____
     GIVEN AS MODIFIED _____
25   REFUSED _____
     WITHDRAWN _____

26

27                                                        _____

28                                                              JUDGE

INSTRUCTION NO. 17

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you. You should also not be influenced by any person=s race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return — that is a matter entirely up to you.

9TH CIR. CRIM. JURY INST. 3.1 (2017)
Plaintiff's Proposed Jury Instruction No. 18
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S AMENDED PROPOSED JURY
INSTRUCTIONS

22

INSTRUCTION NO. 18

The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of each charge beyond a reasonable doubt.

9TH CIR. CRIM. JURY INST. 3.2 (2010)
Plaintiff's Proposed Jury Instruction No. 19
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 19

A defendant in a criminal case has a constitutional right not to testify.  You may not draw any inference of any kind from the fact that the defendant did not testify.

9TH CIR. CRIM. JURY INST. 3.3 (2010)
Plaintiff's Proposed Jury Instruction No. 20
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

1

INSTRUCTION NO. 20

2

3

    The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21  9TH CIR. CRIM. JURY INST. 3.4 (2010)
    Plaintiff's Proposed Jury Instruction No. 21

22  GIVEN _____

23  GIVEN AS MODIFIED _____
    REFUSED _____

24  WITHDRAWN _____

25

26  _____

27     JUDGE

28

INSTRUCTION NO. 21

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

9TH CIR. CRIM. JURY INST. 3.5 (2010)
Plaintiff's Proposed Jury Instruction No. 22
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 22

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits received in evidence; and

(3) any facts to which the parties have agreed.

9TH CIR. CRIM. JURY INST. 3.6 (2010)
Plaintiff's Proposed Jury Instruction No. 23
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 23

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

9TH CIR. CRIM. JURY INST. 3.7 (2010)
Plaintiff's Proposed Jury Instruction No. 24
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 24

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

9TH CIR. CRIM. JURY INST. 3.8 (2010)
Plaintiff's Proposed Jury Instruction No. 25
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO. 25

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the witness's opportunity and ability to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserve.

9TH CIR. CRIM. JURY INST. 3.9 (2010)
Plaintiff's Proposed Jury Instruction No. 26
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTIONS

30

INSTRUCTION NO. 26

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

9TH CIR. CRIM. JURY INST. 3.10 (2010)
Plaintiff's Proposed Jury Instruction No. 27
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S AMENDED PROPOSED JURY
INSTRUCTIONS

31

1    INSTRUCTION NO. 27

2    A separate crime is charged against the defendant in each count.  You must decide each count

3 separately.  Your verdict on one count should not control your verdict on any other count.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23  9TH CIR. CRIM. JURY INST. 3.11 (2010)
     Plaintiff's Proposed Jury Instruction No. 28
24  GIVEN _____
     GIVEN AS MODIFIED _____
25  REFUSED _____
     WITHDRAWN _____

26

27                                              _____

28                                                       JUDGE

INSTRUCTION NO. 28


You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

9TH CIR. CRIM. JURY INST. 4.1 (2010)
Plaintiff's Proposed Jury Instruction No. 29
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO. 29

You have heard evidence that the defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's [intent] [motive] [opportunity] [preparation] [plan] [knowledge] [identity] [absence of mistake] [absence of accident] and for no other purpose. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

9TH CIR. CRIM. JURY INST. 4.3 (2010)
Plaintiff's Proposed Jury Instruction No. 30
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 30

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

9TH CIR. CRIM. JURY INST. 4.14 (2010)
Plaintiff's Proposed Jury Instruction No. 31
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 31

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

9TH CIR. CRIM. JURY INST. 4.15 (2010)
Plaintiff's Proposed Jury Instruction No. 32
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
                    JUDGE

INSTRUCTION NO. 32

The defendant is charged in Count One of the indictment with conspiracy to sexually exploit a minor, in violation of Section 2251(a) and (e) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant agreed with one or more other persons to commit the crime of sexual exploitation of a minor; and

Second, the defendant intended to commit the offense of sexual exploitation of a minor.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that the defendant personally did one of the overt acts.

Modified from <u>United States v. Grovo</u>, 826 F.3d 1207, 1217 (9th Cir. 2016) (conspiracy to advertise child pornography, in violation of 18 U.S.C. § 2251(d)); <u>United States v. Moe</u>, 781 F.3d 1120, 1124 (9th Cir. 2015) (general elements of conspiracy); and

Plaintiff's Proposed Jury Instruction No. 33

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO. 33

The offense of sexual exploitation of a minor, as alleged in Count One, has three essential elements:

First, at the time, a minor victim was under the age of eighteen years;

Second, the defendant or another person employed, used, persuaded, induced, enticed or coerced a victim to take engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third,

  (a) the defendant knew or had reason to know that the visual depiction would be mailed or transported across state lines or in foreign commerce, or

  (b) the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce (i.e., the computer or hard drive was made out of state), or

  (c) the visual depiction was mailed or actually transported across state lines or in foreign commerce.

Ninth Circuit Model Jury Instruction 8.181 (2010 Ed.)
Plaintiff's Proposed Jury Instruction No. 34
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
      JUDGE

GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTIONS

39

INSTUCTION NO. 34

The defendant is charged in Count Two the indictment with receipt of a visual depiction of a minor engaged in sexually explicit conduct in violation of Section 2252(a)(2) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly received any visual depiction;

Second, the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

Third, the defendant knew the visual depiction was of a minor engaged in sexually explicit conduct;

Fourth, the visual depiction had been either: (a) mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or (b) was received or distributed with materials which were mailed, shipped, or transported in interstate or foreign commerce, including by computer; or (c) was received or distributed by use of any means or facility of interstate or foreign commerce; or (d) the receipt or distribution of the image was in or affecting interstate or foreign commerce.

