PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
ROSS PEARSON
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 1:13-CR-409-AWI |
|---|---|
| Plaintiff, | GOVERNMENT PROPOSED VOIR DIRE QUESTIONS |
| v. | DATE: November 9, 2017 |
| ADAM ALAN HENRY, | TIME: 1:30 p.m. |
| Defendant. | COURT: Hon. Dale A. Drozd |

    The United States, by and through its attorneys, Phillip A. Talbert, United States Attorney, and David L. Gappa and Ross Pearson, Assistant United States Attorneys, requests that the court inform prospective jurors that they are integral to the fair resolution of the case before the court. This is particularly true given the nature of the offenses for which the defendant is on trial.

    The government knows that some prospective jurors in other cases involving charges related to the sexual exploitation of children have stated that they would be unable or unwilling to be exposed to evidence depicting the sexual exploitation of minors. Often this has led to excusing prospective jurors from service on a particular case. While there might be some prospective jurors who might be completely unable to be fair and impartial in considering the evidence that the government anticipates introducing, the government believes that some prospective jurors might fail to understand that often jurors are asked to confront unpleasant and distasteful evidence in many other types of cases. As examples, cases involving accident scene photos, autopsy photos, photos taken at morgues, and photos

of dead or mutilated bodies all might be evidence that, for most people, would be considered unpleasant to confront. But if only those persons with "hardened" sensitivities are left to sit on the jury, there will not be a true cross section of the community, and the parties may not receive a fair trial. Thus, the government requests that the court take some time with the prospective jurors in this case to discuss with them the nature of the case and the need for a cross section of persons from the community.

In addition, the government submits the questions below. Counsel respectfully requests that the court ask potential jurors the following questions in addition to those normally asked by the court. Counsel also requests permission to conduct limited follow-up questioning as necessary. If the court identifies any of the questions listed below as objectionable, government counsel will not ask them during its allotted time for limited follow up questions.

<u>General</u>

1. Do any of you have difficulty reading or understanding the English language?
2. Do any of you have any impairment that would make it difficult for you to hear testimony of witnesses or see exhibits?

<u>Jurors' Experience with Law Enforcement and the Court System</u>

3. Have you, or has anyone in your family or a close personal friend, ever been accused of, arrested for, or charged with a crime other than a minor traffic violation? If so:
    a. Who was charged (you, your brother, sister, friend, etc.)?
    b. Please describe the conduct charged.
    c. What was the final disposition of the charge?
    d. What law enforcement agency was involved?
4. Have you, or has anyone in your family or a close personal friend, ever been accused by anyone of any crime involving a child? If necessary, you can request to provide information to the court and counsel only.
    a. Please describe the nature of any allegation(s).

      b.      Were you charged by any law enforcement agency?

      c.      Which law enforcement agency was involved?

      d.      How were the allegations resolved?

5. Have you, or has anyone in your family or a close personal friend, ever been a witness in a criminal case? If so:

      a.      Who testified (you, brother, sister, friend, etc.)?

      b.      What was the final disposition of the case?

      c.      Which law enforcement agency was involved?

6. Some witnesses in this case will be federal or local law enforcement officers. Do any of you have reason to distrust or disfavor information provided by federal or local law enforcement officers?

7. Have you or has any member of your family or a close friend ever been audited by or had a dispute with any agency or department of the United States government (for example, the IRS, the Social Security Administration or the Veteran's Administration) or any city, county, or state government agency?

<u>Jurors' Experience with the Computers and the Internet</u>

9. Please raise your hand (and keep it raised) if you use a computer at least once a week.

10. For those with their hands still raised, please keep your hand raised if you have ever sent or received files or documents to other computer users over the internet. If you have never sent or received files or documents to other computer users over the internet, you may lower your hand.

11. For those with their hands still raised, please keep your hand raised if you have ever sent or received pictures or movie files over the internet.

12. Have you, or has anyone in your family or a close personal friend, ever received or provided education or training relating to computers or the internet? If so, please describe the training or experience.

Jurors' Willingness to Follow the Law

13. Federal law allows for the prosecution of individuals who distribute, receive, or possess sexually explicit images of minors even when the person who receives, distributes, or possesses the images did not take or produce the images. If you would be unable or unwilling to follow my instructions on this issue, would you please raise your hand now?

14. Federal law defines a minor as anyone under the age of 18. Does anyone here believe it should be legal to produce, receive or possess images of 15, 16, or 17 year-olds engaged in sexually explicit conduct?

15. Does anyone here believe that the First Amendment's right to free speech should protect citizens from being prosecuted for any type of images they download from the internet in the privacy of their home?

16. Does anyone here believe that material available on the internet, regardless of the nature of the content, should be free from any government regulation?

17. The court will instruct the members of the jury concerning the law to be applied in this case. Would anyone here be unwilling or unable to follow those instructions if they disagreed with the law?

Punishment and Sympathy

18. The potential punishment in this case is a matter that should never be considered by the jury in any way in arriving at an impartial verdict. Can you put aside concerns about potential punishment in arriving at a fair and impartial verdict in this case?

19. There are some people who, for moral, ethical, or religious reasons, believe it is not proper, or who would find it difficult, to pass judgment on the conduct of others. Is there anyone here who holds such beliefs, or who might be affected by such beliefs?

20. Does anyone here have reservations of any kind about sitting in judgment of an accused person and returning a verdict?

21. Regardless of your personal feelings about any issue that may arise in this case, will you follow the law as the court gives it to you during this case?

Dated:  November 3, 2017                                PHILLIP A. TALBERT
                                                        United States Attorney


                                                By:  /s/ DAVID L. GAPPA
                                                     DAVID L. GAPPA
                                                     ROSS PEARSON
                                                     Assistant United States Attorney