PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
ROSS PEARSON
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM ALAN HENRY,<br><br>Defendant. | CASE NO. 1:13-CR-409-AWI<br><br>GOVERNMENT OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE RELEVANT EVIDENCE RELATED TO CHILD PORNOGRAPHY VIDEOS<br><br>DATE: November 6, 2017<br>TIME: 1:30 p.m.<br>COURT: Hon. Anthony W. Ishii |

The United States of America, by and through Assistant United States Attorneys DAVID GAPPA and ROSS PEARSON, opposes the defendant's motion to exclude and redact "title and content of pedophilia from videos," filed on November 2, 2017. Docket Item 196. The defendant has not cited any authority to support the request.

The government is obligated to prove beyond a reasonable doubt that the defendant knowingly received or distributed child pornography. The government intends to prove that the defendant acquired numerous child pornography video files almost of which contained descriptive titles that reflected the content in which the defendant was interested. The titles have particular relevance to this case, because they are intrinsically connected to searches on the peer-to-peer network. As such they are powerful evidence of the defendant's intent to search for and retain illegal videos showing children being sexually abused. Once a search term is entered, the Shareaza software transmits the query to other computers

connected to the network and responds with a list of files that contain the search term(s).  The person who entered the search query can then review the files available for transfer and, if the person is interested in acquiring any of the files, the download process can continue by double clicking on the titles.  Thus, the process by which the child pornography files in this case were acquired provides insight into the defendant's intent to seek that material and his knowledge that it was on his computer.  Only when someone searches for specific material, reviews responses to that request, and then takes at least the additional step of selecting specific files for downloading are files transferred from one computer on the peer-to-peer network to another computer.

      The defendant told Detective Hively during an interview, as law enforcement was searching and seizing much of the evidence that will be used at the trial, that he never knowingly or intentionally sought out child pornography.  He conceded that his searches for adult pornography, using peer-to-peer software might at times retrieve material in which he was not interested such as bestiality images and child pornography.  He also told Detective Hively that if he saw a file that had been downloaded without a title, he would delete it.  He also stated that if he ever started viewing a file and saw that it was child pornography, he would immediately delete it.  He also adamantly denied that there would be any evidence of sorting files on any of his computers.  But investigators discovered that there was a significant quantity of child pornography videos on different computers in the defendant's residence including on a storage device on the network in use at the time of his arrest.  Many of the child pornography videos were located within an organized folder structure that demonstrated a conscious sorting process.  The attachment to this filing contains excerpts from trial exhibits the government intends to use at the trial which highlights how relevant the file titles are to the jury's determination of necessary issues such as the defendant's credibility and whether he was the person responsible for downloading and storing the child pornography found within his possession.  The jury could choose to believe the defendant, or they could find him not credible.  But that task would be unduly more difficult if it is attempted without the benefit of seeing the true and complete nature of the evidence.

      The court already has noted that the defendant had stipulated to specific facts including the titles of several child pornography video files that were found in his residence on a storage device on a network he had designed.  Only after the court noted reference to pedophilia in one title did the defendant express

any concern about the file titles. Ultimately, even though it does not believe that it was legally obligated to do so, the government agreed to redact references to pedophilia from the titles of the videos it intended to show the jury. The government did not intend to represent that it would redact all references throughout all of the evidence to pedo, pedophile, or pedophile. The weight of relevant authority indicates that the government should not be required to do this. And that authority is counter to the defendant's apparent attempt to preclude the government from showing "pedophilia" "videos" to the jury.

The United States Court of Appeals for the Ninth Circuit has routinely held that a defendant's offer to stipulate to the pornographic nature or content of images does not override the government's choice to publish some of those images to the jury in order to help build the prosecution's case. *See, e.g., United States v. Endacott,* 479 Fed Appx. 779 (9th Cir. 2012) (district court did not abuse discretion where "the images themselves were indicia of [defendant's] knowledge"); *United States v. Ganoe,* 538 F.3d 1117 (9th Cir. 2008) (same); *see also United States v. Hay,* 231 F.3d 630, 638-39 (9th Cir. 2000) (where images were not published to jury during trial, court did not err in later allowing jury to see three images upon request); *accord United States v. Cunningham,* 694 F.3d 372, 391 (3rd Cir. 2012) ("[C]ourts are in near-uniform agreement that the admission of child pornography images or videos is appropriate, even where the defendant has stipulated, or offered to stipulate, that those images or videos contained child pornography."); *United States v. Blank,* 701 F.3d 1084 (5th Cir. 2012) (same). No doubt the defendant would rather the jury not see the type of material in which he was interested, but as the Ninth Circuit noted in Ganoe, "[t]he court is note required to scrub the trial clean of all evidence that might have an emotional impact." 538 F.3d at 1124 (quoting *United States v. Morales-Aldahondo*, 524 F.3d 115, 120 (1st Cir. 2008). This is particularly true where the very nature of the crime for which the defendant is being prosecuted is inherently inflammatory. Indeed, there are references in several titles that are at least as disturbing as any reference to pedo, pedophile, or pedophilia such as "Best 2 underage lolitas play with whips and a young boy toy joins in (r@ygold reelkiddymov pedo underage illegal preteen).mpg" and "pthc 16yo babysitter Edina fucks 3 underage teen boys 12.02.mpg".

Federal Rule of Evidence 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." The defendant has not made any showing that the government's evidence should be excluded under this rule. Sanitizing all of the titles from any

objectionable or inflammatory words, even only those referencing variations of pedophilia or pedophile, would unduly prejudice the government's ability to prove the illegal nature of the material in which the defendant was interested.  The titles are highly probative of the defendant's interest in the material, and it will be important for the jury to understand the entire process by which searches were conducted, files were selected for downloading, and then completely downloaded files were then moved into specific folders designated for the defendant's child pornography collection.  As the Ninth Circuit aptly reasoned in *Ganoe,* the "fact that the vast majority of the titles accurately described the nature of the corresponding image [is] relevant to rebut the defense's suggestion that one could download the files without intending to obtain the child pornography."  "Thus, the images themselves, published to the jury as part of the government's detailed and comprehensive forensic evidence regarding the downloading, viewing, categorizing, and storing of the files were highly probative of the state of mind with which the files were received and possessed."  *Ganoe,* 538 F.3d 1117, 1123-24 (9th Cir. 2008).

Given that the defendant has not cited any authority in support of his motion, and the overwhelming nature of authority is against it, the motion should be denied.  As an additional concession to the defense, however, the government is amenable to a limiting instruction that communicates to the jury that the defendant is not charged with being a pedophile and the jury should limit its consideration of the titles of the files attributed to the defendant to the issue of whether the defendant knowingly received them.

Dated:  November 3, 2017

PHILLIP A. TALBERT
United States Attorney

By: /s/ DAVID L. GAPPA
DAVID L. GAPPA
Assistant United States Attorney
ROSS PEARSON
Assistant United States Attorney