PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
ROSS PEARSON
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>      v.<br><br>ADAM ALAN HENRY,<br><br>            Defendants. | CASE NO. 1:13-CR-0409-AWI<br><br>UNITED STATES' OPPOSITION TO HENRY MOTION IN LIMINE TO EXCLUDE STATEMENTS OF AT AND TEXT MESSAGES FROM BASEBALL GAME<br><br>DATE: November 7, 2017<br>TIME: 8:30 a.m.<br>COURT: Hon. Anthony W. Ishii |

The United States of America, by and through its attorneys, Phillip A. Talbert, United States Attorney, and David L. Gappa and Ross Pearson, Assistant United States Attorneys, files this opposition to Adam Henry's motion in limine to exclude statements of A.T. and text messages from the Stockton Ports baseball game.

### A. **AT's statements that Henry massaged her back, tickled her, and "weirded [her] out" are highly relevant and probative, and not unfairly prejudicial.**

As a starting point, evidence is admissible if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Fed. R. Evid. 401; see Fed. R. Evid. 402. When A.T. was first interviewed by Detective Moore, she told him about an incident when Adam Henry started to rub her shoulders after she said her neck was hurting. A.T. said this action "weirded her out" and made her feel uncomfortable. A.T. said that other times Henry would tickle her, which she thought was "weird."

Henry's actions and A.T.'s statements about how they made her feel are admissible because they are relevant and highly probative of a material issue in this case: whether Henry intentionally joined a conspiracy to sexually exploit A.T. by taking hidden pictures and videos of her. To prove that Henry conspired to sexually exploit A.T., the United States must prove, among other elements, that Henry intended to commit the offense of sexual exploitation of a minor. United States v. Grovo, 826 F.3d 1207, 1217 (9th Cir. 2016). The United States plans to present evidence that Henry, acting with his wife, installed hidden cameras in his bathroom and captured numerous videos of A.T. changing clothes and using the bathroom.

Henry's actions in giving A.T. a shoulder massage, which "weirded her out," and tickling her are relevant to his intent in capturing the videos of A.T.. These actions show that A.T. was the source of Henry's attention, and that it was not merely Angele, his wife, who had an interest in A.T. — it was Adam too. These actions therefore show that Henry did not mistakenly record A.T. He intentionally set up a camera in the bathroom to capture videos of A.T. because of his interest in her, an interest he had shown in the past when he massaged her and tickled her.

This incident is also relevant to the extent that it explains why A.T. was uncomfortable with Adam and communicated instead with Angele. Henry has indicated that he plans to highlight that almost of all of A.T.'s communications were with Angele and not Adam. This is true, but unsurprising. A.T. felt uncomfortable around Adam, and therefore she would naturally be more likely to communicate with Angele. Adam's actions in massaging and tickling A.T. — making her feel "weirded out" — further explain why A.T. did not communicate with Adam.

Henry argues that these actions and A.T.'s statements about how they made her feel are inadmissible under Rule 403 of the Federal Rules of Evidence, because they are highly prejudicial and not probative of the sexual exploitation of A.T.. Under Rule 403, otherwise admissible evidence may be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. The Court must consider the degree to which the fact is at issue and the need for proving the point by using evidence of criminal conduct. Id. Unfair prejudice is measured by the degree to which a jury responds negatively to some aspect of the evidence unrelated to its tendency to make a fact in issue more or less probable. Id. "[E]vidence relevant to a defendant's motive is not rendered inadmissible

because it is highly prejudicial in nature . . . . The best evidence often is." United States v. Parker, 549 F.2d 1217, 1222 (9th Cir. 1977) (quoting United States v. Mahler, 452 F.2d 547, 548 (9th Cir. 1971)).

Henry's intent is at issue in this case, and therefore the evidence of his interactions with A.T. is highly relevant and probative. Henry has argued that his wife was responsible for recording A.T. and that it was never his intention to do so. By denying his interest in A.T. and placing the blame on Angele, Henry has made his intent and his motive a central issue. His actions in massaging and tickling A.T. are highly probative, and therefore not substantially outweighed by the risk of unfair prejudice.

