**ANTHONY P. CAPOZZI, CSBN: 068525**
**LAW OFFICES OF ANTHONY P. CAPOZZI**
1233 W. SHAW AVE., SUITE 102
FRESNO, CALIFORNIA 93711
PHONE: (559) 221-0200
FAX: (559) 221-7997
EMAIL: Anthony@capozzilawoffices.com
www.capozzilawoffices.com

ATTORNEY FOR Defendant,
ADAM ALAN HENRY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

* * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br><br>ADAM ALAN HENRY,<br><br>　　　　Defendant. | Case No.: 1:13-CR-00409 DAD-BAM<br><br>**OPPOSITION TO MOTION TO ADMIT RELEVANT EVIDENCE UNDER FEDERAL RULES OF EVIDENCE 404(B)**<br><br>Date:  November 13, 2017<br>Time: 1:00 p.m.<br>Courtroom: 5<br>Hon. David A. Drozd |

**TO:　THE ABOVE ENTITLED COURT AND TO THE UNITED STATES ATTORNEY GENERAL FOR THE EASTERN DISTRICT OF CALFIORNIA:**

　　The Government seeks to introduce testimony and prior videos from a camera installed in Defendant's home, prior to meeting Angele Henry, while living in Fresno, California.

　　The videos and any testimony regarding whether the people knew the camera had been installed is not relevant and is highly prejudicial to the Defendant.

　　The videos depict adults which do not have any relation to the exploitation of a child.

　　The Government further seeks to admit adult videos of sex between the Defendant, Angele Henry and other women.  Again this is unrelated to child exploitation and is merely being used by the Government to prejudice the Defendant.

In *United States v. Miller,* 527 F.3d 54 (3rd Cir. 2008), reversed on sentencing grounds in *United States v. Miller,* 594 F.3d 172 (3rd Cir. 2016), the court held that a Defendant's interest in adult pornography is not material to a Defendant's interest in child pornography. (*Id.* at 79-80.)

The Government also seeks to introduce evidence that the Defendant searched for bestiality videos in order to further prejudice the Defendant. Clearly, bestiality videos has nothing to do with child exploitation and is irrelevant and highly prejudicial to the Defendant.

The Government intends to introduce evidence of adults being videotaped without their knowledge in a bathroom years before Angele Henry arrived on the scene and then homemade videos of the Defendant and other adults (not children) having sex. This is not illegal activity. The Government then attempts to use this evidence to show a propensity of the Defendant to do the same with CV1. However, the only videotape of CV1 is with Mrs. Henry in the bedroom trying on different pieces of clothing and in the bathroom undressing and taking a shower. None of those videos focus on CV1's genitalia or pubic area.

The defense contends that the evidence the Government intends to introduce is unrelated to the allegations in the indictment and is highly prejudicial. If such evidence is allowed, it would entail a continuance to subpoena further witnesses.

**The Court Must Review These Videos Before They Can Be Admitted**

The failure to review challenged evidence when considering whether such evidence should be excluded under Rule 403 is error as a matter of law. *United States v. Curtain,* 489 F.3d 935, 958 (9th Cir. 2007).

Any probative value (if indeed there is any) is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury. Fed. R. Evid. 403.

The logic the Government uses just doesn't flow. Clearly it strains the fabric of law beyond reason.

///

///

**CONCLUSION**

Neither testimony nor videotapes of any adult pornography should not be admitted.

Respectfully submitted,

Dated: November 13, 2017   By: */s/Anthony P. Capozzi*
ANTHONY P. CAPOZZI
Attorney for ADAM ALAN HENRY