**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

ADAM ALAN HENRY,

                    Defendant.

Case No. 1:13-cr-00409-DAD-BAM

**JURY INSTRUCTIONS GIVEN**

    The attached Jury Instructions comprise all of the instructions given to the trial jurors by United States District Judge Dale A. Drozd in the above entitled case.

    Dated:  November 17, 2017

                              MARIANNE MATHERLY, CLERK OF THE COURT

                              By: /s/ Reneé Gaumnitz
                                  Reneé Gaumnitz, Deputy Clerk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PRELIMINARY AND RECESS INSTRUCTIONS**

**INSTRUCTION NUMBER 1**

You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some preliminary instructions. At the end of the trial I will give you more detailed written instructions that will control your deliberations. When you deliberate, it will be your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. To the facts as you find them, you will apply the law as I give it to you, whether you agree with the law or not. You must decide the case solely on the evidence and the law before you and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. Please do not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be—that is entirely up to you.

**INSTRUCTION NUMBER 2**

This is a criminal case brought by the United States government.  The charges against the defendant are contained in the indictment.  The indictment simply describes the charges the government brings against the defendant.  The indictment is not evidence and does not prove anything.

The defendant has pleaded not guilty to the charges and is presumed innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant has the right to remain silent and never has to prove innocence or to present any evidence.

**INSTRUCTION NUMBER 3**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are received in evidence; and

(3)     any facts to which the parties agree.

**INSTRUCTION NUMBER 4**

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

        (1)     statements and arguments of the attorneys;

        (2)     questions and objections of the attorneys;

        (3)     testimony that I instruct you to disregard; and

        (4)     anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

**INSTRUCTION NUMBER 5**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**INSTRUCTION NUMBER 6**

There are rules of evidence that control what can be received in evidence. When a lawyer asks a question or offers an exhibit in evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, or the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**INSTRUCTION NUMBER 7**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

        (1)     the witness's opportunity and ability to see or hear or know the things testified to;

        (2)     the witness's memory;

        (3)     the witness's manner while testifying;

        (4)     the witness's interest in the outcome of the case, if any;

        (5)     the witness's bias or prejudice, if any;

        (6)     whether other evidence contradicted the witness's testimony;

        (7)     the reasonableness of the witness's testimony in light of all the evidence; and

        (8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.  What is important is how believable the witnesses are, and how much weight you think their testimony deserves.

**INSTRUCTION NUMBER 8**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

Though it is a normal human tendency to converse with people with whom one is thrown in contact, please do not converse with any of the parties or their attorneys or any witness during the time you serve on this jury, whether in or out of the courtroom. By this I mean not only do not converse about the case, but do not converse at all, even to pass the time of day. In no other way can all the parties be assured of the absolute impartiality they are entitled to expect from you as jurors.

There may be occasions when you come upon one of the attorneys or parties in this case outside

1    the courtroom.  The attorneys and parties have been instructed not to communicate with you.  Their

2    failure to acknowledge you should not be interpreted as being impolite, but merely following the court's

3    orders.

4        The law requires these restrictions to ensure the parties have a fair trial based on the same

5    evidence that each party has had an opportunity to address. A juror who violates these restrictions

6    jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire

7    trial process to start over. If any juror is exposed to any outside information, please notify the court

8    immediately

9        If you need to communicate with me during the course of the trial, simply give a signed note to

10   my courtroom deputy, Renee, to give to me.

11       Do not make up your mind about what the verdict should be until after you have gone to the jury

12   room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open

13   mind until then.

14       When I tell you at our recesses to please remember to observe the admonitions that were

15   previously given to you, please bear in mind that these are the admonitions.  If I forget to remind you

16   that you are to remember the admonitions at recess, you must nevertheless remember and adhere to

17   these admonitions.

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NUMBER 9**

At the end of the trial you will have to make your decision based on what you recall of the evidence.  You will not have a written transcript of the trial.  I urge you to pay close attention to the testimony as it is given.

**INSTRUCTION NUMBER 10**

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you from being attentive.  When you leave court for recesses, your notes should be left in the courtroom.  No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

1

**INSTRUCTION NUMBER 11**

2      The next phase of the trial will now begin.  First, each side may make an opening statement.  An

3   opening statement is not evidence.  It is simply an outline to help you understand what that party expects

4   the evidence will show.  A party is not required to make an opening statement.

