UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. DALE A. DROZD, JUDGE

```
UNITED STATES OF AMERICA,    )
                             )
          Plaintiff,         )  No. 13-CR-409-DAD
                             )
vs.                          )  RULE 29 MOTION
                             )
ADAM ALAN HENRY,             )
                             )
          Defendant.         )
_____)
```

Fresno, California                    Wednesday, November 15, 2017


REPORTER'S PARTIAL TRANSCRIPT OF PROCEEDINGS


KAREN HOOVEN, RMR-CRR
Official Court Reporter
CSR No. 5816

APPEARANCES OF COUNSEL:

For the Plaintiff:	United States Attorney's Office
	BY: **DAVID L. GAPPA**
	and **ROSS PEARSON**
	2500 Tulare Street
	Suite 4401
	Fresno, California 93721

For the Defendant:	Law Offices of Anthony P. Capozzi
	BY: **ANTHONY P. CAPOZZI**
	1233 West Shaw Avenue
	Suite 102
	Fresno, California 93711

| | |
|---|---|
| 1 | Wednesday, November 15, 2017                    Fresno, California |
| 2 | 10:17 a.m. |
| 3 | THE COURT:  We are outside the presence of the jury. |
| 4 | Counsel, let's reconvene in about ten minutes to talk about |
| 5 | some of the issues we need to talk about outside the presence. |
| 6 | (Recess.) |
| 7 | THE COURT:  We're outside the presence of the jury. |
| 8 | Sorry to keep you waiting. |
| 9 | So, Mr. Capozzi, you had a motion. |
| 10 | MR. CAPOZZI:  Yes.  29 motion.  On Count One, Your |
| 11 | Honor. |
| 12 | THE COURT:  Yes. |
| 13 | MR. CAPOZZI:  The government has not shown any |
| 14 | exploitation of this young woman, A.T., for sexual |
| 15 | exploitation.  The charge is "knowingly conspired."  I have |
| 16 | seen no evidence whatsoever of any agreement anywhere.  And |
| 17 | even if you -- when you look at all the pictures -- you know, |
| 18 | I let the pictures play.  I didn't object, I should say.  Of |
| 19 | the pictures in the bathroom with the minor being in there. |
| 20 | It went on and on and on. |
| 21 | And I purposely didn't object because there was |
| 22 | nothing pornographic there.  Nothing to show a sexually |
| 23 | explicit conduct for the purposes of producing a depiction, a |
| 24 | visual depiction, knowing that this would be produced or |
| 25 | transmitted in interstate commerce.  I just don't see where |

1   the evidence is on Count One at all.  When you look at the
2   elements, clearly all the elements have not been met.
3           And on Count Two, on the -- clearly the distribution
4   aspect of Count Two, I think that should be deleted from -- or
5   dismissed from the counts.  Did he knowingly receive and
6   distribute?  Government witnesses say there was no way to
7   distribute.  So I think that should knock that out.  Did he
8   knowingly receive?  There's no evidence of knowingly
9   receiving, other than it coming in to that computer.
10          Nothing more, Your Honor.
11          THE COURT:  Government wish to respond?
12          MR. PEARSON:  Yes, Your Honor.  For Count One, our
13  theory of the case is two-fold.  So it's first off that the
14  defendant and Angele did actually create sexually explicit
15  photos and videos of A.T.  But even that notwithstanding, and
16  that's a factual issue under the factors set forth in
17  this -- in *Overton* and in this Court's jury instruction for
18  the jury to find whether those videos and images do constitute
19  sexually explicit material.
20          Even if they don't, though, we've charged conspiracy.
21  And the crime for conspiracy is the agreement and the overt
22  act.  Here we have circumstantial evidence that the defendant
23  and his wife are setting up a camera in the bathroom.  That
24  they take a number of steps to capture photos and videos of
25  A.T.  And that those photos and videos then end up in a folder

