1 **ANTHONY P. CAPOZZI, CSBN: 068525**
**LAW OFFICES OF ANTHONY P. CAPOZZI**
2 1233 W. SHAW AVE., SUITE 102
FRESNO, CALIFORNIA 93711
3 PHONE: (559) 221-0200
FAX: (559) 221-7997
4 EMAIL: anthony@capozzilawoffices.com
www.capozzilawoffices.com
5

6 ATTORNEY FOR Defendant,
ADAM ALAN HENRY
7

8 UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA

10 * * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 1:13-CR-00409 DAD |
| Plaintiff, | |
| v. | **FORMAL OBJECTIONS TO THE PRESENTENCE REPORT** |
| | *Evidentiary Hearing Requested* |
| ADAM ALAN HENRY, | |
| Defendant. | |

**TO:   THE HONORABLE COURT AND TO THE UNITED STATES ATTORNEY:**

Defendant, ADAM HENRY, by and through his attorney of record, Anthony P. Capozzi, hereby objects to the Presentence Report as follows:

**1) Page 7, Paragraphs 14 – Footnote 7.**

All Shareaza programs had sharing disabled. **EVIDENTIARY HEARING REQUESTED.**

**2) Page 7, Paragraph 14.**

The Defendant is not aware of any child pornography videos three hours in length, nor of any child pornography depicting bondage. Bondage was an interest of Defendant's wife, Angele Henry. **EVIDENTIARY HEARING REQUESTED.**

**3) Page 7, Paragraph 15.**

Investigators also noted some of the files depicted child pornography dating back to 2005.

The child pornography was put on a computer which dates back to 2005. Evidence established that the child pornography on item 16 (computer in garage) was not downloaded but came from another device. The child pornography on item 16 was not in Shareaza. **EVIDENTIARY HEARING REQUESTED.**

**4) Page 9, Paragraph 23.**

The Defendant should be entitled to a minor role in that the evidence was overwhelming that the Defendant was unaware of the video taken of the minor.

## VICTIM IMPACT

**5) Page 9, Paragraphs 24-26.**

The Defendant objects to any victim loss and for the payment of restitution (EHR).

## ADJUSTMENT FOR OBSTRUCTION OF JUSTICE

**6) Pages 9-10, Paragraphs 28-29.**

The Defendant did not provide materially false information to a judge or provide a materially false statement to a law enforcement officer that **significantly** obstructed or impeded the official investigation or prosecution of this case.

The Defendant testified that he never KNOWINGLY downloaded child pornography.

The Defendant testified that he did not enter search terms associated with child pornography. Indeed, the evidence established that the child pornography terms were all associated with the Defendant's wife, Angele Henry's interest in Renaissance, corsets, etc. Numerous witnesses testified that the Defendant's wife had access to his computer at work at the exact time the search terms were entered.

The finding of guilt **does not** equate to the Defendant committing perjury. The jury was not presented with the polygraph examination administered by former Lt. Melvin King of the

Fresno Police Department.

Accordingly, an enhancement for obstruction of justice should not be assessed.

## OFFENSE LEVEL COMPUTATIONS

**7) Page 10, Paragraph 37.**

The Defendant objects to the two level enhancement pursuant to United States Sentencing Guidelines (USSG) 3C1.1.

Count 2

**8) Page 12, Paragraph 51.**

The Defendant objects to the two level enhancement pursuant to USSG 3C1.1.

**9) Page 10, Paragraph 33-37.**

Count 1

| | |
|---|---|
| 2G2.1(a) | 32 |
| 2G2.1(b)(1)(B) | +2 |
| | 34 |
| 3B1.2(b) | - 2 |
| | 32 |

**10) Pages 11-12, Paragraphs 38-59.**

Count 2

| | |
|---|---|
| 2G2.2 | 22 |
| 2G2.2(b)(2) | +2 |
| 2G2.2(b)(4) | +4 |
| 2G2.2(b)(6) | +2 |
| 2G2.2(b)(7)(D) | +5 |
| Total Offense Level | 35 |
| Multiple Count Adjustment | +2 |
| | 37 |

///

## MENTAL AND EMOTIONAL HEALTH

**11)  Pages 15-16, Paragraphs 79-81, Footnote 16.**

It is requested the court receive a report from Kings View Hospital and the reports from Dr. Howard B. Terrell and Dr. Harold L. Seymour.

## PART D: SENTENCING OPTIONS

**12) Page 17, Paragraph 94.**

The minimum term of imprisonment is 5 years and the maximum term is 20 years on Count 2 for a violation of 18 U.S.C. 2252(a)(2).  **Not** a minimum term of 15 years.

**13) Page 18, Paragraphs 106-107.**

Defendant objects to any order of restitution.

## FACTORS THAT MAY WARRANT SENTENCE OUTSIDE
## OF THE ADVISORY GUIDELINE RANGE

Pursuant to *Booker* and *FanFan* the court should consider the factors set forth in 18 U.S.C. § 3553(a) in determining the Defendant's sentence.

The Defendant has a unique history experiencing a chaotic childhood that included a brain injury suffered while he was in the womb; physical and emotional abuse at the hands of his adopted father and at one point in his youth committed to a mental health facility.

All mental health reports indicate that the Defendant is not a predator and is a low risk re-offender.

The Defendant's wife is being prosecuted by the State of California in Stanislaus County in *People v. Angele Henry*, case number 4004512, and from the video tapes displayed at the trial she was the major figure in the exploitation of the minor.  Angele Henry is charged with the following offenses:  Penal Code § 288(c)(1), Lewd & Lascivious Act with a Child 14-15, When the Defendant is 10 years or more Older than the Child; Penal Code § 311.4(c), Use, etc. of an Underage Person for Obscene Matter; Penal Code § 311.11(a), Possession, etc. of Obscene Matter: Minor in Sexual Acts. **The maximum penalty is three years.**

1    The relevant guidelines for Count 2 does not appear to result from the Commissions
2 mission to determine the guidelines based upon national experience and empirical data but
3 rather based on frequent mandatory minimum legislation and specific congressional directives
4 to the commission to amend child pornography guidelines.
5    The Defendant objects to the prohibition of access to a computer and the internet while
6 on supervised release.
7    It is respectfully requested that the Defendant be sentenced substantially below the
8 guideline range.

9                             Respectfully submitted,

10   DATED:        April 16, 2018         By:   */s/Anthony P. Capozzi*
11                                               ANTHONY P. CAPOZZI
                                                 Attorney for Defendant ADAM ALAN HENRY