**ANTHONY P. CAPOZZI, CSBN: 068525**
**LAW OFFICES OF ANTHONY P. CAPOZZI**
1233 W. SHAW AVE., SUITE 102
FRESNO, CALIFORNIA 93711
PHONE: (559) 221-0200
FAX: (559) 221-7997
EMAIL: Anthony@capozzilawoffices.com
www.capozzilawoffices.com

ATTORNEY FOR Defendant,
ADAM ALAN HENRY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

* * * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ADAM ALAN HENRY,<br><br>　　　　　Defendant. | Case No.: 1:13-CR-00409 DAD-BAM<br><br>**ADDENDUM TO DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO MOTION FOR ACQUITTAL AND NEW TRIAL**<br><br>Date: April 30, 2018<br>Time: 1:30 p.m.<br>Court: 5 |

**TO:　THE ABOVE ENTITLED COURT AND TO THE UNITED STATES ATTORNEY GENERAL FOR THE EASTERN DISTRICT OF CALFIORNIA:**

　　　Defendant, Adam Alan Henry, by and through his attorney Anthony P. Capozzi, files this Addendum to his Reply to the Government's Opposition to Defendant's Motion for Acquittal under Rule 29(c) and for New Trial under Rule 33(a).

　　　In *Jackson v. Conway,* 763 F.3d 115, (2nd Cir. 2014), cert. denied 135 S. Ct. 1560 (2015), a state of New York case, on a habeas corpus petition before the district court and later to the appellate court, on facts similar to the instant case, the court held that since an in custody defendant was not informed by Child Protective Services (hereinafter "CPS")

caseworker that his statements could be introduced at his criminal trial, the state should not have been permitted to rely on those statements to secure the defendant's conviction. The court found that the admission of the CPS caseworker's testimony at trial violated the defendant's right to be free from compelled self-incrimination under the Fifth and Fourteenth Amendments. (*Id.* at 140.) The facts are as follows:

Jackson was accused of rape, taken to the police department and questioned. As he attempted to leave he was formally arrested and after being informed of his Miranda rights, he invoked his right to remain silent and refused to speak to the police. Later that day, a member of the police department contacted CPS about the incident. The CPS caseworker contacted the detective that interrogated the defendant and requested an interview with the defendant regarding the sexual abuse allegations. (*Id.* at 122.)

The detective escorted the defendant from his holding cell to a table in the hallway where the CPS caseworker sat. The detective went around the corner within earshot of the conversation. (*Id.* at 122)

The CPS caseworker knew that the defendant was in custody and had refused to speak with the police. The CPS caseworker introduced herself as a CPS caseworker, explained her role, and asked about the victim's allegations. The CPS caseworker **did not** inform the defendant of his rights to an attorney or give him any other warnings. The defendant agreed to speak with the caseworker. (*Id.* at 122.)

During the interview, the defendant described his sexual relationship with his current wife and ex-wife. Eventually he told the caseworker about the events of the night that led to his arrest and the allegations of raping his minor daughter, thus implicating himself. (*Id.* at 123.)

The defendant was charged with the sexual abuse of all three women and at the trial court level a suppression hearing was held to determine the admissibility of the defendant's statements to the CPS caseworker. The defense argued that the CPS caseworker acted as an agent of the police when she interviewed the defendant on the day of his arrest. The trial court held that the defendant was interviewed "as part of a completely separate civil

proceeding" and "did not act as a law enforcement officer." The trial court held that the CPS caseworker was not required to give the defendant Miranda warnings and therefore his statements to the CPS caseworker were admissible at trial. (*Id.* at 123.)

All appeals of the defendant's conviction were denied at the state level. The defendant filed a habeas application in the United States District Court for the Western District of New York with the magistrate judge holding

> the rejection of Jackson's Miranda claim was both contrary to an unreasonable application of clearly established Supreme Court precedent, and that admission of the his post-arrest statement to [the CPS caseworker] was sufficiently injurious as to warrant habeas relief on the convictions involving [the juvenile].

(*Id.* at 131.)

On appeal to the Second Circuit Court of Appeals the court stated that the issue is not

> *whether the CPS caseworker's initiation of civil child abuse proceedings implicated the defendant's right to counsel, but whether the admission at the defendant's criminal trial of his statements, to the CPS caseworker violated his Fifth Amendment right to be free from compulsory self-incrimination.* (emphasis added).

(*Id.* at 135, footnote 21)

The appellate court agreed with the magistrate judge that the state's rejection of the defendant's Miranda claim constituted an objectively unreasonable application of Miranda. The court stated that the admission of the defendant's statements had a substantial and injurious effect or influence on the jury's verdict as to the count's involving the juvenile and affirmed the magistrate judge's judgement insofar as it granted relief on the counts involving the juvenile. (*Id.* at 135, 138)

The appellate court specifically stated that the CPS caseworker knew at the time of the interview that the defendant had been arrested and was in police custody as a result of the same sexual abuse allegations that she was investigating. Therefore making it clear that the CPS caseworker should have known that her express questioning, about the juvenile rape allegations, and whether the defendant "did anything to [the juvenile]" could elicit an incriminating response. (*Id.* at 139) Because the defendant was not informed, prior to the

interrogation, that his statements to the CPS caseworker could be introduced at his criminal trial, the state should not have been permitted to rely on those statements to secure the defendant's conviction.

Accordingly, the court held that the admission of the CPS caseworker's testimony at trial violated the defendant's right to be free from compelled self-incrimination under the Fifth and Fourteenth Amendments. (*Id.* at 140.)

The court further found that the testimony was not harmless since the testimony had a substantial and injurious effect or influence in determining the jury's verdict. (*Id.* at 142.)

**ANALYSIS:**

The *Jackson* case has facts almost identical to that of Mr. Henry.  Instead of being interviewed at the police department, Mr. Henry was interviewed at his home by a CPS social worker.  Indeed, a detective requested that CPS social workers accompany the FBI and the local police in searching Mr. Henry's home. (Report of FBI SA Mark Lucas, mentioning the participants which included a CPS officer. (Exhibit A)  Report of Detective Hively, where he requested a social worker to accompany the police during the search. (Exhibit B)  Report of CPS Social Worker Ruezga, where he indicates that, at the request of Detective Hively, he attended a briefing prior to the search, took part in the search of Mr. Henry's home, and then he specifically states that he **interviewed** Mr. Henry where the Defendant made statements implicating himself, i.e. that his wife had nothing to do with his charges. (Exhibit C))

Mr. Ruezga testified that he knew the Defendant was arrested, was in custody and that the Defendant had invoked his Miranda rights.  But yet, undaunted, continued to interview the Defendant without explaining to the Defendant that any statements he made could be used against him at trial.  Based upon the holding in *Jackson, supra*, the admission of the Defendant's statement at trial violated the Defendant's right to the Fifth Amendment to be free from compelled self-incrimination.

The testimony of Mr. Ruezga cannot be considered harmless error in that Mr. Ruezga's testimony completely undermined and contradicted the Defendant's theory of the case.

It is respectfully requested that the court grant the Defendant's request for a mistrial on both counts.

Respectfully submitted,

Dated: April 27, 2018        By: */s/Anthony P. Capozzi*
                                 ANTHONY P. CAPOZZI
                                 Attorney for ADAM ALAN HENRY