McGREGOR W. SCOTT
United States Attorney
DAVID GAPPA
ROSS PEARSON
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone:  (559) 497-4000
Facsimile:   (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>ADAM ALAN HENRY,<br><br>                    Defendant. | CASE NO.  1:13-CR-0409-DAD<br><br>GOVERNMENT OPPOSITION TO DEFENSE MOTION FOR RECONSIDERATION OF DENIAL OF MOTION FOR ACQUITTAL UNDER RULE 29(c) AND FOR NEW TRIAL UNDER RULE 33(a)<br><br>DATE: September 10, 2018<br>TIME: 10:00 a.m.<br>COURT: Hon. Dale A. Drozd |

## I.      INTRODUCTION

The defendant has moved for reconsideration of the court's decision and order (filed July 13, 2018) that denied the defendant's motion for judgment of acquittal under Federal Rule of Criminal Procedure (FRCP) 29(c) or for a new trial under FRCP Rule 33(a).  The court should deny the defendant's most recent motion, because it lacks merit.

## II.      THE GOVERNMENT'S POSITIONS

The defendant has suggested that the court did not consider an addendum to its reply to the government's opposition to the defense motions for new trial or judgment of acquittal.   This is misleading and incorrect.  The record reveals that the court on November 27, 2017, set a deadline of January 8, 2018, for the defendant to file post-trial motions.  Docket Entry 244.  The defendant filed a motion with attachments by that deadline.  Docket Entries 254-256.   The government opposed the motion for new trial on February 26, 2018.  Docket Item 278.  The government also opposed having

another hearing to revisit issues related to Antonio Ruezga's testimony.  Docket Items 271 and 272.  The defendant filed a reply on April 2, 2018.  Docket Item 285.  He filed an "addendum" to that document on April 27, 2018.  Docket Item 292.  The court then conducted a hearing on April 30, 2018, at which it referenced pleadings that had been filed through that date.  The court also entertained arguments at the hearing.  Transcript of April 30, 2018, Hearing (April 30 Transcript).   The court stated that it was taking the motions under submission and would issue a minute order if any additional testimony were needed on any issue connected to Ruezga's rebuttal testimony.  April 30 Transcript at 36, 44.

The defendant has based his current motion on an alleged "failure to consider all motions," but he has failed to identify which motion the court allegedly did not consider.  It appears that his grievance, more accurately, is that the court failed to consider an addendum to a reply brief.  Reply briefs generally are optional, and even the United States Court of Appeals for the Ninth Circuit will proceed to a decision without waiting for a reply brief.   Here the court reviewed and considered not only a reply but also an addendum to that reply.   The court specifically stated in its order filed July 13, 2018, that it "considered the parties' briefing, and having heard the arguments of counsel . . . defendants' [sic] motions will be denied."  The court referenced hearings on April 30, 2018, and May 29, 2018, both of which took place after the defendant's addendum was filed.  The record contradicts the defendant's allegation that the court did not consider everything that the defendant had filed and argued.

Not only has the defendant incorrectly asserted that the court did not consider a pleading, he has also incorrectly stated that "an [e]videntiary hearing was not held to establish whether the Defendant's statement was voluntarily made."  Docket Item 311 at 4, lines 5-6.   The government previously outlined the extensive record of the defendant's unsuccessful efforts to exclude Ruezga's brief rebuttal testimony.  Docket Item 278 at 8-13; Docket Item 271.  The court also devoted several pages of its July 13, 2018, order denying the defendant's motions to an analysis of the admissibility of Ruezga's testimony.  The court specifically addressed the voluntariness of Ruezga's testimony at pages 12-14 of its order.  The record contradicts the defendant's position, and the court should decline the defendant's request to relitigate these issues yet again.

Finally, although the defendant has reiterated arguments about discovery, including an argument that he previously had withdrawn, he has not shown that the court in any way erred when it found that

there was no discovery violation because the government complied with all of its discovery obligations. The government outlined in Docket Item 272 how it made discovery available to the defense.   When the defense pursued an argument that there had been a discovery violation at the April 30, 2018, hearing, the government revealed that the defense expert had recently visited the Ceres Police Department and confirmed that all of the images of A.T. had been made available for defense review years in advance of the trial.  Defense counsel then told the court that "this issue isn't a crucial issue . . . rule against us on this, judge.  I'll withdraw [the motion.]  I don't want to take up your time on this issue."  Transcript at 5, lines 21-25.  The court indicated its intention to deny the motion and defense counsel reiterated that "this isn't a crucial issue.  I'll withdraw".  The court then conducted an evidentiary hearing on May 30, 2018, and denied the defense motion in its order dated July 13, 2018.  The defendant has not pointed to any error in the court's factual findings or legal conclusions, so his motion for reconsideration of the decision of this issue should be denied.

### III.    CONCLUSION

The court should deny the defendant's motion, because it lacks merit.

Dated:  September 5, 2018

McGREGOR W. SCOTT
United States Attorney

By:  /s/ DAVID GAPPA
DAVID GAPPA
ROSS PEARSON
Assistant United States Attorneys