UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. ANTHONY W. ISHII, JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13-CR-409-DAD |
| | ) | |
| vs. | ) | MOTIONS |
| | ) | |
| ADAM ALAN HENRY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Fresno, California              Monday, May 8, 2017


REPORTER'S TRANSCRIPT OF PROCEEDINGS


KAREN HOOVEN, RMR-CRR
Official Court Reporter
CSR No. 5816

APPEARANCES OF COUNSEL:

For the Plaintiff:          United States Attorney's Office
                            BY: **DAVID L. GAPPA**
                            and **ROSS PEARSON**
                            2500 Tulare Street
                            Suite 4401
                            Fresno, California 93721


For the Defendant:          Law Offices of Anthony P. Capozzi
                            BY: **ANTHONY P. CAPOZZI**
                            1233 West Shaw Avenue
                            Suite 102
                            Fresno, California 93711

1    Monday, May 8, 2017                        Fresno, California

2    12:17 p.m.

3          THE CLERK:  Court calls item number two.  13-CR-409.

4    United States versus Adam Alan Henry.

5          MR. CAPOZZI:  Your Honor, Tony Capozzi appearing with

6    Mr. Henry.  He's present in custody.

7          MR. GAPPA:  Good morning, Your Honor.  David Gappa

8    and Ross Pearson for the United States.

9          THE COURT:  Good afternoon.  This is the date and

10   time set for hearing on various motions and the pretrial

11   conference.  I'm not sure what order you want to go in.  First

12   of all, I think we do need arraignment on the superseding

13   indictment.  And then there are motions that have been filed

14   by defense that maybe we should take up first.

15         But anyway, let's start off with the arraignment

16   then.

17         MR. CAPOZZI:  Your Honor, we received a copy of the

18   superseding indictment.  Waive the reading of it.  Waive the

19   recitation of his constitutional rights and like to plead not

20   guilty to each and every count.

21         THE COURT:  All right.  The not guilty plea will be

22   entered then.

23         All right.

24         MR. CAPOZZI:  If I could suggest on the order, judge.

25         THE COURT:  Sure.

4

1          MR. CAPOZZI:  On the motion for dismissal, I would

2     submit that.  I spoke to the U.S. Attorney and I -- we have a

3     difference of opinion on the dates that we look at.  But I

4     think I would submit it.  But my argument was based upon the

5     time of the indictment, the first indictment came down, the

6     statute, the five-year statute would have already expired for

7     the 2005 date.  But the government, in its brief, pointed out

8     that the statute had been extended before the indictment came

9     down.  So I can see the government's argument there and just

10    submit it, Your Honor.

11         THE COURT:  Very well.  And it does appear, then,

12    that the opposition on the legal issue is correct by the

13    government.  And therefore, on that ground only, I will deny

14    the motion to dismiss.

15         MR. CAPOZZI:  Okay.  I don't know whether we want to

16    do the continuance at this point.  Let's do that now, I guess,

17    if that's okay with the Court.

18         THE COURT:  Sure.

19         MR. CAPOZZI:  I really don't want a continuance, but

20    in talking to Mr. Lawson, our expert, he, as I said in my

21    declaration, has a problem with his office which is in total

22    turmoil.  And I asked him last week, "Can you get to the FBI

23    office in Sacramento to review these new items?"  He says, "I

24    don't think I can, I really would appreciate a continuance in

25    this case."

1          I spoke to the U.S. Attorney in the case.  If we do,

2   we're looking -- if the Court does grant it, we're looking at

3   maybe 30 days.  But I'd like to have the opportunity to push

4   Mr. Lawson to see if he can possibly get this meeting done

5   with the FBI and look at these items that we want done before

6   we really make a decision on this.  But I'm not sure how to do

7   it, judge.

8          THE COURT:  Okay.  Government response?

9          MR. GAPPA:  Your Honor, I think the Court would have

10  received and reviewed our opposition.

11         THE COURT:  Yes.

12         MR. GAPPA:  In there, we articulated the number of

13  times the case has been set for trial and the number of

14  continuances that have been granted.  As well as the time that

15  the evidence has been available for review.  If you do grant

16  it, it was a superseding indictment.  It was returned and

17  filed in the middle of March, however it really didn't change

18  anything materially other than expand the date.  But that date

19  range had already been expanded, at least through the

20  government's view of the evidence, under the motions that had

21  been filed.  But nonetheless, all the evidence has been

22  available.  So there's really nothing new to review.  It would

23  simply be a matter if they want to review the same things that

24  have been made available for several years.

25         MR. CAPOZZI:  If I can respond, Your Honor.

6

1          THE COURT:  Yes.

2          MR. CAPOZZI:  Yes, discovery had been provided but

3    certain items had not.  We asked back on July 6, 2015 for the

4    telephone records of the parties involved here.  That was July

5    of 2015.  In a memo I wrote again to the U.S. Attorney, the

6    other U.S. Attorney handling the case, in September 2016,

7    "Would you please provide those records in PDF form so our

8    expert can review them?"

9          The way that the discovery had been presented was not

10   in the form that we could download and review.  Again, we have

11   the records now.  And we got it towards the end of the year

12   last year.  And there's still some that are missing, but I

13   think our expert can get into it and look at this and clarify.

14   Again, if he can do this before the next trial date, I don't

15   want a continuance.  But I'd like to leave that open until

16   this point.  Again, the government did file a superseding

17   indictment which expanded the indictment here.  And I think we

18   are entitled to additional time to prepare for that expansion.

