UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. ANTHONY W. ISHII, JUDGE

UNITED STATES OF AMERICA, Plaintiff,

vs.

ADAM ALAN HENRY, Defendant.

No. 13-CR-409-DAD

JURY TRIAL DAY 8 (AMENDED)

Fresno, California — Friday, November 17, 2017

REPORTER'S AMENDED TRANSCRIPT OF PROCEEDINGS

Volume 8, Pages 1045 through 1055, inclusive

KAREN HOOVEN, RMR-CRR
Official Court Reporter
CSR No. 5816

APPEARANCES OF COUNSEL:

For the Plaintiff: United States Attorney's Office
BY: **DAVID L. GAPPA**
and **ROSS PEARSON**
2500 Tulare Street
Suite 4401
Fresno, California 93721

For the Defendant: Law Offices of Anthony P. Capozzi
BY: **ANTHONY P. CAPOZZI**
1233 West Shaw Avenue
Suite 102
Fresno, California 93711

Friday, November 17, 2017 Fresno, California

9:59 a.m.

(Jury began deliberating at 8:30 a.m.)

THE CLERK: The Court recalls case 1:13-CR-00409. United States versus Adam Alan Henry. Jury trial. Day 8.

THE COURT: All right. Good morning. If I can just have your appearances for the record.

MR. GAPPA: Good morning, Your Honor, David Gappa for the United States.

MR. PEARSON: Ross Pearson for the United States.

MR. CAPOZZI: Tony Capozzi with the defendant, Adam Henry, who's present, Judge.

THE COURT: All right. We received a note from the jury indicating the jury has reached a unanimous verdict. So I'll go ahead and give this to Renee. And go ahead and file this as a court exhibit.

So we'll have the jury come in. And I'll go ahead and ask who the presiding juror is. Ask if they've arrived at a unanimous verdict. I'll have her pass the form up to me. I'll go ahead and read it. I'll ask the presiding juror if that verdict as read is the unanimous verdict of the jury. Then I'll poll the jury. And then I'll go ahead and, assuming that there's confirmation of unanimity, I'll give the verdict form to Renee to file and record. And then I would propose to excuse the jury. So that's just basically the process. Any

questions, concerns, comments, procedure-wise? Plaintiff's side, anything?

MR. GAPPA: No, Your Honor.

THE COURT: All right. Defense?

MR. CAPOZZI: No, Judge.

THE COURT: All right. We'll have the jury come in then.

(The jury entered the courtroom.)

THE COURT: Please be seated. The record will reflect that the jury is present. Good morning, members of the jury. As Judge Drozd had mentioned to you yesterday, he had a long-term commitment that he had to teach at a local high school. So he has asked me to stand in simply to take the verdict. We have received a note from the jury that the jury has arrived at a unanimous verdict. Who is the presiding juror?

JUROR SEAT NUMBER TWELVE: I am.

THE COURT: All right. Juror 044.

JUROR SEAT NUMBER TWELVE: Juror 044.

THE COURT: Has the jury arrived at a unanimous verdict in this case?

JUROR SEAT NUMBER TWELVE: Yes, Your Honor.

THE COURT: If you can hand the verdict form to my staff, who will hand it to me.

Members of the jury, I'm going to go ahead and what

we call publish the verdict. That is I'm going to read it out loud. And then I'll ask Juror 044 if the verdict as read by me reflects the unanimous verdict of the jury. If she says yes, then I'm going to poll the jury. All that means is I will ask you individually whether or not the verdict as read, published, reflects your individual verdict in all respects. If so, say "yes." If not, say "no." There's not a problem if you say "no," you just continue with your deliberations.

All right. In this case, I have received from the jury a form entitled verdict form. The verdict form reads as follows:

We, the jury, unanimously find the following verdict. Count One: 18 United States Code, Section 2251(a) and (e), conspiracy to sexually exploit a minor. We, the jury, find as the first count of the indictment that the defendant Adam Alan Henry is guilty.

Count Two: 18 United States Code, Section 2252(a)(2), receipt of a visual depiction of a minor engaged in sexually explicit conduct. We, the jury, find as to the second count of the indictment that the defendant Adam Alan Henry is guilty.

Juror 044, does the verdict as I read truly reflect the unanimous verdict of the jury in this case?

JUROR SEAT NUMBER TWELVE: Yes, Your Honor.

THE COURT: Very well. All right. Then I will ask

each of you. In this case, the question is does the verdict as read by the Court reflect your individual verdict in all respects.

First, let me go Juror 030?

JUROR SEAT NUMBER ONE: Yes.

THE COURT: Juror 002?

JUROR SEAT NUMBER TWO: Yes.

THE COURT: Juror 003?

JUROR SEAT NUMBER THREE: Yes.

THE COURT: Juror 031?

JUROR SEAT NUMBER FOUR: Yes.

THE COURT: Juror 025?

JUROR SEAT NUMBER FIVE: Yes.

THE COURT: Juror 039?

JUROR SEAT NUMBER SIX: Yes.

THE COURT: Juror 010?

JUROR SEAT NUMBER SEVEN: Yes.

THE COURT: Juror 033?

JUROR SEAT NUMBER EIGHT: Yes.

THE COURT: Juror 013?

JUROR SEAT NUMBER NINE: Yes.

THE COURT: Juror 016?

