**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff-Appellee, v. ADAM ALAN HENRY, Defendant-Appellant. | No. 18-10358 D.C. No. 1:13-cr-00409-DAD-BAM-1 MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Argued and Submitted December 2, 2019
San Francisco, California

Before: W. FLETCHER, CLIFTON, and MILLER, Circuit Judges.

Adam Henry appeals his convictions for conspiracy to sexually exploit a minor and for knowingly receiving or distributing material involving the sexual exploitation of minors, in violation of 18 U.S.C. §§ 2251(a), 2251(e) and 2252(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion in denying Henry's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

motions for a mistrial, acquittal, or a new trial on the ground that the government improperly presented the testimony of a Child Protective Services officer who described statements Henry made after his arrest. The affirmative use of that testimony would have violated the Fifth Amendment because Henry's statements were the product of a custodial interrogation conducted after Henry had invoked his right to counsel. *See Edwards v. Arizona*, 451 U.S. 477 (1981). But the district court ultimately concluded that the statements were nevertheless admissible to impeach Henry's inconsistent testimony. *See Harris v. New York*, 401 U.S. 222, 224–26 (1971).

We need not decide whether the district court erred in admitting the testimony, or in not giving a limiting instruction directing the jury to consider it only for impeachment purposes, *see Henry v. Kernan*, 197 F.3d 1021, 1029 (9th Cir. 1999), because any error was harmless beyond a reasonable doubt. The officer's testimony—that Henry told him that "his wife was not part of the charges" brought against Henry—was presented for the limited purpose of rebutting Henry's inconsistent statements suggesting that his wife acted alone in producing, receiving, or distributing child pornography. The government never otherwise referenced the testimony in the presence of the jury. Moreover, the testimony had minimal inculpatory value on its own and was cumulative of other properly admitted evidence. That evidence overwhelmingly showed that Henry

2

conspired with his wife to produce child pornography and knowingly received or distributed child pornography.

2. Nor did the district court err in concluding that the government complied with its discovery obligations. Henry argues that the government violated his due process rights because it did not disclose the identity of the victim depicted in an exhibit until just a few days before trial. But after holding an evidentiary hearing, the district court found that the government had made the exhibit "reasonably available" to Henry's forensic expert more than three years earlier, 18 U.S.C. § 3509(m)(2)(A), and that finding is not clearly erroneous. *See United States v. Zaragoza-Moreira*, 780 F.3d 971, 977 (9th Cir. 2015). Even if the identification of a victim depicted in a previously disclosed exhibit constitutes "additional evidence," the government complied with its duty to promptly disclose that information to Henry's counsel before trial. *See* Fed. R. Crim. P. 16(c).

3. The district court also did not err in concluding that the evidence was sufficient to support Henry's conviction for conspiracy to sexually exploit a minor in violation of 18 U.S.C. § 2251(a). Section 2251(a) prohibits "producing any visual depiction" of a minor engaged in "sexually explicit conduct," which is defined in relevant part as the "lascivious exhibition of the anus, genitals, or pubic area." *Id.* § 2256(2)(A)(v); *see also United States v. Weigand*, 812 F.2d 1239, 1244–45 (9th Cir. 1987). The government presented evidence that Henry and his

wife set up hidden cameras in their bathroom and bedroom shortly before their 14-year-old babysitter arrived, and that they used those cameras to produce videos depicting the minor undressing and showering. In one hidden-camera video, Henry's wife encouraged the minor to try on and pose in lingerie. The government also presented evidence that Henry created 13 screenshot images from those videos and saved the images in a password-protected file named after the minor, alongside other files containing child pornography.

We are not persuaded by Henry's argument that because the videos only briefly depict the minor's nude pubic area, the evidence is insufficient to support his conviction. Even assuming that the videos are not themselves depictions of sexually explicit conduct, any rational juror could have viewed the evidence as sufficient to establish that Henry conspired with his wife to produce such depictions. *See United States v. Johnston*, 789 F.3d 934, 937, 940–41 (9th Cir. 2015) (affirming conviction for conspiracy to produce child pornography based on evidence that the defendant asked his co-conspirator to take photos of nude children); *see also United States v. Sims*, 708 F.3d 832, 835 (6th Cir. 2013) ("To convict [the defendant] of attempted production of child pornography, the government does not need to prove that the videos of [the minor] were actually lascivious.").

Henry further argues that the evidence was insufficient to show that the

hidden cameras and other recovered devices were transported in interstate or foreign commerce. Because Henry raised that argument for the first time in his reply brief, we decline to consider it. *See United States v. King*, 257 F.3d 1013, 1029 n.5 (9th Cir. 2001).

    4.    The district court did not err in denying Henry's post-trial motions based on alleged prosecutorial misconduct. Because Henry did not object during trial, his claim is subject to plain-error review. In his closing argument, the prosecutor told the jury that Henry's counsel's job was to "distract and to deflect and to give [the jury] alternate facts or argue things that aren't necessarily what actually happened." Assuming, without deciding, that those comments were improper, the statements were isolated in the context of the entire trial and did not "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Alcantara-Castillo*, 788 F.3d 1186, 1191 (9th Cir. 2015) (quoting *United States v. Combs*, 379 F.3d 564, 568 (9th Cir. 2004)); *id.* at 1194–95. Henry's remaining allegations of prosecutorial misconduct lack merit.

    **AFFIRMED**.