PHILLIP A. TALBERT
Acting United States Attorney
DAVID GAPPA
ROSS PEARSON
Assistant United States Attorneys
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.  1:13-CR-00409 DAD-BAM |
| Plaintiff, | |
| v. | GOVERNMENT MOTION FOR AN ORDER REGARDING A PARTIAL WAIVER OF THE ATTORNEY-CLIENT AND WORK PRODUCT PRIVILEGES, AND FOR AN EXTENSION OF TIME;[PROPOSED] ORDER |
| ADAM ALAN HENRY, | |
| Defendant. | |

The United States of America moves for an order finding a partial waiver of the attorney-client and work product privileges and which permits discovery related to petitioner Adam Alan Henry's communications with his prior attorney, Anthony Capozzi, as well as the attorney's work product in connection with the representation of the Henry.  Henry has waived these privileges based on his filing dated November 5, 2021, under 28 U.S.C. § 2255.  *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003) (en banc) ("It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer.")  The waiver applies equally to the work product privilege.  *Id.* at 722 n.6.

There is good cause for the discovery of attorney-client and work-product material to enable the government to respond fully to this court's November 8, 2021, order.  The court has ordered the United States to file a response within 45 days.  Government counsel has communicated with Mr.

1

Capozzi about the general nature of Henry's allegations of ineffective assistance of counsel.  The government believes that defense counsel will disagree with Henry's allegations and provide facts that will permit the court to reject the arguments and deny requested relief.  In order to fully respond to the allegations, however, prior counsel would benefit from the protections of a court order finding Henry's waiver of his attorney-client and attorney work product privileges.

Henry's allegations directed at the effectiveness of his prior attorney directly concern both attorney-client communications and his prior counsel's work product.  To determine whether former counsel provided effective assistance to a defendant, a court considers whether the assistance was objectively reasonable under the circumstances.  *Strickland v. Washington*, 466 U.S. 668, 688 (1984).  "Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689.  Counsel's strategic decisions made after thorough investigation of the law and facts are virtually unchallengeable.  *Id.* at 690.

The government believes that if a waiver of the attorney-client and work product privilege is found, and discovery including a declaration and/or corroborating documentation from defense counsel are provided to the government, that evidence would rebut Henry's allegations that focus on the effectiveness of his prior representation.  The government requires access to such attorney-client communications and work product, including a declaration from prior defense counsel, to respond fully to the court's November 8, 2021, order and to defend against Henry's ineffective assistance of counsel claims.  Accordingly, there is good cause for such discovery in this case.

By his allegations, Henry has waived the privilege as to attorney-client communications and his counsel's work product for purposes of the present habeas proceeding.  The privilege is implicitly waived "by asserting claims the opposing party cannot adequately dispute unless it has access to the privileged materials."  *Bittaker v. Woodford*, 331 F.3d 715, 719 & 722 n.6 (9th Cir. 2003) (en banc) (habeas petitioner waives attorney-client and work product privileges by asserting ineffective assistance of counsel).  A defendant can preserve the confidentiality of such privileged communications only by abandoning the claims that give rise to the waiver condition.  *Id.* at 721.  "[T]he federal courts have determined that claims of ineffective assistance of counsel cannot be fairly litigated unless the petitioner waives his privilege for purposes of resolving the dispute."  *Id.* 722.

The privilege waiver in these circumstances is partial, in that the information obtained through the waiver is to be used for purposes of adjudicating a petitioner's habeas petition, but not in a retrial or in an unrelated case. *Id.* at 720-25; *Lambright v. Ryan*, 698 F.3d 808, 818 (9th Cir. 2012). Accordingly, the government seeks a partial privilege waiver that would permit information obtained through the waiver to be used in response to Henry's § 2255 motion, but not as evidence in its case-in-chief in any retrial or different case. The United States cannot adequately litigate Henry's claims unless former defense counsel divulges his oral and written communications with Henry, including his work product, and provides evidence concerning his performance in this case.

Henry has put the nature of his attorney-client relationships with prior counsel at issue by challenging his performance. *Bittaker*, 331 F.3d at 716. Henry's claims of ineffective assistance by his former attorney places his past oral and written communications with former counsel, and his counsel's work product in this case, directly at issue. Henry has therefore waived the attorney-client and work product privileges for purposes of litigating his § 2255 motion. *Id.* at 716, 722 n.6.

