1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

18

UNITED STATES OF AMERICA,

　　　　Plaintiff-Respondent,

　　v.

ADAM ALAN HENRY,

　　　　Defendant-Movant.

No.  1:13-cr-00409-DAD-BAM

ORDER GRANTING IN PART AND
DENYING IN PART *EX PARTE*
APPLICATION REGARDING ORDER OF
WAIVER OF ATTORNEY-CLIENT AND
WORK PRODUCT PRIVILEGES, AND
GRANTING EXTENSION OF TIME

(Doc. No. 351)

19

20

21

22

23

24

25

26

27

28

　　　　Before the court is the government's *ex parte* application seeking an order finding that petitioner Adam Alan Henry, as a result of his pending motion filed pursuant to 28 U.S.C. § 2255 (Doc. Nos. 348, 350), has waived the attorney-client privilege and the work product privilege, and that the government is therefore entitled to compel discovery of responsive attorney-client communications and work product.  (Doc. No. 351.)  The government also requests an extension of time until February 25, 2022 to file its response to defendant's pending § 2255 motion.  (*Id.* at 3.)  Good cause appearing and for the reasons stated by the government in their request, the extension of time will be granted.

/////

/////

1

Unless, in accordance with the instructions below, petitioner chooses to withdraw those portions of his § 2255 motion in which he alleges that he received ineffective assistance from his trial counsel, the government's application will be granted in part and denied in part as follows:

(1)     The attorney-client privilege of movant Henry is waived with respect to all communications between petitioner Henry and his former attorney, Anthony Capozzi, including attorney Capozzi's staff and agents, concerning events and facts related to petitioner's claims of ineffective assistance of counsel asserted in petitioner's § 2255 motion filed in *United States v. Adam Alan Henry*, No. 1:13-cr-00409-DAD-BAM (E.D. Cal.).

(1)     The work product privilege is waived with respect to the work product of attorney Capozzi, concerning events and facts related to petitioner's claims of ineffective assistance of counsel presented in his pending § 2255 motion.

(2)     Attorney Capozzi, and his staff and agents if relevant, may provide the government with a declaration addressing attorney-client communications and work product concerning events and facts related to the ineffective assistance of counsel claims presented in petitioner's § 2255 motion, and may communicate and coordinate with government counsel to ensure that all issues are adequately addressed in the declaration.

(3)     To the extent the government's request is broader than this order, including its request for production of "all communications" between attorney Capozzi and petitioner "concerning events and facts related to [petitioner] Henry's claims of ineffective assistance of counsel" in his § 2255 motion (Doc. No. 351 at 3), the government's request is denied without prejudice, subject to renewal by motion providing further information as to the necessity of the production of such documents.

(4)     The government shall not use for any purpose or disclose to any party or in any proceeding beyond this action the privileged material it obtains in connection with the pending § 2255 motion proceeding.  *See* L*ambright v. Ryan,* 698 F.3d 808, 818

2

(9th Cir. 2012); *Bittaker v. Woodford*, 331 F.3d 715, 722, 728 (9th Cir. 2003).

Alternatively, if in light of the above finding of the waiver of these privileges, petitioner wishes to no longer proceed with his pending § 2255 motion asserting an ineffective assistance of counsel claim, he must notify this court within twenty-one (21) days from the date of this order by withdrawing the allegations concerning ineffective assistance of counsel in his pending motion.  Petitioner's failure to do so within the time provided will be deemed by the court to be a confirmation of the portion of this order finding petitioner's waiver of the attorney client and work product privileges.

Accordingly,

1. The government's *ex parte* application (Doc. No. 351) is granted in part and denied in part;

2. Petitioner, if he chooses to do so, has twenty-one (21) days from the date of this order to notify the court that he no longer wishes to proceed with those portions of his pending § 2255 motion asserting ineffective assistance of counsel claims;

3. In the event the petitioner indicates he wishes to proceed or does not respond within twenty-one days, this will be deemed by the court to be a confirmation of the portion of this order finding petitioner's waiver of the attorney client and work product privileges;

4. The court extends the government's December 23, 2021 deadline (Doc. No. 349) to file an opposition to the pending 28 U.S.C. § 2255 motion; and the government's new deadline for filing its opposition to the § 2255 motion is now February 25, 2022; and

5. Petitioner will have 30 days from the date of service of the government's opposition to file a reply thereto if he wishes to do so.

IT IS SO ORDERED.

Dated:  __**November 22, 2021**__                    _____

UNITED STATES DISTRICT JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28