Case 1:13-cr-00409-ADA-BAM   Document 353   Filed 12/15/21   Page 1 of 3

Adam Alan Henry #71064-097
FCI Lompoc
Federal Correctional Institution
3600 Guard Road
Lompoc, CA 93436

Petitioner/Movant in *pro se*





IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 1:21-CV-01619-DAD |
|---|---|
| Plaintiff, | Criminal No. 1:13-CR-00409-DAD |
| v. | **MOTION FOR RECIPROCAL DISCLOSURE IN RE: PRIVILEGED ATTORNEY-CLIENT WORK PRODUCT; APPOINTMENT OF COUNSEL** |
| ADAM ALAN HENRY, | |
| Defendant. | Before Hon. Dale A. Drozd |

**NOW COMES** ADAM ALAN HENRY, moving for reciprocal disclosure of all materials discovered in connection to this court's order [Doc. 352] granting in part the government's *Ex Parte* Application Regarding Order of Waiver of Attorney-Client and Word Product Privileges [Doc. 351]. I also move here for discretionary appointment of counsel. That order allows discovery of:

> "…all communications between petitioner Henry and his former attorney, Anthony Capozzi, including attorney Capozzi's staff and agents, concerning events and facts related to petitioner's claims of ineffective assistance of counsel asserted in petitioner's §2255 motion filed in *United States v. Adam Alan Henry*, No. 1:13-CR-00409-DAD-BAM (E.D. Cal.)." *Id.* at 2.

## I. Request for Reciprocal Discovery

The waiver of privilege also applies to work product of attorney Capozzi concerning events and facts related to my claim of ineffective assistance of counsel. *Id.* There is potentially many communications between my attorney Capozzi and myself, including but not exclusive to inmate calls from jail that were not supposed to be recorded, that would refresh my memory of events that transpired more than seven years ago.

Because of this, reciprocal discovery is necessary to ensure that the claims that I've made are complete. Those claims may need to be expanded, corrected, or amended on reply to the government's eventual response to my §2255 motion.

To the point, there may be *more* evidence of ineffective assistance of counsel in that discovery that may be revealed in that discovery which the government would not find in its best interests to bring up in their response, if found.

## II. Request for Appointment of Counsel

Being an inmate in prison, my ability to process, store, and keep safe this material is not adequate to protect such discovery. Therefore, in the alternative, I move this court to appoint me counsel to handle this discovery for the remainder of the proceedings of this §2255 petition.

This Court is not required to appoint counsel in §2255 unless and until evidentiary hearings are required. *United States v. Duarte-Higareda,* 68 F.3d 369 (9th Cir. 1995). See also Rule 8(c) of the Rules Governing Section §2255 Proceedings in the United States District Courts. "Prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their convictions." *United States v. Angelone,* 894 F.2d 1129 (9th cir. 1990).

However, this Court *does* maintain the authority to use its discretion to appoint counsel. "[W]hether or not counsel should be appointed in a Section 2255 proceedings rests within the sound discretion of the district court." *Dillon v. United States,* 307 F.3d 445 (9th Cir. 1962). See 18 U.S.C. §3006A:

"(2) Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who – (B) is seeking relief under section 2241, 2254, or 2255 of Title 28." 18 U.S.C. §3006A(a)(2) & (B).

If this Court should grant my request for reciprocal discovery, I ask that this Court find good cause that the interests of justice in this instance are best preserved by the assignment of counsel to, at the least, handle the reciprocal discovery that this Court may grant.

Submitted this 10th day of December, 2021

                               */s/ Adam Henry*
                               ADAM ALAN HENRY #71064-097
                                 Lompoc FCI
                                 Federal Correctional Institution
                                 3600 Guard Road
                                 Lompoc, CA 93436
                                 Pro Se Defendant, Petitioner

Certificate of Service

With my signature above, I attest that I have served a true and correct copy of the foregoing brief upon the Clerk of the U.S. District Court for the Eastern District of California, Fresno Division, at the Robert E. Coyle Federal Courthouse located at 2500 Tulare Street, Room 1501, Fresno California, 93721. As registered EM/ECF users, the government has consented to electronic service and is therefore served pursuant to Fed. R. Civ. P. 5 once the Clerk has docketed this brief.