# EXHIBIT

# 1

ANTHONY P. CAPOZZI, CSBN: 068525
THE LAW OFFICE OF ANTHONY P. CAPOZZI
1233 West Shaw Avenue, Suite 102
Fresno, California 93711
Telephone:      (559) 221-0200
Facsimile:       (559) 221-7997
E-Mail:          Anthony@ capozzilawoffices.com
www.capozzilawoffices.com

Attorney for Defendant,
ADAM ALAN HENRY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

******

| | |
|---|---|
| UNITED STATES OF AMERICA. | CASE NO.  1:13-CR-00409 DAD-BAM |
| Plaintiff, | |
| v. | **DECLARATION CONCERNING REPRESENTATION OF DEFENDANT ADAM ALAN HENRY** |
| ADAM ALAN HENRY | |
| Defendant. | |

I, Anthony P. Capozzi, do hereby declare in Response to the Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. 2255 filed by Defendant, Adam Alan Henry as follows:

1.  That I was retained to represent Defendant, Adam Alan Henry and later appointed by the Court to represent the Defendant in the District Court and in the United States Court of Appeals for the Ninth Circuit.

2.  <u>Page 2, line 1</u>

    The statement by Assistant U.S. Attorney David L. Gappa "It's easier to get a conviction for a man than it is a woman in these cases" was not made by Mr. Gappa nor did this attorney make this statement to Mr. Henry.

- 1

3. Page 9, line 21

Mr. Henry argues that the jurisdictional question was never addressed by defense counsel.

Count One charged a conspiracy to employ, use, persuade, induce, entire, or coerce a minor to engage in any sexually explicitly conduct for the purpose of producing any visual depiction of such conduct knowing or having reason to know that the visual depiction would be produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate of foreign commerce by an means, including by computer, in violation of Title 18, U.S.C, sections 2251 (a) and (c).

This attorney did cross examine Officer Hively on this issue and had evidence excluded as to his belief as to which camera was used and whether that camera was manufactured outside of California. The issue in Count 1 was whether or not there was an agreement to commit the illegal act as alleged. I argued against any evidence of an agreement however, the jury based upon the overwhelming circumstantial evidence determined there was an agreement.

On March 8, 2019, Mr. Henry sent an email, after having received the opening Appellant Brief. A number of corrections and suggestions were made and considered in finalizing the Opening Brief. The jurisdictional issue was never brought up by Mr. Henry or myself as to what issues should be argued. **EXHIBIT A**

The jurisdictional issue was not relevant to the conspiracy charge at the District Court level or in the Court of Appeals. The Opening Brief was filed on March 11, 2019.

However, the Government in its Opening Brief on page 56 and 57 argued:

"Henry has also misstated facts by alleging that "[N]o evidence was every produced as to which device recorded the videos in Count one." AOB at 54. Henry has minimized the nature of the conspiracy charge which alleged that he worked with his wife to sexually exploit a minor. Part of

that conspiracy was to capture images of A.T. as she changed into various items of clothing that Angele offered to her in the bedroom that Angele and Henry shared.  The government established that a lengthy video was recorded of that session, and there was evidence from which the jury could have inferred that the recording was made with a Canon Vixia camcorder that had been manufactured in Japan.  Henry and/or his wife transferred the video to a computer and hard drive, both also manufactured outside California, and screen captures were made from those images as well as images that were recorded in one of their bathrooms.  There was abundant evidence from which the jury could have found that Henry and his wife used multiple devices manufactured outside of California as part of their conspiracy.  ER5:8-19.  It was not necessary for the government to prove that every single item used in furtherance of the conspiracy was manufactured outside of California.  *See United States v. Guargliardo*, 278 F.3d 868 (9th Cir. 2002); *United States v. Sheldon,* 755 F.3d 1047 (9th Cir. 2014)."

Since the Government argued that the equipment utilized in the recordings and the storage of the videos of the minor child were manufactured outside of California, I made an attempt to argue the jurisdictional issue which clearly was unsuccessful in the Appellant Reply Brief.  On October 5, 2019, Mr. Henry in an email commented on the jurisdictional argument **EXHBIT B.**

4.  Page 10, line 1

Mr. Henry argued that Counsel did not understand the technology of the issues and was incapable of defending a case that entered around technology.  Knowing that I was not an expert on computer technology I retained a forensic expert from Global Compusearch, LLC, Marcus Lawson. JD **(EXHBIT C).**

Mr. Lawson received the discovery in this case, met with Mr. Henry on several occasions.  Mr. Henry's defense was that it was his wife who had downloaded the child

pornography by accessing his work computer and transferring the information to his home computer.  Mr. Henry had put together a "To Do List" on or about May 9, 2017, for the expert.