18 U.S.C. § 2252(a)(2)
Sixth Circuit Model Jury Instruction 16.05 (2013 Ed.)
Plaintiff's Proposed Jury Instruction No. 35
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 35

"Receive" means to take into one's possession. An individual who downloads a visual image takes possession or accepts delivery of the visual depiction.

United States v. Mohrbacher, 182 F.3d 1041, 1048 (9th Cir. 1999)
Plaintiff's Proposed Jury Instruction No. _____
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 36

"Sexually explicit conduct" means actual or simulated -

(i)      sexual intercourse;

(ii)     bestiality;

(iii)    masturbation;

(iv)     sadistic or masochistic abuse; or

(v)      lascivious exhibition of the genitals or pubic area of any person.

18 U.S.C. § 2256(2)(A)

Plaintiff's Proposed Jury Instruction No. 36

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____

JUDGE

INSTRUCTION NO. 37

In determining whether a depiction includes lascivious exhibition of the genitals or pubic area of any person, you may consider any of the following factors:

(1) Whether the focal point of the depiction is the child's genitals or pubic area;

(2) Whether the setting of the depiction is sexually suggestive, for instance, the setting is in a place or pose generally associated with sexual activity;

(3) Whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child;

(4) Whether the child is fully, or partially clothed or is nude;

(5) Whether the depiction suggests sexual coyness or a willingness to engage in sexual activity;

(6) Whether the depiction is intended or designed to elicit a sexual response from the viewer;

(7) Whether the picture portrays the child as a sexual object;

(8) The captions on the pictures.

An image need not have all of these factors present to be lewd or lascivious.

Whether a depiction is lewd or lascivious should be viewed from the perspective of the photographer, not from the perspective of the minor being photographed.

An exhibition of the genitals or pubic area may encompass a visual depiction of a child's genital or pubic area even where those areas are covered by clothing.

United States v. Overton, 567 F.3d 1148, 1151 (9th Cir. 2009)
Plaintiff's Proposed Jury Instruction No. 37
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 38

"Minor" means any person under the age of eighteen years.

18 U.S.C. § 2256(1)
Plaintiff's Proposed Jury Instruction No. 38
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
 JUDGE

INSTRUCTION NO. 39

"Producing" means producing, directing, manufacturing, issuing, publishing or advertising.

18 U.S.C. § 2256(3)

Plaintiff's Proposed Jury Instruction No. 39

GIVEN _____

GIVEN AS MODIFIED _____

REFUSED _____

WITHDRAWN _____

_____

  JUDGE

INSTRUCTION NO. 40

"Visual depiction" includes undeveloped film and video tape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

18 U.S.C. § 2256(5)
Plaintiff's Proposed Jury Instruction No. 40
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 41

"Child pornography" means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

18 U.S.C. § 2256(8)
Plaintiff's Proposed Jury Instruction No. 41
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

INSTRUCTION NO. 42

   The Indictment charges that the offenses occurred "on an unknown date no later than approximately" certain dates.  Although it is necessary for the United States to prove beyond a reasonable doubt that an offense was committed on a date reasonably near the date alleged in the Indictment, it is not necessary for the United States to prove that the offenses were committed precisely on the dates charged.

O'Malley, Grenig and Lee, *Federal Jury Practice and Instructions,* Vol. IA,  § 13.05 (5th Ed.)
Plaintiff's Proposed Jury Instruction No. 42
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
  JUDGE

1

2

INSTRUCTION NO. 43

3

An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act]

4

through ignorance, mistake, or accident. [The government is not required to prove that the defendant

5

knew that [his] [her] acts or omissions were unlawful.] You may consider evidence of the defendant's

6

words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted

7

knowingly.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

9TH CIR. CRIM. JURY INST. 5.6 (2010)

23

Plaintiff's Proposed Jury Instruction No. 43
GIVEN _____

24

GIVEN AS MODIFIED _____

25

REFUSED _____
WITHDRAWN _____

26

27

_____

28

JUDGE

INSTRUCTION NO. 44

When you begin your deliberations, elect one member of the jury as your [presiding juror] [foreperson] who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person=s race, color, religion, national ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

9TH CIR. CRIM. JURY INST. 7.1 (2017)
Plaintiff's Proposed Jury Instruction No. 44
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____


_____

JUDGE

INSTRUCTION NO. 45

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

9TH CIR. CRIM. JURY INST. 7.2 (2010)
Plaintiff's Proposed Jury Instruction No. 45
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S AMENDED PROPOSED JURY INSTRUCTIONS

52

INSTRUCTION NO. 46

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

9TH CIR. CRIM. JURY INST. 7.3 (2010)
Plaintiff's Proposed Jury Instruction No. 46
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
                    JUDGE

INSTRUCTION NO. 47

The punishment provided by law for this crime is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

9TH CIR. CRIM. JURY INST. 7.4 (2010)
Plaintiff's Proposed Jury Instruction No. 47
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____
JUDGE

GOVERNMENT'S AMENDED PROPOSED JURY
INSTRUCTIONS

54

INSTRUCTION NO. 48

A verdict form has been prepared for you. [Explain verdict form as needed.] After you have reached unanimous agreement on a verdict, your [presiding juror] [foreperson] should complete the verdict form according to your deliberations, sign and date it, and advise the [clerk] [bailiff] that you are ready to return to the courtroom.

9TH CIR. CRIM. JURY INST. 7.5 (2010)
Plaintiff's Proposed Jury Instruction No. 48
GIVEN _____
GIVEN AS MODIFIED _____
REFUSED _____
WITHDRAWN _____

_____

JUDGE