**B.   Henry's pictures and text messages about girls and women at the Stockton Ports baseball game are admissible under Rule 404(b).**

In August 2012, Henry went to a Stockton Ports baseball game. During the game, he began sending text messages to Angele bragging about the "t&a" he saw at the game: young girls wearing "tank tops" and "daisy duk[e]s" and showing "tons of bare skin." Henry included pictures of numerous girls, at one point commenting that one of the girls had "nice legs," and at another point apologizing to Angele "for bragging." The age of these girls is unknown, but they appear to be teenagers, and they do not appear to know Henry took their pictures.

Under Rule 404(b), evidence of a defendant's other acts is not admissible to prove a person's character, but it may be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). 404(b) evidence may be admissible when it meets four criteria: "(1) the evidence tends to prove a material point; (2) the other act is not too remote in time; (3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) (in certain cases) the act is similar to the offense charged." United States v. Martin, 796 F.3d 1101, 1106 (9th Cir. 2015). If the evidence meets all four criteria, then the court must decide whether under Rule 403 its prejudicial impact substantially outweighs its probative value. Id. If not, the evidence is admissible.

Henry's text messages about young girls are admissible under 404(b), because they show Henry's prurient interest in young girls. The Ninth Circuit's decision in United States v. Curtin is instructive. 489 F.3d 935 (9th Cir. 2007). In Curtin, the Ninth Circuit held that stories the defendant possessed on his phone about children having sex with adults were relevant to disprove his defense that

UNITED STATES' OPPOSITION TO HENRY'S MOTION IN LIMINE TO EXCLUDE STATEMENTS AND TEXT MESSAGES

3

he would never engage in sexual conduct with a minor. Id. at 949–50. The Ninth Circuit noted that because the defendant raised a material issue as to his intent, this defense made the stories "all the more relevant" and "highly probative" because the defendant's intent was "at the core of the only material fact the defense sought to prove." Id. at 950.

The same principle applies here. Henry has made his interest in young girls an issue in this case by raising the defense that Angele alone surreptitiously recorded A.T. while she was changing clothes, and that he only downloaded child pornography at Angele's request. Text messages in which Henry comments about his interest in young girls – for instance his texts "bragging" about the "t&a" he saw at the Stockton Ports baseball game – are therefore "highly probative" of his intent to conspire to surreptitiously record A.T. and to possess child pornography, because they show he has a prurient interest in young teenage girls, like A.T. Id. at 950; see also United States v. Sebolt, 460 F.3d 910, 916-17 (7th Cir. 2006) (holding prior instances of molestation admissible under Rule 404(b) to establish defendant's sexual interest in children in subsequent child pornography case).

These pictures and text messages meet the other prongs of the 404(b) analysis as well. They are not too remote in time, because they occurred either during the scope of the charged conspiracy or shortly after. They are supported by sufficient evidence, because they were found on Angele's cell phone. And they are similar in kind to the crime charged: Henry is charged, in part, with possessing sexually explicit pictures of young girls and conspiring with Angele to surreptitiously take photos of A.T., and his text messages discussed his sexual interest in young girls and the photos were taken surreptitiously.

Finally, the prejudicial effect of these photos and text messages does not substantially outweigh their probative value. As discussed, because Henry's defense makes his intent an issue, the photos and text messages are highly probative of his prurient interest in young girls. And as the Ninth Circuit has held in similar cases, this type of evidence is not unduly prejudicial where, as here, the defendant puts his mental state at issue. Basinger, 60 F.3d at 1408. Therefore, the text messages and photos Adam sent to Angele Henry about his interest in young girls are admissible under Rule 404(b).

## II. CONCLUSION

The United States requests that the Court deny Henry's motion in limine to exclude statements of AT and text messages from the Stockton Ports baseball game.

Dated:  November 3, 2017

PHILLIP A. TALBERT
United States Attorney

By:  /s/ ROSS PEARSON
ROSS PEARSON
DAVID L. GAPPA
Assistant United States Attorneys