5      The government will then present evidence and counsel for the defendant may cross-examine.

6   Then, if the defendant chooses to offer evidence, counsel for the government may cross-examine.

7      After the evidence has been presented, the attorneys will make closing arguments and I will

8   instruct you on the law that applies to the case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NUMBER 12**

We are about to take our first break.  Remember, until the trial is over, do not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, and do not allow others to discuss the case with you.  This includes discussing the case in Internet chat rooms or through Internet blogs, Internet bulletin boards, emails or text messaging.  If anyone tries to communicate with you about the case, please let me know about it immediately.  Do not read, watch, or listen to any news reports or other accounts about the trial or anyone associated with it, including any online information.  Do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.  Finally, keep an open mind until all the evidence has been presented and you have heard the arguments of counsel, my instructions on the law, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to my courtroom deputy, Renee, to give to me.

**FINAL INSTRUCTIONS**

**INSTRUCTION NUMBER 1**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case.  A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts.  It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not.  You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  You should also not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.  You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important.  Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

**INSTRUCTION NUMBER 2**

2        The indictment is not evidence.  The defendant has pleaded not guilty to the charges.  The

3  defendant is presumed to be innocent unless and until the government proves the defendant guilty

4  beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence to

5  prove innocence.  The government has the burden of proving every element of the charges beyond a

6  reasonable doubt.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**INSTRUCTION NUMBER 3**

2

The defendant has testified.  You should treat his testimony just as you would the testimony of

3

any other witness.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NUMBER 4**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty.  It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation.  It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty.  On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**INSTRUCTION NUMBER 5**

The evidence you are to consider in deciding what the facts are consists of:

  (1)  the sworn testimony of any witness;

  (2)  the exhibits received in evidence; and

  (3)  any facts to which the parties have stipulated or agreed.

**INSTRUCTION NUMBER 6**

In reaching your verdict you may consider only the testimony and exhibits received in evidence, as well as facts to which the parties have stipulated.  The following things are not evidence and you may not consider them in deciding what the facts are:

    (1)    Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

    (2)    Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

    (3)    Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

1

**INSTRUCTION NUMBER 7**

2       Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as

3   testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence

4   is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

5       You are to consider both direct and circumstantial evidence.  Either can be used to prove any

6   fact.  The law makes no distinction between the weight to be given to either direct or circumstantial

7   evidence.  It is for you to decide how much weight to give to any evidence.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NUMBER 8**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

        (1)     the witness's opportunity and ability to see or hear or know the things testified to;

        (2)     the witness's memory;

        (3)     the witness's manner while testifying;

        (4)     the witness's interest in the outcome of the case, if any;

        (5)     the witness's bias or prejudice, if any;

        (6)     whether other evidence contradicted the witness's testimony;

        (7)     the reasonableness of the witness's testimony in light of all the evidence; and

        (8)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**INSTRUCTION NUMBER 9**

You are here only to determine whether the government has satisfied its burden of proving that the defendant is guilty beyond a reasonable doubt of the charges in the indictment.  The defendant is not on trial for any conduct or offense not charged in the indictment.

**INSTRUCTION NUMBER 10**

You have heard testimony that the defendant made a statement.  It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give it.  In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

**INSTRUCTION NUMBER 11**

A separate crime is charged against the defendant in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

**INSTRUCTION NUMBER 12**

You have heard testimony from Britton Moore and Arthur Hively, who testified to both facts and opinions and the reasons for their opinions.

Fact testimony is based on what the witnesses saw, heard or did. Opinion testimony is based on the education or experience of the witnesses.

As to the testimony about facts, it is your job to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

As to the testimony about the witness' opinions, their opinion testimony is allowed because of the education or experience of the witnesses. Opinion testimony should be judged like any other testimony. You may accept all of it, part of it, or none of it. You should give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

**INSTRUCTION NUMBER 13**

You have heard evidence that the defendant committed other acts not charged here.  You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, motive, opportunity, preparation, plan, knowledge, identity, absence of mistake, or absence of accident, and for no other purpose.  You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

**INSTRUCTION NUMBER 14**

You have heard evidence of the defendant's character for honesty. In deciding this case, you should consider that evidence together with and in the same manner as all the other evidence in the case.

**INSTRUCTION NUMBER 15**

When a person is unavailable to testify at trial, the deposition of that person may be used at the trial. A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of witness David Silva, which was taken on October 25, 2017, was presented to you. You should consider deposition testimony in the same way that you consider the testimony of the witnesses who have appeared before you.

**INSTRUCTION NUMBER 16**

You heard and saw recordings that were received in evidence.  A transcript of the recording was provided to help you identify speakers and as a guide to help you listen to the recording.  However, bear in mind that the recording is the evidence, not the transcript.  If you heard something different from what appeared in the transcript, what you heard is controlling.

**INSTRUCTION NUMBER 17**

During the trial, certain charts and summaries were shown to you in order to help explain the evidence in the case.  These charts and summaries were not admitted in evidence and will not go into the jury room with you.  They are not themselves evidence or proof of any facts.  If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**INSTRUCTION NUMBER 18**

The defendant is charged in Count One of the indictment with conspiring to sexually exploit a minor in violation of Section 2251(a) and (e) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning on or about May 2012, and ending on or about September 19, 2013, there was an agreement between two or more persons to commit the crime of sexual exploitation of a minor; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to accomplish it.