1    labeled [A.T.] on the password protected side of the NAS,
2    which the defendant said he was the only one who had the
3    password to.
4            So this is -- whether that constitutes conspiracy,
5    whether it meets the elements is a factual question for the
6    jury to decide.
7            THE COURT:  Well, I don't really understand that
8    argument that distinguishes it between the substantive offense
9    and the offense of conspiracy.
10           MR. PEARSON:  So --
11           THE COURT:  Conspiracy subsumes -- the conspiracy is
12   to commit the underlying offense.  So I don't understand that
13   argument.
14           MR. PEARSON:  What we're saying is that we think they
15   actually completed the offense.  That they agreed to commit
16   this offense and then they acted and they were able to do it.
17   And that depends on whether the jury, under *US versus Overton*,
18   finds that the factors were sufficient to make these videos
19   and images of A.T. sexually explicit conduct.
20           But the crime in itself is the agreement.  And from
21   this Court's proposed jury instructions, first, that there was
22   an agreement between two or more persons to commit the crime
23   of sexual exploitation.
24           You can see that circumstantially from the steps that
25   they took.  From them setting up the camera together.  From

1   them removing the bathroom curtain, from them fixing the glare
2   in the camera and then from where the pictures end up.
3           And then second is the purpose.  And there's this
4   argument that the purpose here was just generally voyeurism,
5   to take videos of anyone.  But there weren't videos of just
6   anyone categorized on the Aurrora share.  It was only videos
7   of [A.T.] categorized.  And so our theory is that conspiracy
8   here is met at least to overcome a Rule 29 argument.
9           THE COURT:  Right.  The aspect of the argument that
10  I'm not really appreciating is the distinction between the
11  substantive offense of sexual exploitation of a minor and a
12  conspiracy to sexually exploit a minor.  I'm not -- if you're
13  trying to make a distinction how, even if we haven't submitted
14  evidence sufficient to convict of the substantive -- of a
15  substantive offense, we've somehow submitted evidence
16  sufficient with respect to a conspiracy to commit that
17  offense.
18          MR. PEARSON:  I --
19          THE COURT:  I really haven't heard any evidence
20  that -- here that suggests that there was an attempt or
21  conspiracy to accomplish a goal that wasn't, in fact,
22  accomplished.  I'm having a hard time following that argument
23  or that logic.
24          MR. PEARSON:  I admit that -- sorry.  Only to respond
25  to the defendant's argument that there's nothing sexually

```
 1  explicit here.  We disagree with that position.
 2          THE COURT:  Right.  I think I do too.  But that goes
 3  to the substantive offense.
 4          MR. PEARSON:  Sure.
 5          THE COURT:  As opposed to something special about the
 6  fact that, hey, we charged a conspiracy here.  I don't know.
 7  Maybe I'm missing the boat.
 8          MR. CAPOZZI:  My argument is, judge, there's not
 9  enough evidence here to show explicit --
10          THE COURT:  Yeah, I know.  I get your argument.
11          MR. CAPOZZI:  How can you agree if --
12          THE COURT:  I get your argument.  I'm about to
13  disagree with it.
14          MR. CAPOZZI:  Okay.
15          MR. PEARSON:  And I guess to --
16          THE COURT:  But I understand your argument.  I'm a
17  little not sure I understand what the government's argument
18  is.  But at any rate.
19          MR. PEARSON:  To boil it down, our argument is that
20  we don't need to show sexually explicit material was actually
21  produced because it's a conspiracy.
22          MR. CAPOZZI:  You have to show it.
23          THE COURT:  You're losing me there.  But how about
24  the pornography charge -- or the -- not pornography, the --
25          MR. CAPOZZI:  Receipt.
```