19         THE COURT:  All right.  On the issues raised, which

20   is the request to continue the trial and the basis for that

21   was the issue regarding the --

22         MR. CAPOZZI:  Expert Lawson.

23         THE COURT:  -- expert.  So I don't really have

24   anything in front of me substantively as far as preparation,

25   something -- and I'm not going to foreclose that possibility.

1   You folks might need to meet and confer on this to decide

2   whether or not.  But here's the concern I have.  And when you

3   meet and confer and you can even do it today and we can

4   reconvene this afternoon.

5          But Mr. Capozzi, you were substituted in as the

6   attorney of record on December 9, 2013.  At that time we had a

7   jury trial date set of January 28, 2014, which I vacated of

8   course because new counsel had come in.  So you've been the

9   attorney of record for three years and five months.  There

10  were several continuances of the status conferences before the

11  magistrate judges and a jury trial was set for December 8,

12  2014 from June -- no, I'm sorry.  On December 8, 2014, almost

13  a year after you had became the attorney of record.  Trial

14  date was again continued to June 1st, 2015.

15         Mark Lawson, the expert in this case, was retained

16  and he's been the retained expert for about two years.  The

17  jury trial -- because of his retention, though, the jury trial

18  date was continued to August the 4th, 2015.  On July 17, 2015,

19  shortly before the trial, Mr. Lawson indicated he needed more

20  time.  So we continued the trial date, again a brief period,

21  relatively brief, to December 15, 2015.

22         On November 23rd, 2015, again, shortly before the

23  trial at a hearing, the parties agreed that the trial date

24  would be continued to February 17, 2016.  On February 1st,

25  2016, again, shortly before the trial at a hearing, the jury

1 trial date was continued to April 5th, 2016.

2     On March 22nd, 2016, there was a stipulation filed to

3 move the trial date to July 26, 2016.  On May 13, 2016, there

4 was another stipulation to continue the jury trial to August

5 10, 2016.  On July 21, 2016, again shortly before the trial,

6 there was a stipulation to continue the trial date to

7 September 13, 2016.

8     On September 6, 2016, again shortly before the trial,

9 there was a stipulation to continue the trial date to December

10 13, 2016.  On November 17, 2016, there was another stipulation

11 to continue the trial date to February 14, 2017.  On January

12 9th, 2017, at a hearing, the jury trial date was continued to

13 April 25th, 2017.  Shortly after that hearing, there was a

14 stipulation on January 19, 2017 to continue the trial date to

15 June 14, 2017.

16     Bottom line is Mr. Lawson had plenty of time to do

17 whatever he needed to do.  And if he got this material, this

18 most recent material in December, he's had at least four

19 months.  Obviously he has run into a personal situation now,

20 but that certainly does not excuse his conduct or lack thereof

21 throughout the two years that he's been retained.

22     So, you know, basically my concern is this case has

23 been dragging on, there's been brief continuances over and

24 over and over again.  This case has got to go to trial.  And I

25 don't find that there's sufficient information for me to find

9

1  that Mr. Lawson's personal issues justify a request for

2  continuance.  On that basis, I'm going to deny the request for

3  the continuance with respect to Mr. Lawson's situation.  It's

4  just a matter -- every time we continue it, it seems that

5  gives him more time to procrastinate.  And that's just not

6  what we can do on that.

7          So with respect to the motion for a short continuance

8  filed May 3rd, 2017 based upon Mr. Lawson's personal issues,

9  I'm going to deny the motion to continue the jury trial.

10         MR. CAPOZZI:  Again, I will followup with Mr. Lawson

11 again to see if I could get a meeting set up in Sacramento to

12 go over these items.  And I'll talk to the U.S. Attorney about

13 that.

14         There were a number of stipulations to continue this

15 case, judge, they weren't all on behalf of the defense.

16         THE COURT:  No, no, no.

17         MR. CAPOZZI:  Just wanted to be sure.

18         THE COURT:  Didn't mean to say that, didn't mean to

19 imply it.  But some of them did relate to Mr. Lawson needing

20 more time.  Others were joint stipulations.

21         MR. CAPOZZI:  Yeah.

22         THE COURT:  And so --

23         MR. CAPOZZI:  I agree with that.

24         Okay.  Where do we want to go from here?

25         THE COURT:  Okay.  There's a request to take the

1    deposition of Mr. Pearce.  My concern, and the government has

2    raised this is, one thing, of course, is he's out of my

3    jurisdictional reach.  And there is -- based upon what

4    he -- the information provided to me that he would establish

5    Angele Henry's interest in young children, including work in

6    early childhood education and as a Sunday school teacher.

7            I don't see how that's relevant to anything.  It

8    seems very commendable on her part.  I'm sorry.  Youth leader.

9    Her accusations against Mr. Pearce.  You know, we're not

10   dealing with Mr. Pearce.  And apparently we're not

11   really -- and I don't even know if Angele Henry is going to be

12   testifying, either called by the defense by the government.

13   The government has indicated they're not going to call her.

14           Her willingness to make false allegations.  I assume

15   that's based on her alleged accusations against Mr. Pearce.

16   And I'm really concerned, I don't have enough information from

17   this as to what transpired there, whether it has any

18   relationship or the relevancy into this particular trial.  I

19   recognize that defense contention is that she's the

20   perpetrator in this case and not him.  So I understand that,

21   not discount that.  And her role playing, which I have no idea

22   what role playing means.

23           Anyway, it's just not enough for me to find his

24   relevance.  There's little information on the motion in limine

25   as to what he would or would not say.  There's no

1    indication -- now, apparently, I don't know if he's refusing

2    to come to trial or not.  But again, I can't make him come to

3    the trial.  I can't make him come to the United States for a

4    deposition.  And I'm not in a position, at least at this point

5    in time, to say that I'm going to order a deposition to be

6    taken in a foreign country authorizing either the defense or

7    requiring the government to do so based on what I received.