JUROR SEAT NUMBER TEN: Yes.

THE COURT: Juror 027?

JUROR SEAT NUMBER ELEVEN: Yes.

THE COURT: And Juror 044?

JUROR SEAT NUMBER TWELVE: Yes.

THE COURT: All right. I'm going to give the verdict form then to the courtroom deputy, who will file and record the verdict.

Is there anything further for the jury on behalf of plaintiff's side?

MR. GAPPA: No. Thank you, Your Honor.

THE COURT: Anything further for the jury on behalf of the defense?

MR. CAPOZZI: No. Thank you, Your Honor.

THE COURT: Members of the jury, at this time then I'm going to discharge you as jurors in this case. We obviously appreciate your service as jurors. All cases, state court, federal court, civil, criminal, are difficult. These are obviously very difficult cases for obvious reasons and we really appreciate your perseverance and your willingness to serve.

A couple of things. In terms of your notes. Go ahead and leave them, they're not part of the record. They will be destroyed. You are now lifted from your admonition. If you want to talk to anybody about the case, you can do so. You do not have to.

If you wish to speak with the attorneys about the case, you can certainly do so. They would meet you down in

the lobby. Otherwise you're free to leave. And you don't have to talk to anybody. And if you prefer not to talk to anyone, that's perfectly fine with the Court.

But with that, if there's no objection by either side, I'm now going to discharge the jury and you are discharged with our thanks and gratitude. Thank you very much.

(The jury left the courtroom.)

THE COURT: The record will reflect that the jury has been discharged and has left the courtroom. What I'm going to do is I'll go ahead and refer this matter to the probation office to prepare a presentence investigation report for consideration at sentencing. And we'll set for consideration of presentence report and sentencing for --

THE CLERK: Counsel, probation has requested a date in early March. March 5th or March 12th. What works for you?

MR. GAPPA: I think either one of those is fine.

MR. CAPOZZI: Either one.

THE CLERK: Let's do March 5th at 10 a.m. in this courtroom.

THE COURT: That will be the order of the Court then. Now, before we adjourn these proceedings, is there anything further on the record for the parties? Let me ask. In terms of the exhibits, how do the parties wish to handle the exhibits?

MR. GAPPA: Your Honor, I believe both parties have signed the form for the Court. So if we just get instruction on how to retrieve them, we're happy to do that and take custody of ours.

THE COURT: If you can work with Renee. Obviously if either or both sides agree that, especially some of the exhibits that need to be placed in maybe a locked or sealed condition, that's fine. As long as both parties, on reasonable request, have access to the exhibits unless the Court has them obviously you can have access at any point in time.

So with that understanding, is there anything further on behalf of the plaintiff's side then?

MR. GAPPA: No. Thank you, Your Honor.

THE COURT: Anything further on behalf of the defendant?

MR. CAPOZZI: Judge, we want to renew our Rule 29 motions. And I need additional time to file the motion for new trial. I think we have 10 or 14 days. I'm not sure what it is. And I know I'm not going to be able to get it done that quickly. Should I make a motion or file a written motion?

THE COURT: Yeah. Probably file a written motion. Obviously Judge Drozd will have to hear it in any event.

MR. CAPOZZI: That's true.

THE COURT: Time-frame wise, just to be safe. Do you think you might be able to file a -- your renewed motion and motion for judgment of acquittal within a week or so, do you think?

MR. CAPOZZI: The motion for extension of time, yes.

THE COURT: Okay. Let me just go ahead and do this. Today, obviously, if there are any post-trial proceedings, just make sure that you follow the rules, requirements, especially the time frames and just go ahead and work with Judge Drozd's chambers as far as setting court dates.

All right. Anything else for defendant?

MR. CAPOZZI: No. Thank you, judge.

THE COURT: Anything else?

MR. GAPPA: No, Your Honor.

THE COURT: We'll stand in recess then. Thank you.

(Off the record.)

MR. CAPOZZI: Judge, one other quick question. The defendant is over at the jail, the local jail. And he's had medical problems. And his mother is in a wheelchair. We would ask that he stay here so I have time to talk to him. It gives his mother the opportunity to visit with him. He's been here throughout this time. I would ask the Court to, if you can, ask the Marshals to keep him here.

THE COURT: All right. That will be the request, then. I'll leave it to the Marshals. I know there are

security issues here. But if you can work that out, it would be helpful because his attorney is going to need to talk to him regarding presentence report. But I realize there's security issues. If you can, do what you can.

THE MARSHAL: Yes, Your Honor, we will. And we'll keep him here for the day, that's no problem. But as far as visiting with his mother, that's not going to happen. That's not going to be allowed. You can't do that.

MR. CAPOZZI: No, no, when she's visiting at the jail. She visits at the jail.

THE MARSHAL: Oh, that's fine. That's between you guys. We'll -- I'll let my supervisor know.

MR. CAPOZZI: Okay. Good.

THE COURT: Good. Thank you.

(The proceedings were concluded at 10:10 a.m.)

I, KAREN HOOVEN, Official Reporter, do hereby certify that the foregoing transcript as true and correct. The only amendment to the transcript was updating page numbers in order to be consecutive with prior volumes.

DATED: 28th of November, 2018

/s/ Karen Hooven
KAREN HOOVEN, RMR-CRR