The United States respectfully requests that the court find that, if Henry does not timely withdraw his allegations concerning ineffective assistance of his prior attorney, he has waived the attorney-client privilege as to all communications with his former counsel and any privilege as to his counsel's work product, with respect to the allegations in his § 2255 motion. The government further requests that the court order that all such materials concerning events and facts relating to Henry's claims of ineffective assistance of counsel be disclosed to the government for purposes of responding to the § 2255 motion, and that defense counsel (and his staff or agents if they have personal knowledge of such matters) be directed to provide to the government a declaration by January 24, 2022 responding to relevant portions of Henry's § 2255 motion.

In addition, and for the following reasons, the government is requesting until February 25, 2022 to file its response. Mr. Capozzi told government counsel that he is scheduled to start a murder trial in Visalia on November 29, 2021, and it is anticipated to last six weeks. Defense counsel said he could not address the allegations in the petition until then. Government counsel has a trial scheduled to begin on February 23, 2022, and also has several other significant filings due prior to the proposed new date. Henry went to trial, pursued an appeal at the Ninth Circuit Court of Appeals, and petitioned the United

States Supreme Court.  His petition is lengthy and has several attachments in support of his many allegations, so adequate time is needed to prepare a response.

For the reasons outlined above, the government requests that the proposed order attached to this motion be issued.

Dated:  November 20, 2021

Respectfully submitted,

PHILIP A. TALBERT
Acting United States Attorney


/s/ David Gappa
DAVID L. GAPPA
Assistant U.S. Attorney

1

2

3

4

5

6

7

8

9                           IN THE UNITED STATES DISTRICT COURT

10                             EASTERN DISTRICT OF CALIFORNIA

11

12   UNITED STATES OF AMERICA,            )   Case No. 1:13-CR-00409 DAD-BAM
                                          )
13              Plaintiff,                )
                                          )   **[PROPOSED] ORDER ON**
14        v.                              )   **GOVERNMENT'S MOTION FOR AN**
                                          )   **ORDER REGARDING A PARTIAL**
15                                        )   **WAIVER OF THE ATTORNEY-**
     ADAM ALAN HENRY,                     )   **CLIENT AND WORK PRODUCT**
16                                        )   **PRIVILEGES, AND FOR AN**
                Defendant.                )   **EXTENSION OF TIME**
17                                        )
                                          )
18   _____)

19

20                                      **<u>ORDER</u>**

21          Good cause appearing, IN THE ALTERNATIVE, the United States' motion for partial waiver

22   of petitioner Adam Alan Henry's attorney-client privilege and the work product privilege, and for the

23   compelled discovery of responsive attorney-client communications and work product is GRANTED as

     follows:
24
            (1)     The attorney-client privilege of defendant Adam Alan Henry is waived with respect to
25
                    all communications between defendant Adam Alan Henry and his former attorney
26
                    Anthony Capozzi and his staff and agents, concerning events and facts related to
27
                    Henry's claims of ineffective assistance of counsel in his § 2255 motion in *United*
28

                                              5

*States v. Adam Alan Henry*, No. 1:13-cr-004099 DAD-BAM.

    (2)    The work product privilege is waived with respect to the work product of Anthony Capozzi and his staff and agents, concerning events and facts related to defendant's claims of ineffective assistance of counsel in his § 2255 motion.

    (3)    Attorney Anthony Capozzi and his staff and agents shall disclose to the government all communications between counsel and defendant Adam Alan Henry concerning events and facts related to defendant's claims of ineffective assistance of counsel in his § 2255 motion.

    (4)    Attorney Anthony Capozzi and, as appropriate, his staff and agents shall provide by January 24, 2022, the government with a declaration addressing the communications with Henry and work product concerning events and facts related to the ineffective assistance of counsel claims presented in Henry's § 2255 motion, and shall communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

ALTERNATIVELY, the Court Orders that if the finding of waiver changes Henry's decision on whether or not to proceed with the petition, he must notify this court within ten (10) court days of the date of this order by withdrawing his allegations concerning ineffective assistance of counsel in his motion. Failure to do that confirms the alternative portion of this order finding waiver.

IT IS FURTHER ORDERED that the government's motion for an extension of time, through February 25, 2022, to file its response to defendant Henry's § 2255 motion is GRANTED.

IT IS SO ORDERED.

Dated: _____

_____
HONORABLE DALE A. DROZD
UNITED STATES DISTRICT JUDGE