**EXHIBIT D** is the "To Do List", and the red responses are from expert Marcus Lawson.

**EXHIBIT E** is an email from my office asking for an update on the "To Do List" and Mr. Lawson's response with comments quoted verbatim as follows:

"Hello Whitney,

Most of the things on this list were discussed with Mr. Henry at our last jail conference.  I made it abundantly clear to him at the time that with the limited hours I have been assigned on his case I was not going to waist them chasing down rabbit holes that have nothing to do with his charges.  Hence my comments on his "To Do List."

He did what he did and if he is willing to own up to it, I'll do my best to help minimize the consequences but if he continues along this line that "the wife did it" there isn't much I can do to help him.  If he is willing to admit what he did, I think there are some mitigating things that would help, but as long as he takes this current stand, there is very little I can do to help.

I obviously will help Tony prepare his cross regardless.

Marcus."

In May of 2017, the government requested a report from our expert.  Knowing what a report would be, on May 19, 2017, I told Mr. Lawson not to prepare a report and told the government that Mr. Lawson would only be helping with the cross examination of the government witnesses and possibly testify regarding their testimony.

On May 19, 2017, Mr. Lawson responded saying that he would help the defense in drafting questions for Mr. Henry's direct testimony and preparing Mr. Henry for any cross examination (**EXHIBIT F**).

5.  Page 11, line 11

Mr. Henry alleges that my interaction with him was minimally limited to a few minutes at a time in hushed conversation while in court where he did not have the opportunity to force issues.

Attached **EXHIBIT G** are my billing records regarding this case up to and including the jury trial.

The meetings with Mr. Henry at the jail and through numerous telephone calls with either me or my paralegal totaled approximately 110 hours, six hours of which were with Mr. Henry, myself, and expert Marcus Lawson.

Additionally, Mr. Henry sent to my office numerous letters, front and back pages printed, court documents with numerous notations and spent an unknown number of hours on the telephone going over discovery and trial strategy with both myself and my paralegal.

6. Page 11, line 18

Counsel failed to introduce vital evidence that Angele, Mr. Henry's wife, had once framed her ex-husband before for spousal rape and child abuse and further that the ex-husband was exonerated of all the charges by a Canadian appellate court.

Mr. Henry's wife was subpoenaed for the jury trial in this case, but she invoked her Fifth Amendment right against self-incrimination.

Mr. Adam Pearce, the ex-husband of Mr. Henry's wife, refused to attend the jury trial in the United States. I attempted to take his deposition, but he refused to cooperate.

This attorney contacted the Canadian authorities regarding Adam Pearce's convictions for sexual assault of Angele Henry and discovered that the appeal of Adam Pearce's conviction of the sexual assault of Angela Henry was granted and the conviction reversed. **Exhibit H**, Decision of Canadian Court, the Court reversed the conviction of Adam Pearce based upon an error of law not upon the credibility of Angele Henry.

This Attorney believed the sexual assault conviction of Adam Pearce and its subsequent reversal was not relevant to Mr. Henry's case.

In 2012, Adam Pearce was found not guilty of assault of his son Aiden Pearce. **(Exhibit I).** This I believe was not relevant to the charges in this case.

7.  Page 11, line 22

Mr. Henry argued that Counsel failed to argue for the introduction of psychological evaluations Mr. Henry underwent before trial.

This attorney made In Limine Motions to introduce the psychological and psychiatric evaluations along with the results of polygraph test.

Notice of expert witnesses were filed along with the expert reports Doc #99, 119 and Doc# 194 response to Government's opposition **(Exhibit J).** Numerous hearings were held on this issue with the court determining that the expert reports were not relevant as to whether Mr. Henry received child pornography. The court did not allow any expert report concerning Mr. Henry's polygraph test.

I declare under penalty and perjury under the laws of the State of California that the foregoing is true and correct.

Executed on this 26th day of January 2022, at Fresno, California.

DATED: January 26, 2022,          BY:     */s/ Anthony P. Capozzi*
                                          ANTHONY P. CAPOZZI, Attorney for
                                          ADAM ALAN HENRY

- 6