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willingly participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

**INSTRUCTION NUMBER 19**

The offense of sexual exploitation of a minor, as alleged in Count One, has three essential elements:

First, at the time, A.T. was under the age of eighteen years;

Second, the defendant or another person employed, used, persuaded, induced, enticed, or coerced A.T. to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct; and

Third,

(a)    the defendant knew or had reason to know that the visual depiction would be mailed or transported across state lines or in foreign commerce, or

(b)    the visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce (i.e., the computer or hard drive was made out of state), or

(c)    the visual depiction was mailed or actually transported across state lines or in foreign commerce.

**INSTRUCTION NUMBER 20**

The defendant is charged in Count Two of the indictment with receiving a visual depiction of a minor engaged in sexually explicit conduct in violation of Section 2252(a)(2) of Title 18 of the United States Code.  In order for the defendant to be found guilty of that charge, the government must prove each and every one of the following elements beyond a reasonable doubt:

First, the defendant knowingly received a visual depiction;

Second, the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct;

Third, the visual depiction was of a minor engaging in sexually explicit conduct.

Fourth, the defendant knew the visual depiction was of a minor engaged in sexually explicit conduct;

Fifth, the visual depiction had been either: (a) mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer; or (b) was received or distributed with materials which were mailed, shipped, or transported in interstate or foreign commerce, including by computer; or (c) was received or distributed by use of any means or facility of interstate or foreign commerce; or (d) the receipt or distribution of the image was in or affecting interstate or foreign commerce.

**INSTRUCTION NUMBER 21**

"Receive" means to take into one's possession.

**INSTRUCTION NUMBER 22**

A "minor" is any person under the age of eighteen years.

**INSTRUCTION NUMBER 23**

"Producing" means producing, directing, manufacturing, issuing, publishing, or advertising.

1

**INSTRUCTION NUMBER 24**

2
3
"Visual depiction" includes undeveloped film and video tape, and data stored on a computer disk or data stored by electronic means and capable of conversion into a visual image.

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NUMBER 25**

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person.

**INSTRUCTION NUMBER 26**

In determining whether a depiction includes lascivious exhibition of the genitals or pubic area of any person, you may consider any of the following factors:

(1)     Whether the focal point of the depiction is the minor's genitals or pubic area;

(2)     Whether the setting of the depiction is sexually suggestive, for instance, the setting is in a place or pose generally associated with sexual activity;

(3)     Whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor;

(4)     Whether the minor is fully, or partially clothed or is nude;

(5)     Whether the depiction suggests sexual coyness or a willingness to engage in sexual activity;

(6)     Whether the depiction is intended or designed to elicit a sexual response from the viewer.

**INSTRUCTION NUMBER 27**

Adult pornography is not unlawful.

**INSTRUCTION NUMBER 28**

In order to establish that any visual depiction of a minor engaged in sexually explicit conduct was transported in interstate commerce, the government may prove that the image, or any instrument that was used to produce or receive such an image, traveled in interstate or foreign commerce, that is between one State, Territory, Possession, or the District of Columbia, and another State, Territory, Possession, or the District of Columbia, or commerce with a foreign country.  Interstate or foreign travel of an image may be accomplished by means of a computer.

**INSTRUCTION NUMBER 29**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident.  The government is not required to prove that the defendant knew that his acts or omissions were unlawful.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

1

**INSTRUCTION NUMBER 30**

2    The indictment charges that the offense alleged in Count One was committed "on an unknown

3    date no later than in approximately May 2012, and continuing through approximately September 19,

4    2013."  The indictment also charges that the offense alleged in Count Two was committed "no later than

5    in approximately November 2005, and continuing through approximately September 19, 2013."

6    Although it is necessary for the government to prove beyond a reasonable doubt that the offenses

7    were committed on a date reasonably near the dates alleged in Counts One and Two of the indictment, it

8    is not necessary for the government to prove that the offenses were committed precisely on the dates

9    charged.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NUMBER 31**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You also should not be influenced by any person's race, color, religion, national ancestry, gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**INSTRUCTION NUMBER 32**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

**INSTRUCTION NUMBER 33**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**INSTRUCTION NUMBER 34**

The punishment provided by law for the crimes charged is for the court to decide.  You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**INSTRUCTION NUMBER 35**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and push the buzzer in the deliberation room and also advise the court security officer that you are ready to return to the courtroom.

**INSTRUCTION NUMBER 36**

If it becomes necessary during your deliberations to communicate with me, you may push the buzzer in the deliberation room and send a note through the court security officer, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.