1         THE COURT:  Right.  Mr. Capozzi's made an argument
2    regarding receipt and distribution, saying that the
3    distribution -- any aspect of alleging that distribution
4    should be subject to a Rule 29 motion.  I thought this was a
5    receipt case.
6         MR. PEARSON:  It is a receipt case.
7         THE COURT:  Not a distribution case.
8         MR. PEARSON:  That's correct, Your Honor.
9         THE COURT:  Again, I'm learning the case as we go.
10   But Mr. Capozzi, is there some --
11        MR. CAPOZZI:  In the indictment it's charged receipt
12   and distribution.  Or distribution.  Receipt and distribution.
13   Which can be and/or.
14        THE COURT:  I think that my proposed jury
15   instructions only instruct the jury with respect to receipt.
16        MR. CAPOZZI:  That's correct.
17        THE COURT:  I didn't realize the government's theory
18   involved distribution.  Does it?
19        MR. PEARSON:  It doesn't, Your Honor.
20        THE COURT:  All right.
21        MR. PEARSON:  We always plead it that way.
22        THE COURT:  Okay.  So the -- I'm not going to be
23   referring to distribution either in the instructions and the
24   jury is not going to have the indictment.  So submitted?
25        MR. CAPOZZI:  Yes.

1           MR. PEARSON:  Yes, Your Honor.
2           THE COURT:  All right.  Well, I am denying the
3  defense motion.  I think when one goes through the elements of
4  sexual exploitation of a minor, first -- as alleged in Count
5  One, three elements.  First, that A.T. was under the age of
6  18.  That's undisputed.
7           Second, that the defendant or another person
8  employed, used, persuaded, induced, enticed or coerced A.T. to
9  engage in sexually explicit conduct for the purpose of
10 producing a visual depiction of such conduct.  That's what the
11 defense argument focuses on.
12          And third, that the defendant knew or had reason to
13 know that it would be mailed or shipped or that the visual
14 depiction was produced using materials that have been used and
15 shipped, specifically a computer or hard drive was made out of
16 state, that the visual depiction was mailed or actually
17 transported.  I think that element has been -- through the use
18 of the computers has been established.
19          So really, the argument focuses on the second
20 element.  And that takes a few steps.  I think it was
21 something that Judge Ishii talked to you quite a bit about
22 leading up to the trial.  I haven't had one of these before
23 either.  But my understanding of the law, now that I've sat
24 down and studied the appropriate instructions, there are a few
25 steps with respect to the sexually explicit conduct element.

1             Sexually explicit conduct means a number of things,
2    but part of them are lascivious exhibition.  And lascivious
3    exhibition, in turn, under *Dost*, the *Dost* factors, and the
4    Ninth Circuit's decision in *Overton*, can include consideration
5    of whether the minor is fully or partially clothed or is nude.
6    That factor is present here.
7             And I think, in *Owens*, also whether the depiction is
8    intended or designed to elicit a sexual response from the
9    viewer.  And here, that is a question of fact for the jury to
10   resolve as the finder of facts, whether the depictions, which
11   have been admitted into evidence, which clearly include
12   par -- pictures of A.T. partially clothed or without clothes
13   were also intended or designed to elicit a sexual response
14   from the viewer.
15            The government's going to point to the fact that
16   they're stored in a number of places, that they're categorized
17   into files, reflecting the age of A.T. at the time all as
18   circumstantial evidence indicating that, yes, those
19   screenshots, as well as videos themselves, were made and then
20   categorized in such a way as to suggest that they were
21   intended or designed to elicit a sexual response from the
22   viewer.
23            The defense is going to argue that they were not.
24   And the jury is going to be called upon ultimately to make
25   that decision.

1        But as far as I'm concerned, there is sufficient
2   evidence from which a reasonable jury could find that they
3   were.  And for that reason, I deny the defense Rule 29 motion
4   in its entirety.
5        (The proceedings were concluded at 10:48 a.m.)
6
7        I, KAREN HOOVEN, Official Reporter, do hereby certify
8   that the foregoing transcript as true and correct.
9
10  DATED:   30th of November, 2017        /s/  Karen Hooven
                                            KAREN HOOVEN, RMR-CRR