8         And I realize, Mr. Capozzi, from your standpoint, you

9    had to hustle to get this in and you may not have had the

10   opportunity to really get into more detail than necessary.

11   Although, you know, I do note that in the motion to

12   continue -- Mr. Henry's motion to continue the jury trial

13   filed December 30th of 2016, there's already a reference in

14   there as to Angele Henry, Adam Pearce, that he's a university

15   professor who lives in Toronto, et cetera.

16        So all of this information, you know, as far as her

17   being the perpetrator, Mr. Pierce's possible involvement, if

18   you will, psychological evaluation, et cetera, were disclosed

19   to me back in December when I -- based on that, I granted the

20   continuance to February of 2017.  So it's not like this popped

21   up yesterday.

22        MR. CAPOZZI:  It did not, judge.  And the

23   defendant's -- the defense in this case is that he was not the

24   one who put the search terms in, not the one who downloaded

25   any of this child porn.

12

1          THE COURT:  Right.

2          MR. CAPOZZI:  And his position is is that it was his

3    wife who did this.  Came by the office when he wasn't there,

4    put search terms in on a peer-to-peer and these child videos

5    came in.  There's no question between the two of them, they

6    were both into adult pornography.  He did download adult

7    pornography.  But she did the search terms for the child

8    pornography.  And the search terms, we will show a

9    relationship between those terms used and the terms and her

10   interest in the child porn.

11         She grew up in Canada.  She's French Canadian.  The

12   French terms, many of them are French related terms that my

13   client would know nothing about.  And at the times these

14   things were downloaded when he was not there at the office, at

15   the times many of these were viewed when he was not at home.

16   And these were on the home computers.  And we would show that

17   these child porn weren't on his computers but rather on her

18   computers.

19         And we were going to call her as a witness to

20   testify.  But she's been charged up in Modesto, Stanislaus

21   County, on similar charges.  Similar to Count One in this

22   case.  But her case keeps getting continued, more than this

23   case has, and I think it's simply because to prevent her from

24   testifying and taking the Fifth in this case.  We were

25   anticipating calling her as a witness and bringing in Mr. Adam

1 Pearce to show the same characteristics, the same things that
2 applied here in this case applied in his case.  That was the
3 only reason why we'd be calling him as a witness.

4         THE COURT:  Okay.  Yeah.  And again, with more
5 detail, et cetera, I don't want to preclude the
6 government -- and obviously at this point in time, I've
7 already made my ruling.  But if you get into more detail and
8 something, obviously the government will be allowed to
9 respond.  I guess I'd have to re-open motions in limine or
10 whatever just so that we don't delay the trial.  But I don't
11 know.  I don't know if character -- I don't know if there are
12 issues regarding the admissibility of character evidence or
13 403 or whatever as to either her or Mr. Pearce.  I just don't
14 know.  All I can tell you is what little I received.

15         And again, I realize that as counsel you're under the
16 gun trying to get this stuff together when you have an out of
17 the country potential witness and a potential perpetrator
18 who's facing her own criminal charges.  So I realize that you
19 have a very difficult road to hoe.  But all I'm saying is what
20 I received so far is not enough for me to grant a continuance
21 or to grant permission to take a deposition of an out of the
22 country witness.

23         So I'll deny that motion.  But I will -- obviously
24 all rulings are without prejudice --

25         MR. CAPOZZI:  Understand.

1          THE COURT:  -- as we proceed forward.  So at any

2     rate, that's -- I don't know if either side wants to be heard

3     further on either of the defense motions.

4          MR. CAPOZZI:  I don't.  I'm okay with the rulings

5     now.  And I understand what the Court is saying.

6          THE COURT:  Government?

7          MR. GAPPA:  No, Your Honor.

8          THE COURT:  Okay.  Now, there were a number of things

9     filed pre-trial and just a couple of them are just references

10    or notices.  Mr. Henry did provide timely notice of alibi

11    defense in January.  I don't know if there are any issues.  If

12    not, then I'll just move on on the ones where simply notices

13    were filed for which there has been no response.

14          There is -- there was a defense motion in limine

15    filed December 29th asking for names of experts and reports,

16    et cetera, from the government.  Has the government complied

17    with that?

18          MR. CAPOZZI:  They have, Your Honor.

19          THE COURT:  Okay.  So that's been done.  And Mr.

20    Henry has provided notice of evidence of mental condition and

21    has provided the names of four potential witnesses in this

22    case.  And that was filed December 29th.  That's document 94.

23    Document 95 indicates that the disclosures were made with

24    respect to the CB -- I assume the report, et cetera.

25          So with respect to those four potential witnesses,

1    does the government have anything else on that?  Has the

2    defense provided the relevant discovery.

3          MR. GAPPA:  Well, Your Honor, I don't know that we've

4    gotten anything beyond the initial assessments.  So it was, in

5    general, the government's experience that if there is going to

6    actually be a witness called that's going to give an expert

7    opinion, that they give some more focused opinion.  And we

8    haven't, I don't think, conceded that those people necessarily

9    have relevant testimony to offer.

10         THE COURT:  Well, you know, this isn't before me.

11   But obviously both parties have to comply with requirements

12   with respect to expert disclosures and what has to be

13   provided.  And if they're not provided, then, you know, that

14   becomes a problem.  But you know, right now it's sort of in

15   limbo.  And I don't know if the defense can provide more

16   information, whether the government is going to

17   provide -- then attempt to file a late motion in limine to

18   limit, preclude, whether or not we have to have a *Daubert*

19   hearing or whatever.  I'll tell you right now I'm going to

20   keep the trial date and you folks are going to need to

21   scramble, but you just don't want to be going into trial not

22   knowing what I'm going to do on some of these witnesses.

23         MR. CAPOZZI:  Judge, the reports, the interviews that

24   these doctors or experts have had with the defendant have been

25   submitted.  Mr. -- Dr. Malinek I'm not sure has.  I thought it

1   has been.  But they would be testifying to what's in the

2   reports.

3           THE COURT:  All right.  And again, I'll leave it to

4   both sides.  If there's any concern, then it's the

5   government's -- depending on when they were filed, the

6   government -- if they were filed after the time frame for

7   motions in limine, the government is going to need to attempt

8   to re-open motions in limine or whatever so we can address

9   those.  We'll have to do it on a very short time frame so we

10  don't lose the trial date.  So -- and if it was disclosed

11  quite a while ago and if the government just didn't file a

12  motion in limine, then the defense can object to any late

13  filed motions in limine, et cetera.  And we'll see where that

14  goes.

15          There's also a notice of disclosure of an expert

16  witness.  And this is for Mr. Lawson.  And attached to that

17  motion is the CV for Mr. Lawson, or Dr. Lawson.  I don't

18  know -- it's a CV, I don't have the report obviously.  So

19  again, if there's an issue there, it needs to be addressed

20  pre-trial.  And, if necessary, by way of motion in limine in

21  terms of excluding an expert witness for whatever reason.

22  Limiting, et cetera.  But that's not in front of me.  All I'm

23  saying is that defense has filed notice, as it's supposed to,

24  with respect to expert witnesses.

25          MR. CAPOZZI:  And again, he has to have that second

1   meeting with the FBI office in terms of putting together a

2   final report.

3           THE COURT:  All right.

4           MR. GAPPA:  Your Honor, on that issue of a report, we

5   have several times let the defense know we have not received a

6   report.  And that's acknowledged.  What we did do, though, is

7   receive a report from the prosecutor in the case against

8   Angele Henry.  And that report was also done by Mr. Lawson.

9   And I gave -- we gave that to the defense.  And in it, it

10  actually has an opinion that this defendant, Mr. Henry -- I'm

11  characterizing a bit, but essentially it could be read as is

12  more culpable between the two of them because the evidence

13  that Lawson had reviewed indicated that Mr. Henry had been

14  surreptitiously recording people on dates prior to knowing

15  Angele Henry.  So in our view, that creates a conflict for

16  Lawson because he's expressed an opinion which is not helpful,

17  in fact, detrimental to this defendant.

18          So we wanted to put that on the record.  That we

19  provided that defense expert report.  It's our view that

20  Lawson is going to have a hard time, if he gets called as a

21  witness, to explain that opinion.  But that the defendant

22  himself needs to be aware of that and make a decision.  Fine

23  with that.  And the government is in conflict because he has

24  gone on record in that other report from the case against

25  Angele.

1          THE COURT:  All right.

2          MR. CAPOZZI:  Your Honor, we are aware of that.  And

3    we talked to Mr. Lawson about that and the defendant.  We

4    intend on introducing that report along with the government, I

5    guess.  But the issue that the government mentioned is totally

6    irrelevant to the case here.  But we'll deal with that down

7    the line.

8          THE COURT:  Okay.

9          MR. CAPOZZI:  No objection to that report.

10         THE COURT:  All right.  So -- and you'll need to meet

11   and confer.  Because if there's no objection to the report and

12   you both stipulate it's a joint exhibit, for example, it's

13   going to come in, then that's fine.  Then the content of the

14   report as far as how it relates to the assessment of Mr.

15   Lawson's opinion in this particular case will have to be dealt

16   with.

17         But again, if there's an issue -- the thing that I

18   don't want to see it in the middle of the trial, just before

19   we get to Mr. Lawson's testimony, that either one side or the

20   other says judge we have to have this -- we have to have a

21   hearing, fairly straightforward and it's this.  And it turns

22   out it's a two hour hearing with him testifying and my going

23   over the report and then filing -- and I'll expect that

24   whatever you think is going to come up, it better be in your

25   trial briefs because I don't want to start doing original

1   research on something you're both aware of in the middle of

2   trial.  Because we've got a jury to worry about.  And I don't

3   want to have to break for a day or two day -- a day, I

4   suppose, to try to resolve issues that probably should have

5   been addressed by way of motions in limine.  So keep that in

6   mind.

7            MR. CAPOZZI:  Judge, I agree with that.  That issue

8   should be taken care of before trial.  And again, we're not

9   agreeing that the report be put in, but parts of it is not

10  relevant here.

11           THE COURT:  Okay.  Well, again, what that would

12  involve then, I guess, is a request or motion by defense to

13  admit certain portions of the report but not others.  In other

14  words, it would be redacted.  And I assume the government

15  would then say, "No, no, it's all relevant," et cetera, et

16  cetera.  And that's an issue that has to be dealt with as to

17  whether or not the admission of a part of a document then

18  requires admission of the full document for clarity, et

19  cetera, et cetera.

20           But again, that's not in front of me.  So I don't

21  even have that.  And I'm saying that in the middle of trial is

22  not where we need to be addressing that because you will have

23  given your opening statement.  And you're going to have to

24  dance around that issue if I have not had a chance to deal

25  with it.  And you're both going to be going into the trial not

1   knowing whether or not I'm going to allow the entire report or

2   just parts of the report.  That's going to affect or impact, I

3   assume, trial strategy.  So it should have been -- and I'm

4   not -- I'm not sure if I'm going to continue the trial or just

5   sanction both sides.  I'm just not sure what I'm going to do.

6           But I do not want to continue the trial.  I've

7   already given the litany of the numerous continuances that

8   have been involved in this particular case.  And at some point

9   the Court has got to say, in terms of a continuance, that the

10  interest of the public would outweigh the interest of the

11  parties, including the defendant, given the number of

12  continuances that have been granted in this particular case

13  and what is possibly issues that weren't raised when they

14  should have been raised.

15          I'm not saying that's necessarily true, I'm just

16  talking out loud that I'm really concerned about what I'm

17  hearing maybe issues that should have been teed up and

18  addressed today as opposed to maybe some time down the line,

19  maybe before trial, maybe during trial because -- and

20  sanctions could be, no, you're not going to be allowed to put

21  in that report or no, I'm going to allow the whole thing or

22  no, you can't call this witness or no, there's a limit to what

23  that person can say.  So there's a lot of sanctions that I can

24  impose depending on how this all plays out.  So you just need

25  to be aware of that now.

1          All right.  But again, I don't have anything else in

2    front of me.  I'm just going to deal with what's in front of

3    me.

4          MR. CAPOZZI:  I think next in line would be the

5    404(b) evidence by the government, Your Honor.

6          THE COURT:  Yes, uh-huh.  And that includes

7    information -- now, I don't know -- the government apparently

8    is giving notice that it intends to introduce -- attempt to

9    introduce other information.  And I don't know if now that's

10   incorporated in the superseding indictment or it still falls

11   outside the parameters.

12         MR. GAPPA:  Your Honor, in that motion, which we have

13   as docket item 87.

14         THE COURT:  Yes.

15         MR. GAPPA:  On page 2, there's reference to three

16   categories of evidence.  I think safely that category three is

17   now subsumed by the superseding indictment.  So we don't need

18   to worry about that because we've expanded the date range.

19   But I do believe that categories one and two are still

20   relevant to the extent that they're not evidence of the

21   charged offense.

22         They are communications between Adam and Angele

23   Henry, in our view demonstrate the sexual interest in children

24   by the defendant.  But also because of the way some of the

25   material was recorded in the defendant's bedroom, and the

1   surreptitious nature of the conduct, this fits, in our view,

2   within the manner in which the defendant had done this on

3   previous occasions many years previously where he was filming

4   relatives, girlfriends, other people unbeknownst to them.  And

5   it refutes the defense position, which apparently is that he

6   had nothing to do with creation of one of those videos that

7   the government will intend to use as evidence.

8           MR. CAPOZZI:  Your Honor, I think this is referring

9   to the videos in the bedroom, counsel?

10          MR. GAPPA:  Well, Your Honor, there are -- yes.

11  There's -- well, that's the charged conduct.  So we're talking

12  about videos here that were created in perhaps the same

13  locations in a bedroom and a bathroom, but that were of other

14  people.

15          MR. CAPOZZI:  Your Honor, this -- a lot of this is

16  adult videotapes of -- I don't know whether the government is

17  seeking to introduce videotape of adult sexual activity.  And

18  anything prior to the date of this 2005 that Count Two has

19  been -- I'm not sure if it's Count One or Count Two.  Count

20  Two has been extended to, this I think took place prior to

21  that time.  And it had to deal with adult videos, nothing to

22  do with child pornography.  Much of what the government wants

23  to put in is adult pornography, not child pornography.  And I

24  think that's irrelevant.  There's case law on that point.

25          MR. GAPPA:  Your Honor, it's not prior to 2005.  It

1    dates prior to the creation of the material depicting the

2    minor victim in Count One.  But it doesn't pre-date 2005.

3           MR. CAPOZZI:  I agree with that.  I was wrong on the

4    date.

5           THE COURT:  I guess the question is still, if he has

6    an interest in adult pornography, it sort of muddies the water

7    in the sense that he's charged with child pornography.  I know

8    there's some discussion in appellate court cases that interest

9    in adult pornography can lead to interest in child

10   pornography, but I'm not so sure that, for 404(b) purposes,

11   that it would survive a 403 issue because he's not being tried

12   for adult pornography.

13          MR. GAPPA:  Well, it's not that it is -- the nature

14   of the material itself.  It's the means by which he has hidden

15   the cameras and created the images.  So it goes to his motive,

16   his opportunity, his intent because what we heard from the

17   defense is that we had nothing to do with creation of any of

18   that material in Count One.  That was all Angele.  And Angele

19   is the one who downloaded child pornography.  He had no

20   interest in that.  In fact, his only interest is in some

21   limited exposure to adult pornography.  So it goes directly to

22   who's responsible for creation of the material in Count One.

23          Similarly, the fact that he's out in public taking

24   pictures of young girls and communicating what appears to be a

25   sexual interest in them.  And there's discussion about, "Are

24

1   they interested in coming home with you?"  Communications of

2   that nature are relevant to the charged conduct in both

3   counts.

4           MR. CAPOZZI:  Your Honor, these -- what the

5   government is talking about are some photos that were taken at

6   a baseball game and texted back to his wife.  And none of it

7   is child pornography.  Young kids dressed at a baseball game.

8   That was it.  The Count One refers to a videotape taken and

9   the tape shows Angele Henry setting up a camera in her bedroom

10  and bringing a 14 year old neighbor in and getting her to try

11  on different clothing.  That's it.  Nothing with this

12  defendant tied in to any activity on that part whatsoever.  So

13  I don't see how any other evidence could be coming in besides

14  what happened in that bedroom.

15          THE COURT:  Okay.  I am concerned, of course, about

16  it especially in these types of cases the kind of evidence

17  that I admit in.  Now, I have the defense saying, no, these

18  are all adult depictions.  Does the government have anything

19  outside that -- the 404(b) evidence says it relates to child.

20          MR. CAPOZZI:  The pictures at the baseball game were

21  of children, not of adults.  Some were adults, but mostly

22  children.  But nothing pornographic there.

23          THE COURT:  Okay.

24          MR. GAPPA:  Your Honor, again, it goes back to

25  there -- I would say that there are different categories of

1    material.  And for the depictions of adults, we have images

2    that were created sometimes, again, in the same household, in

3    the same bathroom, the very same material, the camera that was

4    hidden and secreted in different locations, either directly

5    above the shower or at an angle.  And in different bathrooms.

6    But the defendant had been doing this type of activity even

7    before he met Angele.

8            So the fact that you now, years later, have him

9    creating or attempting to create images of a minor female with

10   no clothing is very relevant to who is responsible for this.

11   Also given that it's a conspiracy charge.  So it's that it

12   goes directly to his interest in recording and making these

13   images, still images as well as video images, and the manner

14   in which they're done, both in these hidden cameras in the

15   bathroom.  There was -- there were also images where sometimes

16   knowing that the people are participating in the sexual

17   activity in a bedroom.  But arguably sometimes not.  The point

18   is that there's recording of activity in a bedroom by the

19   defendant.  So it again refutes his argument that he had

20   nothing to do with creation of any of these sexually explicit

21   material or an attempt to create that material.

22           And again, also with the so-called non-pornographic

23   images of minors that he takes at, for instance, a baseball

24   game or other places in public.  It's again surreptitious

25   nature of it that these people don't know he's creating images

1   and sending them to another person and making comments about

2   them which are sexual in nature.  So again, all of that goes

3   to demonstrate who's committing these crimes that he is

4   charged with.

5            MR. CAPOZZI:  And again, if the video were received

6   that's part of Count One is in the bedroom and it's showing

7   the wife setting up the camera and bringing a 14 year old in

8   to change clothes and try on different clothing.  That's Count

9   One, unless I'm mistaken.  And the defendant has nothing to do

10  with that whatsoever.

11           MR. GAPPA:  Which, again, Your Honor, goes directly

12  to why this is highly probative and why these other videos

13  that he's made in that bedroom, other bedrooms, sometimes

14  people don't know that they're being recorded.  Sometimes it's

15  him engaging in consensual sex with another adult.  But they

16  don't know that.  And the point is that the material that he

17  is charged with creating where it depicts the 14 or 15 year

18  old minor female, in our view, is found on a password

19  protected portion of his computer.  And this is not a portion

20  that his wife had access to.

21           And there are still images created from videos where

22  defendant went back, reviewed the material he'd secretly

23  recorded and/or had his wife help record, and he's made screen

24  captures from things that were created in a bathroom as well

25  as a bedroom.  And he's done this with other victims.  Not all

1    of them are minors.  But it clearly is relevant, highly

2    probative and, under 404(b), should be admissible.

3          MR. CAPOZZI:  And again, the government is talking

4    about adult pornography, Your Honor.

5          THE COURT:  Let me do this.  The opposition indicates

6    that it should be excluded as its prejudicial effect outweighs

7    any probative value.  Because it's too remote in time with

8    adult women, not children, not done surreptitiously.  The

9    government is saying, oh, yes, it was done surreptitiously.  I

10   can understand the government's logic that this is

11   something -- you know, if the main part of the complaint in

12   Count One is surreptitious recording and only by

13   circumstantial evidence can they tie Mr. Henry to that, then

14   evidence that he has done this, set it up and it's just sort

15   of like an ongoing thing is possibly probative.

16         There may be a 403 issue as far as prejudicial

17   effect.  I suppose it needs to be fleshed out because I

18   honestly -- I shouldn't use that term.  It should be -- it

19   needs to be elaborated on simply because I should probably see

20   the videos or the pictures and then you can argue and do some

21   supplemental briefing to really focus in on this.  So on this

22   issue, okay, we have the trial is June 14th.  So we still have

23   time.  What I'm going to propose is that maybe we -- I hold a

24   hearing maybe on the 22nd of May.

25         MR. CAPOZZI:  Judge, I'm going to be gone that week.

1  Anywhere around there.

2           THE COURT:  I don't want to get too close to

3  the -- the problem is, as you may be aware, I'm probably going

4  to wind up being in a three to four week jury trial starting

5  tomorrow.  So all I'm saying is I don't have those week days

6  other than Mondays to do it.  I don't know if the 30th is the

7  day after Memorial Day.  That would be a law and motion day

8  for me.  I could do it on the 30th.  That does put us only two

9  weeks before the trial.  But --

10          MR. CAPOZZI:  I'm fine with that date.

11          THE COURT:  You okay?

12          MR. CAPOZZI:  Yeah.

13          MR. GAPPA:  Your Honor, I -- that works for me

14  personally.  The only issue is I have a note that one of our

15  primary witnesses is gone from the 22nd through the 30th.  I

16  just don't know if he's back on the 30th.  But I guess we

17  could do -- if that's the only day that week, then we should

18  set it.  Then if it turns out that witness is not available, I

19  could try to see if somebody else could cover it.  I don't

20  know necessarily that there's going to be an issue about where

21  these items came from.  We could maybe assume that it's from

22  evidence that was recovered from the defendant.  It's really a

23  matter of legal analysis.  But I just wanted to put that

24  caveat.

25          THE COURT:  Okay.  As I said, you can meet and confer

1    on that.  Depending how the trial goes, probably -- I'll start

2    the trial tomorrow.  Certainly by the second week, next week,

3    I should get a better idea.  They could be -- you know, if the

4    case gets to the jury earlier, that might free up a couple of

5    days so I could move it a day or two around.

6            Right now, let's go ahead and on the United States

7    notice of intent to offer 404(b) evidence, I'll continue that

8    issue until May the 30th at 10 o'clock in the morning.  And

9    then you can meet and confer.  If you think that it will help

10   if I set it for 1:30, if you agree on that, then you can

11   stipulate that it would be 1:30 instead of 10 o'clock.  And I

12   should be okay with that.  If that helps out in terms of

13   witnesses or if you agree -- you'll stipulate for the purpose

14   of the hearing only as to foundation and get to the legal

15   issue as to what these -- what the material shows and whether

16   or not it is relevant, whether there are 403 issues.

17           MR. GAPPA:  Your Honor, if the Court is amenable, I

18   would suggest -- if counsel doesn't object -- that we maybe

19   just start it at 1:30.  I don't think -- if we can resolve it,

20   great.  If we don't, though, I think it is something where the

21   Court suggests the Court will have to review the evidence and

22   there will be discussion and it might better fit on the 1:30

23   calendar.

24           MR. CAPOZZI:  That's fine with me.

25           THE COURT:  Okay.  May 30th at 1:30 in the afternoon.

1 | On the notice regarding 404(b) evidence only.

2 | 　　　　MR. CAPOZZI:  And that's for the first argument, the

3 | first issue.  The second issue that the government wanted to

4 | bring in was to introduce evidence that the defendant

5 | photographed and discussed the sexual interest in young girls

6 | with Angele Henry.  And I indicate in here that these pictures

7 | do not show any sexual interest in young girls unrelated to

8 | the allegations herein.  There's no evidence that the

9 | defendant showed -- or videotaped anybody changing clothes or

10 | that he downloaded child pornography.  It's remote in time and

11 | highly prejudicial, taking pictures at a baseball game as to

12 | the way kids were dressed.

13 | 　　　　MR. GAPPA:  I think that is very closely related to

14 | the first category.  I would suggest we deal with both of

15 | those at that hearing.

16 | 　　　　THE COURT:  Okay.  And then if either side wishes to

17 | brief it further and clarify or whatever the issues, let's

18 | see, we're meeting on the 30th.  So if either side wishes to

19 | do supplemental briefing on the government's notice of intent

20 | to offer 404(b) evidence, go ahead and file and serve it by

21 | May 18th.  And then any response to that can be filed and

22 | served by May 23rd.

23 | 　　　　MR. CAPOZZI:  Thank you, Your Honor.

24 | 　　　　THE COURT:  Okay.

25 | 　　　　MR. CAPOZZI:  Judge, I don't get back until the 25th.

1   Any way I can do it by the 26th?  Or if the government files

2   theirs sooner, maybe I can do mine by the 19th.  They can do

3   theirs by the 16th.

4           THE COURT:  Government?

5           MR. GAPPA:  Trying to find the dates, Your Honor.

6   Your Honor, you want to have the date set for filing by both

7   sides on the 17th?

8           THE COURT:  No.  What Mr. Capozzi, I think, is

9   suggesting is if you file and serve -- or either side can file

10  and serve something further on this notice by May 16th and the

11  other side can respond by May 19th.

12          MR. GAPPA:  Oh.  That would be fine.

13          THE COURT:  Okay.  So either side or both sides can

14  file and serve supplemental memos on the government's notice,

15  the 404(b) notice by May 16th and then parties can respond by

16  May 19th.  And then the hearing will still be on May 30th at

17  1:30 in the afternoon.

18          Okay.  Next would be the motions in limine, which

19  should go fairly quickly.  But before we get to the motions in

20  limine, anything else on anything preliminary that we have not

21  touched upon yet?

22          MR. CAPOZZI:  No.  Just other than we had the new

23  indictment.  And I believe one of the police officers

24  testified before the grand jury.  I'd like to get that

25  testimony.  They've given us the testimony of the first grand

1   jury, I'd like to get the one from the second grand jury.

2          MR. GAPPA:  And Your Honor, we ordered that pretty

3   soon after the testimony was given.  So we're waiting for it

4   and we'll provide it as soon as we get a copy.

5          MR. CAPOZZI:  Okay.

6          THE COURT:  Okay.  Getting then to motions in limine.

7   Government motion in limine one, exclude testimony of Angele

8   Henry.  And the response basically, I guess we don't know

9   whether or not she will invoke her Fifth Amendment privilege.

10  Defense is suggesting, I don't know if we want to have her

11  come in, I assume with her attorney, and see whether or not

12  she's actually going to invoke the privilege.

13         MR. CAPOZZI:  What I would mainly try to get into,

14  judge, she's made a number of statements to the police

15  officers during the search and after the search.  And I would

16  get into those statements she's made to them.

17         THE COURT:  Well --

18         MR. CAPOZZI:  I'm not sure --

19         THE COURT:  We can -- apparently the government does

20  not intend to call her as a witness.  Is that correct?

21         MR. GAPPA:  We don't anticipate calling her, Your

22  Honor.

23         THE COURT:  Okay.  So I guess defense would need to

24  call her if it chooses to do so.  I suppose one possibility is

25  to subpoena her for the hearing on May 30th at 1:30 and

1  determine whether or not she will invoke her Fifth Amendment

2  privilege.  Now, what that does obviously, then, would make

3  her an unavailable witness and we'd have to go from there.  So

4  I think we probably want to do that pretrial.

5        MR. CAPOZZI:  May 30th is fine, judge.

6        THE COURT:  So if either side intends to call her at

7  the trial, she needs to be subpoenaed for the May 30th at 1:30

8  hearing.

9        So as to motion in limine number one, excluding the

10  testimony of Ms. Henry, I'll take that under submission to May

11  the 30th to see whether or not she will invoke her Fifth

12  Amendment privilege.

13        The second one is no reference to penalty or

14  punishment.  Defense is in agreement with that, that it's not

15  relevant.  Therefore, that is granted.

16        Number three, opinions on guilt or innocence.

17  Defense agrees.  It's not relevant.  So that motion is

18  granted.

19        Four, hearsay statements of defendant offered by

20  defendant.  Defense is that defendant does not intend to offer

21  through other witnesses his own prior statements, so that

22  motion is granted.

23        Number five.  No reference to plea negotiations.

24  They will not be introduced by the defendant or defense

25  witnesses.  And again, I'm reading off of defense responses.

1   So that motion is granted.

2           Number six.  Reciprocal discovery.  Again, reciprocal

3   discovery is required of both sides.  It is continuing and

4   ongoing.  And that will be the continuing order of the Court,

5   that both sides must comply with the discovery requirements

6   under the Federal Rules of Criminal Procedure, case authority

7   and other requirements as far as procedural requirements with

8   respect to discovery.

9           MR. CAPOZZI:  And for the record, the defense has

10  supplied over 700 pages of discovery.

11          THE COURT:  Okay.  Number seven.  Sequestration of

12  witnesses.  Exclude witnesses.  Defense agrees.  So I'm going

13  to make the order now.  All witnesses or prospective witnesses

14  are excluded from the trial until they testify.

15          Now, as both of you may be aware, I'll just remind

16  you, after a witness is done testifying, I will turn to both

17  sides and ask you if either party wishes the witness to remain

18  subject to recall.  If you do, then I'll leave it to counsel

19  to meet and confer as to when that witness needs to come back

20  and then the party that called that witness will need to keep

21  in touch with the witness so that you can inform the witnesses

22  as to what day and time they need to return if at all.

23          If neither side needs the witness again, you can

24  both -- when I ask "subject to recall?"  You both say "no,"

25  then that witness is excused from further testimony at the

1    time, which means that if they're under subpoena, they're no

2    longer under the subpoena.  If they want to leave, they can

3    leave.  If they want to stay in the courtroom as now observer,

4    they can do that.

5           So you have to be careful, of course, excusing a

6    witness because if you need them later on you might be able to

7    get them.  But at the same time, you don't want to have the

8    witness subject to recall because then their lives are

9    impacted because they can't really do anything without

10   checking with counsel to see if they have to come back.  So be

11   careful about requiring someone to remain subject to recall,

12   but again, that's -- I'll just inquire when a witness is done

13   testifying.

14          Defendant's notification of defenses.  Defense

15   indicated it has done so.  And has identified prospective

16   witnesses David Silva.  So it appears the defense has

17   otherwise complied with that request, discovery request.

18          And those are the government's motions and the

19   defendant's responses.

20          Anything further on the government's motions in

21   limine by the government?

22          MR. GAPPA:  No, Your Honor.

23          THE COURT:  Anything further on the government's

24   motions in limine by the defense?

25          MR. CAPOZZI:  No, judge.

1          THE COURT:  All right.  Okay.  And that will be the

2     order of the Court.  It becomes the law of the case.  If at

3     any point in time you believe that I need to revisit any of my

4     rulings on motions in limine, let us know outside the presence

5     of the jury.  And then if you believe that any of my rulings

6     require a special jury instruction, you're certainly welcome

7     to submit a proposed jury instruction.

8          Okay.  We covered defense motion in limine as far as

9     disclosure of experts and reports or examinations and tests.

10          Anything else on defense motions?

11          MR. CAPOZZI:  No.

12          THE COURT:  That motion is obviously granted.  And

13     again, as far as any disclosures or discovery disclosures, I

14     will require the parties to comply with the requirements.

15          Okay.  Anything else today that we should take up?

16     We'll talk about the jury selection process or procedure on

17     the 30th as we get closer to trial, we'll talk more about how

18     we select the jury and what will be happening procedurally.

19     But other than that, anything else for the government today?

20          MR. GAPPA:  No, Your Honor.

21          THE COURT:  Defense?

22          MR. CAPOZZI:  Did the Court make any ruling as to

23     whether or not the adult pornography should be coming into

24     evidence?  Because I have a case that says it's irrelevant to

25     any child pornography.

37

1          THE COURT:  Is that part of the 404(b) inquiry?

2          MR. GAPPA:  It is.

3          MR. CAPOZZI:  Let's wait then.

4          THE COURT:  We'll take it up on the 30th.

5          MR. CAPOZZI:  Thanks, judge.

6          THE COURT:  Anything else for defense?

7          MR. CAPOZZI:  No.

8          THE COURT:  Now, if for whatever reason between now

9   and the 30th, you feel that you need to get back on the

10  record, let my staff know and I'm sure we'll be able to put

11  you on calendar on the 15th if you're available, if necessary.

12  Otherwise we'll see you on the 30th and proceed from there.

13          MR. GAPPA:  Thank you, Your Honor.

14      (The proceedings were concluded at 1:12 p.m.)

15

16          I, KAREN HOOVEN, Official Reporter, do hereby certify

17  that the foregoing transcript as true and correct.

18

19  DATED:  15th of November, 2018      /s/  Karen Hooven
                                        KAREN HOOVEN, RMR-CRR
20

21

22

23

24

25