UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

ADAM ALAN HENRY,

Defendant.

No.  1:13-cr-00409-DAD-EPG-1

ORDER DENYING MOVANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

(Doc. Nos. 348, 350)

Defendant Adam Alan Henry ("Movant") is a federal prisoner proceeding *pro se* with a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  (Doc. Nos. 348, 350.) Having considered the parties' briefing, and for the reasons explained below, the court will deny Movant's motion for relief pursuant to § 2255.

**BACKGROUND**

On March 16, 2017, a grand jury in the Eastern District of California returned a second superseding indictment charging Movant in two counts with:  (1) conspiracy to sexually exploit a minor in violation of 18 U.S.C. § 2251(a), (e); and (2) receipt of a visual depiction of a minor engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2).  (Doc. No. 110 at 1– 2.)  The second superseding indictment alleged that Movant conspired with another individual to produce visual depictions of a minor engaged in sexually explicit conduct from May 2012 to

1

September 2013, and that Movant knowingly received visual depictions of a minor engaged in sexually explicit conduct from approximately November 2005 to September 19, 2013. (*Id.* at 1–2.)

On November 7, 2017, Movant's jury trial commenced. (Doc. No. 215.) On November 16, 2017, the jury heard closing arguments from counsel, the court's instructions as to the law,[1] and began its deliberations. (Doc. No. 235.) On November 17, 2017, the jury reached a unanimous verdict, finding Movant guilty on both counts. (Doc. No. 236.)

As to Movant's participation in a conspiracy to sexually exploit a minor, the government's theory at trial was that Movant agreed with his ex-wife Angele Henry ("Angele")[2] to capture sexually explicit images of their underage babysitter, A.T. with a hidden camera they had placed in their bathroom. (Doc. No. 336 at 21.) As to Movant's receipt of visual depictions of a minor engaged in sexually explicit conduct, the government's theory was that Movant had downloaded child pornography both on an old home computer from 2007 to 2013 and on his work computer from May to September 2013 and subsequently transferred the downloaded child pornography onto a password protected network which Movant created and to which only he had access.[3] (*Id.* at 14–15.) The jury's guilty verdicts reflected its agreement with the government's theory of the case against Movant.

---

[1] The court instructed the jury on the elements of conspiracy, the substantive elements of sexual exploitation of a minor under § 2251(a) and (e), and the elements of receipt of a visual depiction of a minor engaged in sexually explicit conduct under § 2252(a)(2). (Doc. No. 241 at 34–36.)

[2] The court refers to Angele Henry by first name only to avoid confusion and intends no disrespect in doing so.

[3] There was also evidence admitted at trial that search terms related to child pornography were entered into a file sharing system on Movant's work computer from late May to early June 2013. There was also evidence offered that previously downloaded child pornography was remotely transferred from Movant's work computer onto his Network Attached Storage device ("NAS") on August 23, 2013, and that on the morning of September 19, 2013, child pornography was transferred from his work computer onto a private network that Movant had previously created. Ultimately, over 100 videos of child pornography, including videos of A.T., were recovered from Movant's work computer, a 500 gigabyte external hard disc drive located at Movant's home, the password protected side of the NAS located at Movant's home, and a computer tower located in Movant's garage that was last used on August 20, 2010.

On January 8, 2018, Movant filed a motion for judgment of acquittal, or in the alternative, motion for a new trial. (Doc. No. 254). On January 10, 2018, Movant filed motions for discovery, to continue sentencing, and for an evidentiary hearing. (Doc. Nos. 260, 261.) Following hearings (Doc. Nos. 293, 304), on July 13, 2018, the court denied Movant's post-trial motions. (Doc. No. 306); *United States v. Henry*, No. 1:13-cr-00409-DAD-BAM, 2018 WL 3436826 (E.D. Cal. July 13, 2018).

On September 10, 2018, Movant was sentenced to a term of imprisonment of 240 months on Count One and 240 months on Count Two with those terms to be run concurrently, followed by a total term of 180 months of supervised release. (Doc. No. 315.) Movant appealed his judgment of conviction and sentence to the Ninth Circuit Court of Appeals. (Doc. No. 317.) On January 13, 2020, the Ninth Circuit Court of Appeals affirmed Movant's judgment of conviction as well as this court's denial of his post-trial motions. (Doc. No. 341); *United States v. Henry*, 798 F. App'x 107 (9th Cir. 2020). On November 9, 2020, the United States Supreme Court denied certiorari. *Henry v. United States*, 141 S. Ct. 832 (2020).

On November 5, 2021, Movant filed the pending § 2255 motion with this court, asserting that he received ineffective assistance from his trial and appellate counsel. (Doc. No. 348.) In that motion, Movant asserts five instances of ineffective assistance of trial counsel and one instance of ineffective assistance of appellate counsel. (*Id.*) Movant contends that his trial counsel rendered ineffective assistance by failing to: (1) argue that the government did not establish the court's jurisdiction over the conspiracy to violate 18 U.S.C. § 2251(a), (e) with which he was charged (*id.* at 21–28); (2) conduct a reasonable investigation (*id.* at 28–42); (3) impeach prosecution witnesses at trial (*id.* at 42–56); (4) utilize an expert witness during pre-trial preparation and at trial (*id.* at 56–63); and (5) introduce evidence at trial inculpating Movant's ex-wife in the offenses with which he was charged and supporting his claim that his ex-wife had framed him (*id.* at 63–74.) Movant also argues that his appellate counsel rendered ineffective assistance by raising the jurisdictional issue related to Count One for the first time in the appellant's reply brief. (*Id.* at 74–79.)

/////

3

On February 25, 2022, the government filed an opposition to the pending § 2255 motion. (Doc. No. 356.)  On March 1, 2022, the government supplemented its opposition with a declaration from Movant's former trial and appellate counsel.  (Doc. No. 357.)  Thereafter, the court granted several motions for extension of time filed by Movant to reply to the government's opposition.  (Doc. Nos. 360, 364, 366.)  On August 24, 2022, Movant filed a reply to the government's opposition.  (Doc. No. 368.)

## LEGAL STANDARDS

### A.      28 U.S.C. § 2255 Motions

A federal prisoner collaterally attacking the validity of their conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255, filed in the court which imposed the sentence.  *United States v. Monreal*, 301 F.3d 1127, 1130 (9th Cir. 2002); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988).  Section 2255 provides four grounds upon which the court may grant relief to a federal prisoner:  (1) The sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack.  28 U.S.C. § 2255(a); *see also Davis v. United States*, 417 U.S. 333, 344–45 (1974); *Monreal*, 301 F.3d at 1130; *United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).  Both the grounds for relief and the scope of the remedy in a § 2255 proceeding are identical to those available to state prisoners under 28 U.S.C. § 2254, the federal habeas corpus statute.  *Davis*, 417 U.S. at 343-44.

To warrant the granting of relief on a § 2255 motion, the petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict.  *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993); *see also United States v. Montalvo*, 331 F.3d 1052, 1058 (9th Cir. 2003) ("We hold now that *Brecht*'s harmless error standard applies to habeas cases under section 2255, just as it does to those under section 2254.").  Such relief is warranted only where a petitioner has shown "a fundamental defect which inherently results in a complete miscarriage of justice."  *Davis*, 417 U.S. at 346; *see also United States v. Gianelli*, 543 F.3d 1178, 1184 (9th Cir. 2008).

4

A district court presented with a request for an evidentiary hearing on a § 2255 motion must determine whether a factual basis exists in the record to support a movant's claims and, if not, whether an evidentiary hearing "might be appropriate." *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999). "To warrant a hearing . . . the movant must make specific factual allegations which, if true, would entitle him to relief." *United States v. Moss*, No. 2:03-cr-00550-WBS-DAD, 2015 WL 251890, at *5 (E.D. Cal. Jan. 20, 2015) (citing *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011)). "[A] district court must grant a hearing to determine the validity of a petition brought under [§ 2255], '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255); *see also United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996). In the context of a § 2255 motion presenting ineffective assistance of counsel claims, if the "petitioner has not 'raised any factual disputes regarding counsel's performance that require resolution in an evidentiary hearing, and that, if decided in his favor, would entitle him to relief,'" then "an evidentiary hearing is not necessary or appropriate." *Liggins v. McDonald*, No. 2:09-cv-01777-GEB-EFB, 2012 WL 2065049, at *8 (E.D. Cal. June 6, 2012) (quoting *West v. Ryan*, 608 F.3d 477, 489 (9th Cir. 2010)); *see also United States v. Burrows*, 872 F.2d 915, 918 (9th Cir. 1989) (concluding that an evidentiary hearing need not be held where "the record conclusively shows that [movant's] trial attorney was not ineffective."). Finally, relief may be summarily denied without a hearing if the motion contains no more than conclusory allegations. *United States v. Quan*, 789 F.2d 711, 715 (9th Cir. 1986); *see also United States v. Howard*, 381 F.3d 873, 879 (9th Cir. 2004); *United Sates v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2003) (to be entitled to an evidentiary hearing the movant must provide specific factual allegations which, if true, would state a claim upon which § 2255 relief could be granted).

**B.      Ineffective Assistance of Counsel Claims**

The clearly established federal law governing ineffective assistance of counsel claims such as those presented in the pending motion is that set forth by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). To succeed on such a claim, a defendant must show that: (1) his counsel's performance was deficient; and (2) the "deficient performance prejudiced the

5

defense." *Id*. at 687; *see also United States v. Juliano*, 12 F.4th 937, 940 (9th Cir. 2021). "If either prong is not met, [the Court] must dismiss the claim." *United States v. Sanchez-Cervantes*, 282 F.3d 664, 672 (9th Cir. 2002); *see also Rios v. Rocha*, 299 F.3d 796, 806 (9th Cir. 2002) ("Failure to satisfy either prong of the Strickland test obviates the need to consider the other.") (citation omitted). "[T]here is a 'strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance." *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 689); *see also United States v. McGowan*, 668 F.3d 601, 605 (9th Cir. 2012). A petitioner must rebut this presumption by demonstrating that his counsel's performance was unreasonable under prevailing professional norms and was not the product of sound trial strategy. *Strickland*, 466 U.S. at 688–89. Thus, "strategic choices made after thorough investigation of [the relevant] law and facts relevant to plausible options are virtually unchallengeable." *Id*. at 690. In short, judicial scrutiny of counsel's performance is highly deferential, and thus the court must evaluate counsel's conduct from counsel's perspective at the time it occurred, without the benefit of hindsight. *Id*. at 689; *see also Richter*, 562 U.S. at 104 ("Counsel's errors must be 'so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'") (quoting *Strickland*, 466 U.S. at 687).

As noted above, even where counsel's performance is found to be deficient, in order to prevail on such a claim a petitioner is required to show that his counsel's conduct prejudiced him. *Strickland*, 466 U.S. at 691–92. To establish prejudice, a petitioner must demonstrate that there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is one "'sufficient to undermine confidence in the outcome'" but is "less than the preponderance more-likely-than-not standard." *Summerlin v. Schriro*, 427 F.3d 623, 640, 643 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693–94). Nonetheless, "[t]he likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112.

## DISCUSSION

Movant argues that he is entitled to post-conviction relief because his attorney rendered ineffective assistance both at the trial court level and on appeal. (Doc. No. 348.) The government

6

contends that Movant's allegations fall short of a claim for relief and that the motion should be denied without an evidentiary hearing. (Doc. No. 356 at 31.)

Below, the court addresses each of Movant's claims in turn and concludes that he is not entitled to relief under § 2255 for the reasons explained.

**A.      Claims One**

In his Claim One, Movant argues that trial counsel's assistance was ineffective in failing to argue that jurisdiction was never sufficiently established to charge and convict Movant with conspiracy to sexually exploit a child in violation of 18 U.S.C. §§ 2251(a), (e). (Doc. No. 348 at 21–29.) He contends that jurisdiction was lacking as to count one because the government failed to establish at trial that the camera used to create the recordings of A.T. moved through interstate commerce. (*Id.* at 22, 27–28.) Movant also argues that he suffered prejudice as a result of his counsel's deficient performance in this regard, noting his conviction and the fact that there was a two-point upward adjustment in his offense level under the U.S. Sentencing Guidelines (USSG) for the two counts of conviction. (*Id.* at 27–28.)

In opposition, the government argues that defense counsel's performance was not deficient in this regard because count one charged Movant with conspiracy to sexually exploit a minor, which merely required the government to prove that he had entered into an agreement to violate § 2251, not that any particular camera employed moved through interstate commerce in furtherance of the conspiracy. (Doc. No. 356 at 19.) The government further contends that Movant's jurisdictional argument is misplaced and that his counsel correctly focused on, and argued to the jury, that Movant never entered into an agreement to violate § 2251the statute. (*Id.* at 20.)

The court concludes that Movant's contention that he received ineffective assistance of counsel as asserted in his Claim One fails. As the court noted in its prior order denying Movant's motion for judgment of acquittal or new trial, Movant "was not charged with the substantive offense of sexually exploiting a minor. When an individual is charged with a conspiracy offense, '[t]he agreement is the essence of the crime.'" *Henry*, 2018 WL 3436826, at *2 (alteration in original) (citing *United States v. Iriate-Ortega*, 113 1022, 1024 (9th Cir. 1997)); *see also United*

*States v. Hooper*, No. 4:20-cr-00018-DJN, 2020 WL 7777481, at *6 (E.D. Va. Dec. 30, 2020) (concluding that the evidence at trial was sufficient to support a conviction on conspiracy to violate § 2251(a), (e) where the government offered evidence that established the following elements: "(1) an unlawful agreement between two or more people to commit a crime, and (2) that the defendant knowingly and willingly participated in that conspiratorial endeavor.");[4] *Iannelli v. United States*, 420 U.S. 770, 777 (1975) ("Traditionally the law has considered conspiracy and the completed substantive offense to be separate crimes.  Conspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act.").

On appeal, the Ninth Circuit concluded that the evidence presented at Movant's trial was sufficient to support his conviction of the conspiracy charged in count one:

> The district court also did not err in concluding that the evidence was sufficient to support Henry's conviction for conspiracy to sexually exploit a minor in violation of 18 U.S.C. § 2251(a).  Section 2251(a) prohibits "producing any visual depiction" of a minor engaged in "sexually explicit conduct," which is defined in relevant part as the "lascivious exhibition of the anus, genitals, or pubic area."  *Id.* § 2256(2)(A)(v); *see also United States v. Wiegand*, 812 F.2d 1239, 1244–45 (9th Cir. 1987).  The government presented evidence that Henry and his wife set up hidden cameras in their bathroom and bedroom shortly before their 14-year-old babysitter arrived, and that they used those cameras to produce videos depicting the minor undressing and showering.  In one hidden-camera video, Henry's wife encouraged the minor to try on and pose in lingerie.  The government also presented evidence that Henry created 13 screenshot images from those videos and saved the images in a password-protected file named after the minor, alongside other files containing child pornography.

*Henry*, 798 F. App'x at 110.

At trial, the government merely needed to prove beyond a reasonable doubt each of the elements of the charged conspiracy to convict Movant on count one.  The jury found that the government had satisfied that burden.  Accordingly, Movant's argument that jurisdiction was

---

[4]  At Movant's trial, the court instructed the jury on the substantive elements of § 2251 (a), (e) and the following elements of conspiracy:  (1) "beginning on or about May 2012, and ending on or about September 19, 2013, there was an agreement between two or more persons to commit the crime of sexual exploitation of a minor;" and (2) "the defendant became a member of the conspiracy knowing of at least one of its objects and intending to accomplish it."  (Doc. No. 241 at 34–35.)

lacking is not meritorious because his trial counsel's "failure to raise a meritless legal argument does not constitute ineffective assistance of counsel." *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) (quoting *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982)); *see also Hernandez v. United States*, No. 07-cr-00202-DOC-7, 2021 WL 4350055, at *3 (C.D. Cal. June 11, 2021) (concluding that counsel's performance is not deficient when they failed to raise a meritless argument at trial); *United States v. Renteria*, No. 18-cr-00119-VAP, 2023 WL 11821419 (C.D. Cal. Jan. 17, 2023) (same) (citing *Shah*, 878 F.2d at 1162). Because his jurisdictional argument lacks merit, Movant suffered no prejudice. *United States v. Ochoa-Anaya*, No. 1:19-cr-00211–JLT-SKO, 2024 WL 3967471, at *7 (E.D. Cal. Aug. 28, 2024), *certificate of appealability denied*, No. 24-6251, 2025 WL 3029568 (9th Cir. Apr. 18, 2025), *cert. denied*, No. 25-5987, 2025 WL 3507075 (U.S. Dec. 8, 2025).

In addition, Movant argues that the evidence clearly establishes that the visual depictions of A.T. do not satisfy the § 2251 jurisdictional element because those depictions were never transported out of California. (Doc. No. 348 at 26.) In support of this argument, he cites to the decisions in *United States v. Morrison*, 529 U.S. 598 (2000) and *United States v. McCoy*, 323 F.3d 1114 (9th Cir. 2003). (*Id.* at 26–27.) Movant's reliance on this line of precedent is misplaced. The Supreme Court in *McCoy* and the Ninth Circuit in *Morrison* were analyzing constitutional challenges to congressional authority to enact certain statutes pursuant to its power under the Commerce Clause. *See McCoy*, 323 F.3d at 1119–30; *Morrison*, 529 U.S. at 607–19. Movant advances no such challenge here and the authorities he relies upon simply provide no support for his ineffective assistance of counsel claim as presented.

Therefore, Movant has failed to satisfy both prongs of the *Strickland* analysis and his Claim One does not provide a basis for the granting of relief pursuant to § 2255.

**B.     Claim Six**

Relatedly, in his Claim Six Movant argues that his appellate counsel's performance was deficient in raising this jurisdictional issue for the first time in the appellant's reply brief which ultimately resulted in the Ninth Circuit declining to address this issue in affirming Movant's judgment of conviction. (Doc. No. 348 at 74–79.) Movant contends that he implored his counsel

9

to raise the jurisdictional issue on appeal, but that his attorney failed to do so until the filing of his reply brief on appeal. (*Id.* at 74.) Movant otherwise reiterates the arguments that he made in support of his first claim for relief in support of this claim. (*Id.* at 75–79.)

"[A]ppellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal." *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001); *see also Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) ("Failure to raise a meritless argument does not constitute ineffective assistance."). Because the jurisdictional argument as to count one lacked merit as explained above, Movant's appellate counsel did not render deficient performance in not raising the issue in appellant's opening brief. *Ellington v. Johnson*, No. 20-cv-10392-CBM-KK, 2022 WL 1668155, at *11 (C.D. Cal. Feb. 28, 2022) (finding no basis for an ineffective assistance of counsel claim where counsel failed to raise a meritless claim on appeal), *report and recommendation adopted sub nom. Ellington v. California*, No. 20-cv-10392-CBM-KK, 2022 WL 1664257 (C.D. Cal. May 24, 2022). Nor has Movant established that his counsel's failure to raise this argument in the opening brief on appeal caused him to suffer any prejudice. Accordingly, Movant has failed to establish a basis for relief as to his Claim Six.

**C.      Claim Two**

In his Claim Two, Movant argues that his trial counsel was deficient in failing to adequately review the pre-trial discovery provided to the defense by the government which contained evidence that should have been presented at trial in support of his defense. (Doc. No. 348 at 41–42.) Specifically, he contends that in the pretrial discovery there was evidence indicating that his ex-wife was aware of the password to the protected network which he had created at their home. (*Id.* at 42.) Movant argues that the government contended at trial that his ex-wife did not have access to the password protected portion of the NAS on which the child pornography was downloaded and saved. (*Id.* at 29, 36, 41.) Movant contends that a series of text messages between himself and his ex-wife, Angele, would have proved that she knew that password but that his counsel failed to present that evidence at trial. (*Id.* at 30.) He also argues that his trial counsel failed to present evidence of logbooks from Movant's work and additional

10

text messages from his ex-wife's cell phone which would have shown that Movant was away from his work computer while his ex-wife was at home alone accessing his work computer remotely to transfer child pornography to the private network on their home computer. (*Id.* at 31–35, 42.) Movant also appears to suggest that his counsel failed to adequately investigate and proffer evidence that the dates on which child pornography was accessed on his work computer coincided with the dates on which his ex-wife was present in his office. (*Id.* at 35–37.) Finally, Movant contends that his counsel was deficient in failing to uncover evidence that the child pornography found on his computer was last accessed on dates when his ex-wife was visiting him Movant in California thus suggesting that she was responsible for that possession of child pornography. (*Id.* at 37–38.)

In opposition, the government contends that Movant's arguments are both "contradicted by the record" and "too speculative to demonstrate any prejudice." (Doc. No. 356 at 21.) The government points to a post-*Miranda* interview during which Movant admitted to Detective Arthur Hively ("Detective Hively") that a review of the password protected partition on Movant's home server would likely reveal that child pornography was stored on it. (*Id.*) Movant also told a Child Protective Services worker that his ex-wife was not involved in the criminal conduct related to the receipt of child pornography charged in count two. (*Id.* at 21–22.) At trial, the defense advanced the theory that Movant's ex-wife, Angele, was responsible for the downloading and transferring of child pornography onto the password protected network. (*Id.* at 22.) In preparation of presenting this this defense, counsel deposed Movant's co-worker and presented the co-worker's deposition testimony and the trial testimony of Movant's aunt regarding the ex-wife's occasional presence in Movant's office at trial and worked with a digital forensics expert in attempting to present the defense theory that Movant's ex-wife was solely responsible for downloading child pornography on his work and garage computer. (*Id.* at 23.)

Movant has failed to demonstrate that he is entitled to relief due to ineffective assistance of counsel as asserted in his Claim Two. The record reveals that counsel offered evidence at trial in support of the defense theory that Movant's ex-wife was solely responsible for downloading child pornography onto Movant's computers. In this regard, counsel offered Movant's testimony

11

that Angele knew the passwords for the password-protected side of his computer system and his work computer. (Doc. Nos. 270 at 8–9; 335 at 125–26.) Counsel also offered trial and deposition testimony from Movant's coworkers that they either observed Angele sitting alone in Movant's office or believed that Angele used Movant's work computer while Movant was absent from work sometime between May 2013 and the beginning of June 2013—the time period during which Movant contends that Angele downloaded child pornography onto his work computer. (Doc. No. 335 at 22, 72.) Moreover, counsel elicited testimony from Detective Britton Moore that among the child pornography search terms entered onto Movant's work computer were French terms[5] and terms related to Angele's specific sexual interests. (Doc. No. 332 at 68–73.) In his cross-examination of Detective Hively, trial counsel casted doubt on the notion of Movant being at home on August 23, 2013, remotely transferring child pornography from his work computer to his home computer by eliciting the detective's admission that he was unaware of a text message exchange between Movant and Angele that established Movant was at work that day. (Doc. No. 334 at 119–120.)[6]

In short, defense counsel did much of what Movant now claims he failed to do. On this record, the court cannot conclude that counsel's performance was deficient. *United States v. Schaflander*, 743 F.2d 714, 719 (9th Cir. 1984) (concluding that counsel's performance was not deficient where counsel offered the movant's testimony to rebut the charge and vigorously cross-examined the government's witnesses). The jury heard competent evidence from both sides and simply rejected the defense's theory of the case at trial. Now on the pending motion, Movant outlines in great detail the pieces of evidence that he believes his counsel should have introduced at trial. This does not serve as a basis upon which to find ineffective assistance of counsel claim.

---

[5] Movant testified at trial that Angele was the only one in their marriage who spoke French. (Doc. Nos. 335 at 108.)

[6] During the government's cross-examination, Movant admitted that he was at work on the morning of September 19, 2013. (Doc. No. 335 at 144.) The government also offered evidence that on September 19, 2013 at 7:02 a.m., child pornography was transferred from Movant's work computer to the password protected side of his shared network. (*Id.* at 143.) Movant testified on cross-examination that he was unable to recall whether he conducted those transfers. (*Id.* at 144.)

12

As one district court has aptly stated:

> Stripped of rhetoric, Petitioners' basic contention is that counsel should have elicited different evidence and made better arguments in connection with these several issues. That form of criticism does not sustain an ineffective assistance claim, where '[t]he question is not whether some other course would have been more successful. That can always be argued after a case has been lost. The question is whether counsel's conduct of the defense was a reasonable course at the time and came within the standards for acceptable representation.'

*Rodriguez v. United States*, No. 14-cv-04628-CSH, 2017 WL 6404900, at *38 (S.D.N.Y. Dec. 13, 2017) (alteration in original), *aff'd*, 767 F. App'x 160 (2d Cir. 2019); *see also Cheevers v. United States*, No. 18-cv-01959-GPC, 2019 WL 1746139, at *5 (S.D. Cal. Apr. 18, 2019) ("Petitioner argues that counsel was deficient because his counsel should have made better or more forceful arguments in support of a concurrent sentence. . . . As noted by the Court in *Strickland*, '[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence….' *Strickland*, 466 U.S. at 689. Therefore, a 'fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'"), *aff'd*, No. 19-55484, 2022 WL 1421445 (9th Cir. May 5, 2022).

For the same reasons, the court concludes that Movant has also failed to show that he suffered prejudice as a result of the assistance of counsel asserted in Claim Two. Accordingly, the court concludes that Movant is not entitled to relief under § 2255 based upon the ineffective assistance of counsel claim asserted in his Claim Two.

**D.    Claim Three**

In his Claim Three, Movant argues that his counsel failed to adequately impeach Detective Hively and Movant's former fiancée, Rebecca Jackson ("Ms. Jackson"), at trial. (Doc. No. 348 at 42.) He argues that his attorney failed to cross-examine Detective Hively about his inconsistent testimony regarding the use of peer-to-peer software to obtain child pornography on Movant's garage computer despite there being no evidence produced in discovery indicating that such a method was employed. (*Id.* at 43–44.) He further argues that his counsel did not confront Detective Hively with his forensic reports, emails, and grand jury testimony all of which Movant

claims would have shown that Hively was aware that the files found on Movant's garage computer were transferred onto it from an outside drive.  (*Id.* at 44.)  Movant also contends that because his counsel failed to understand the significance of the fact that the garage computer ran on Windows XP, which did not always update file creation or modification dates for files that were transferred onto that computer, Detective Hively was not cross-examined on this subject.  (*Id.* at 44–45.)

In addition, Movant argues that his counsel was ineffective in failing to cross-examine Detective Hively regarding the location in which the plant that hid the camera that surreptitiously recorded A.T. was recovered when the FBI executed a second search warrant of Movant's residence.  (*Id.* at 46.)  Movant argues that the plant was still hanging in the bathroom when the FBI executed that second search warrant of his residence, but Detective Hively testified at trial that the plant was found in the garage.  (*Id.* at 46–47.)  Movant asserts that his counsel failed to present photographs taken during the execution of the second search warrant which depicted the plant still hanging in the bathroom.  (*Id.* at 47.)  Movant argues this would have been significant because Detective Hively testified that finding the plant in the garage indicated that Movant had removed it from the location where all of the videos were created.  (*Id.* at 47.)

Finally, Movant argues that his counsel's cross-examination of Ms. Jackson was ineffective because counsel failed to expose that the witness was lying when she suggested in her trial testimony that she had been video recorded by Movant in their home without her permission.  (*Id.* at 50–52.)  He also contends that counsel should have reviewed text message exchanges between Movant and Ms. Jackson during their relationship because those records would have revealed that she was lying and was well aware that Movant was filming her and that this would have further undermined Ms. Jackson's credibility as a prosecution witness.  (*Id.* at 53.)

In response, the government contends that there was sufficient evidence presented at trial from which the jury could find that Movant downloaded child pornography on his devices.  (Doc. No. 356 at 24.)  The government further asserts that Movant's has failed to establish any prejudice in connection with this ineffective assistance claims in light of the overwhelming evidence that Movant and his ex-wife set up the bathroom camera, the pair worked together to

14

optimize the quality of videos they were surreptitiously taking of A.T., and that Movant downloaded at least 25 child pornography video files onto a hard drive before his ex-wife moved in with him.  (*Id.* at 24–25.)  Finally, with respect to the cross-examination of Ms. Jackson, the government argues that defense counsel's performance was not deficient, pointing out that counsel succeeded in having the witness clarify on cross-examination that she might have consented to Movant film her using a camera that was visible to her, but not one that had been hidden by him.  (*Id.* at 25.)

"[M]atters such as counsel's approach to impeachment are often viewed as tactical decisions, and such decisions do not constitute deficient conduct simply because there are better options[.]" *Reynoso v. Giurbino*, 462 F.3d 1099, 1113 (9th Cir. 2006) (citation omitted).  Thus, counsel's tactical decisions regarding cross-examination and impeachment are often "considered sound trial strategy." (*Id.*) (internal quotation marks omitted).  Here, the trial record belies Movant's contention that his counsel failed to impeach Detective Hively about the location of the plant (that had been used to hide the camera) at the time of the second search.  Indeed, on cross-examination of Detective Hively defense counsel published several photographs for the jury depicting the state of Movant's garage on the date of the second search, elicited testimony from Detective Hively that the plant did not appear in any of those photos, and was able to obtain Detective Hively's admission that he could not affirmatively state where the plant was on the day that the second search warrant was executed.  (Doc. No. 334 at 63–73.)[7]  Movant's counsel also published before the jury photographs of the bathroom on the date of the second search and those photos depicted the plant in the bathroom.  (Doc. No. 335 at 118–19.)  Defense counsel emphasized these points during his closing argument.  (Doc. No. 336 at 31.)  The court finds defense counsel's line of questioning and impeachment of prosecution witnesses to be well within prevailing professional norms and as reflecting the pursuit of sound trial strategy.  This aspect of Movant's ineffective assistance of counsel claim therefore fails.

[7]  In support of his reply brief, Movant submits an exhibit of one of the many notes that he submitted to counsel after his conviction. (Doc. No. 368 at 105.)  In that exhibit, Movant acknowledges that this testimony was elicited and these photos were offered at trial.

15

As to Movant's arguments regarding the peer-to-peer downloads on his garage computer and Windows XP software, the court finds that in light of the overwhelming evidence of guilt presented by the government at trial Movant has failed to make any showing that the outcome of his trial would have been different if his counsel had sought to impeach Detective Hively on these points. *See Henry*, 798 F. App'x at 109 (noting that the evidence presented at trial "overwhelmingly showed that Movant conspired with his wife to produce child pornography and knowingly received or distributed child pornography.");[8] *see also Johnson v. United States*, No. 05-cr-00920-RSWL-1, 2019 WL 1790218, at *12 (C.D. Cal. Apr. 23, 2019) (rejecting an ineffective assistance of counsel claim for failure to impeach witnesses where the record established that even if the testimony had been excluded there was other overwhelming evidence indicative of guilt), *aff'd*, 139 F.4th 830 (9th Cir. 2025). For the same reasons, Movant has failed to show that his counsel's alleged performance in this regard prejudiced his case. *United States v. Lyon*, No. 3:21-CR-00035-IM-1, 2025 WL 2717587, at *3 (D. Or. Sept. 24, 2025) ("In light of this testimony and other overwhelming evidence of Defendant's guilt at trial, there is no 'reasonable probability' that the jury would have found Defendant innocent if MV1 and Special Agent Dukes had corrected their alleged inaccuracies.") (internal citations omitted), *appeal filed United States v. Lyon*, 25-7057.

Finally, Movant's broad contention that if his counsel had uncovered unspecified text messages purportedly between Movant and his former fiancée from an unspecified time during their five-year relationship and confronted his former fiancée with them her credibility would have been further undermined, is pure speculation. Movant cannot establish that counsel's

---

[8] Among the evidence presented for the jury on count two was a recording of a post-*Miranda* interview that Detective Hively conducted with Movant on September 19, 2013. In that interview, and during Detective Hively's testimony, it was revealed that Movant admitted that law enforcement officials might find child pornography on the password protected side of the NAS. (Doc. No. 333 at 25.) Movant also stated during the interview that while he was at work, Movant "created a bunch of searches" to locate pornographic content and "spice up" his marriage. (*Id.* at 18.) Among those searches were search terms that were associated with child pornography including "PTHC," "preteen," and "underage." (*Id.*) When asked on cross-examination, Movant confirmed that everything he told Detective Hively during the interview was true. (Doc. No. 335 at 141.)

performance was deficient or that Movant suffered any prejudice in this regard. *United States v. Anderson*, No. 19-cv-02142-PHX-SRB-DMF, 2020 WL 6106148, at *11 (D. Ariz. June 25, 2020) (concluding that there is no basis for an ineffective assistance of counsel claim for counsel's failure to conduct an investigation where the movant fails to point to specific documents or information that counsel ignored or failed to investigate), *report and recommendation adopted*, No. 12-cv-01606-001-PHX-SRB, 2020 WL 5627172 (D. Ariz. Sept. 21, 2020); *see also United States v. Leightey*, No. 3:10-cr-00051-LAC-EMT, 2014 WL 4145549, at *8 (N.D. Fla. Aug. 21, 2014) (finding no ineffective assistance of counsel claim where the defendant merely argued that counsel "failed to investigate or present unspecified 'available, material, exculpatory evidence'" at trial).

For these reasons, the court concludes that Movant has failed to establish a basis for the granting of relief as to his ineffective assistance of counsel Claim Three.

**E.   Claim Four**

On Claim Four, Movant argues that his trial counsel failed to both grasp many technical aspects of the case and to effectively utilize an expert to assist him in comprehending this information in preparing for trial. (Doc. No. 348 at 60.)  Specifically, Movant claims that counsel failed to appreciate:  (1) the importance of the Windows XP file creation date issue; (2) Detective Hively's email to the prosecuting Assistant United States Attorney in which Detective Hively indicated that the child pornography recovered from Movant's garage computer was transferred onto it from a different device; (3) the peer-to-peer technology used to download the child pornography; and (4) the data usage breakdown for Movant's and his ex-wife's user accounts on the NAS.[9]  (*Id.* at 61–62.)  Movant also argues that his counsel was deficient in failing to properly

---

[9]  Movant also takes issue with his counsel's failure to uncover text messages that he claims would have placed his ex-wife at home while child pornography was being transferred from his work computer to their home computer, evidence that Movant says would have placed him at work when this transfer of files occurred, text messages that Movant says would have established that his ex-wife knew the password for the protected portion of the network, and his counsel's failure to argue that his ex-wife was the one who downloaded child pornography onto his work computer. (Doc. No. 348 at 60–62.)  However, these arguments have no relevance to this claim in which Movant complains of his counsel's technological deficiencies.  Moreover, each of Movant's contentions noted here have already been addressed in this order. *See infra* pp. 10–11.

utilize the technical expert who was retained on the case, Marcus Lawson ("Lawson"), as evidenced by the expert's failure to generate a report on Movant's behalf and failure to investigate any of the issues that Movant brought to his attention. (*Id.* at 62.)

In response, the government argues that petitioner's ineffective assistance claim fails in this regard because:  (1) his trial counsel devoted countless hours to reviewing notes, discovery, and strategy with Movant; (2) his trial counsel retained Lawson as a computer/technological expert to assist in Movant's defense; and (3) upon a complete review of the evidence, defense expert Lawson found that the investigative requests appearing on Movant's "To Do" list were not tasks that were likely to lead to the discovery of evidence helpful to the defense but instead were directed at irrelevant matters.  (Doc. No. 356 at 26–27.)

The court concludes that Movant has failed to establish that his trial counsel provided ineffective assistance as alleged in this aspect of his claim.  Defense expert Lawson was retained for trial, reviewed the relevant discovery, reviewed the list of points that Movant drafted to direct Lawson's investigation, and concluded that Movant's theory of defense that his ex-wife was responsible for the crimes with which Movant was charged was simply not supported by the evidence.  (Doc. No. 357-1 at 5.)[10]  Because of Lawson's assessment, his trial counsel reasonably decided not to have Lawson draft an expert report since it would have had to been produced to the prosecution as reciprocal discovery and would have severely undermined the defense at trial. (*Id.*)  "Counsel's decision to forego investigating, or presenting at trial, evidence that quite possibly would have been damaging to Petitioner falls well within accepted professional standards."  *United States v. McLeod*, No. 13-cr-02297-JLS, 2023 WL 4750123, at *9 (S.D. Cal. July 24, 2023), *motion for relief from judgment dismissed*, No. 13-cr-002297-JLS, 2025 WL 1908315 (S.D. Cal. July 9, 2025); *see also Penton v. United States*, No. 2:11-cv-00429-WKW, 2013 WL 6009537, at *6 (M.D. Ala. Nov. 13, 2013) (finding no basis for an ineffective assistance of counsel claim where defense counsel had declined to call an expert as a trial witness

---

[10]  In fact, defense expert Lawson met with Movant on several occasions during pre-trial preparation and informed him "that with the limited hours I have been assigned on his case I was not going to waist [sic] them chasing down rabbit holes that have nothing to do with his charges." (Doc. No. 356-1 at 16.)

because the expert's findings did not corroborate the defense's theory and inculpatory evidence would likely have been elicited on cross-examination).  For these same reasons, Movant has failed to make any showing of prejudice with respect to this aspect of his claim.  *Penton*, 2013 WL 6009537, at *6.[11]

For these reasons, Movant's ineffective assistance of counsel claim as asserted in his Claim Four fails as well.

**F.      Claim Five**

In his Claim Five, Movant argues that his trial counsel provided him ineffective assistance in failing to introduce several pieces of inculpatory evidence:  (1) an order from a Canadian court of appeals overturning a sexual assault conviction against the first husband of Movant's ex-wife; (2) Canadian court documents which established that Movant's ex-wife falsely accused her ex-husband of abusing their son; (3) the psychological evaluations and polygraph examination that indicated Movant did not fit the profile of a pedophile; (4) a report from a forensic psychologist reflecting the clinician's diagnosis that Movant's ex-wife suffered from an exhibitionist disorder; (5) Movant's ex-wife lying to police about her inaptitude with computers and lack of knowledge of the passwords on the couples' computers; and (6) a Stanislaus County Child Protective Services report outlining the case worker's opinion that Movant's ex-wife was a generally dishonest person.  (Doc. No. 348 at 63–71.)

In opposition, the government contends that Movant mischaracterizes the Canadian case proceedings and that defense counsel's decision not to introduce evidence of those proceedings was an appropriate tactical decision. (Doc. No. 356 at 28.)  The government also argues that defense counsel attempted to compel trial testimony from Movant's ex-wife but was unsuccessful due to her invocation of her Fifth Amendment rights.  (*Id.* at 28–29.)  Finally, the government contends that defense counsel tried to introduce the various forensic reports referred to by Movant

[11]  In his reply brief, Movant asserts that defense expert Lawson was convinced of Movant's guilt early on and that Movant's trial counsel rendered ineffective assistance of counsel by continuing to utilize Lawson through trial.  (Doc. No. 368 at 49.)  Movant's argument in this regard is perplexing given his contention that his counsel was ineffective for not utilizing Lawson *more* in the preparation of the defense.  (Doc. No. 348 at 62.)  In any event, this argument advanced by Movant provides no meaningful support for his ineffective assistance claims.

19

but the court excluded those reports from relevance pursuant to Federal Rule of Evidence 403 and notes that because Movant failed to challenge those evidentiary rulings on appeal, he has waived them for purposes of the pending § 2255 motion. (*Id.*)

Even assuming that Movant has not waived his arguments regarding the forensic reports, polygraph test results, and reports relating to his ex-wife, his contentions in this regard lack merit. As the government correctly points out, counsel attempted to introduce all of this evidence as shown by his filing of a notice of expert witnesses (Doc. No. 144) and a motion *in limine* (Doc. No. 152) addressing these matters, but the court ruled that all of this evidence was inadmissible on relevance or Rule 403 grounds at pre-trial hearings. (Doc. Nos. 169, 188, 357-1.) In this regard, defense counsel simply was unsuccessful in obtaining the result desired by Movant which "says nothing about the objective reasonableness of the actions undertaken by counsel in the representation." *Portillo-Diaz v. Ryan*, No. 15-cv-01172-PHX-JJT-JFM, 2016 WL 4611574, at *8 (D. Ariz. June 1, 2016), *report and recommendation adopted*, No. 15-cv-01172-PHX-JJT, 2016 WL 4592041 (D. Ariz. Sept. 2, 2016); *see also id.* ("The mere fact that trial counsel failed to achieve a desired result . . . does not establish ineffective assistance."). Under these circumstances, counsel's performance was not deficient. *Capalbo v. United States*, No. 02-cr-01237-RJH, 2012 WL 1288486, at *20 (S.D.N.Y. Apr. 16, 2012) (finding no basis for an ineffective assistance of counsel claim where counsel attempted to admit potentially exculpatory evidence but was precluded from doing so by a court ruling), *supplemented*, No. 02-cr-01237-RJH, 2012 WL 3779204 (S.D.N.Y. Apr. 25, 2012), *report and recommendation adopted*, No. 02-cr-01237-LAP, 2012 WL 3779190 (S.D.N.Y. Aug. 31, 2012); *Hodge v. Haeberlin*, 579 F.3d 627, 645 (6th Cir. 2009) ("Counsel is not ineffective merely for failing to obtain a desired ruling from the court."). Nor did Movant suffer prejudice as a result of his counsel's failure to seek to introduce inadmissible evidence. *Walker v. United States*, No. 21-cv-07887-JSR-KHP, 2022 WL 4632841, at *9 (S.D.N.Y. Aug. 23, 2022), *report and recommendation adopted*, No. 21-cv-07887, 2022 WL 4661958 (S.D.N.Y. Sept. 30, 2022). Thus, this argument fails on both prongs under *Strickland*.

/////

As to defense counsel's failure to introduce evidence related to the Canadian court case involving Movant's ex-wife, the court is also unpersuaded that counsel's performance was in any way deficient.  To be sure, "[a] lawyer who fails adequately to investigate, and to introduce into evidence, records that demonstrate his client's factual innocence, or that raise sufficient doubt as to that question to undermine confidence in the verdict, renders deficient performance." *Hart v. Gomez*, 174 F.3d 1067, 1070 (9th Cir. 1999).  Nonetheless, it is well-established that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690; *see also United States v. Crooker*, 360 F. Supp. 3d 1095, 1109 (E.D. Wash. 2019) ("When an attorney's conduct or advice can be interpreted as a strategic or tactical decision, the attorney acted competently unless that decision was 'objectively unreasonable.'") (citing *Hughes v. Borg*, 898 F.2d 695, 703 (9th Cir. 1990)).

Here, defense counsel thoroughly investigated the Canadian court case involving the former husband of Movant's ex-wife by contacting Canadian authorities and reviewing the Canadian court decision, and concluded that "the sexual assault conviction of [the former husband of Movant's ex-wife] and its subsequent reversal was not relevant to" Movant's case. (Doc. No. 357-1.)  The court finds this assessment to be an objectively reasonable one.  The Canadian court overturned the conviction of Movant's ex-wife's former husband because the lower court in that case committed errors related to credibility, weighing and evaluation of the evidence, factual findings, and an incorrect application of a legal standard, not upon a finding of the actual innocence of the defendant in that case.  (*See* Doc. No. 356-3 at 5, 30–31.)  Thus, it would appear that the Canadian appellate court decision would have added nothing of significance to Movant's theory that his ex-wife had a history of making false accusations or, most importantly, to his defense based upon the suggestion that she was the one responsible for the crimes which were the subject of this case.

Relatedly, defense counsel also concluded that the Canadian court documents regarding the former husband of Movant's ex-wife being accused of hitting their son was irrelevant to the charges pending against Movant in this case and therefore decided not to offer evidence of such at Movant's trial.  The court concludes that this too was an appropriate strategic decision entitled to

21

deference. At bottom, Movant's arguments fail to provide a basis upon which an ineffective assistance of counsel claim can stand. *Raley v. Ylst*, 470 F.3d 792, 799 (9th Cir. 2006) ("A disagreement with counsel's tactical decisions does not provide the basis for declaring that the representation was constitutionally deficient."); *see also Dossie v. United States*, No. 5:04-cr-00110, 2008 WL 45378, at *4 (N.D. Ohio Jan. 2, 2008) ("With respect to ground four of his motion, petitioner contends that he advised counsel of certain legal troubles of a government witness that he believed would have 'significantly weakened' the government's case against him, but that counsel was aware of those issues and believed that those issues would not effect [sic] the case. At best, [Movant] has established that counsel's professional judgment differed from petitioner's views regarding the effect of that witness information on the outcome of his case."); *cf. Redd v. United States*, No. 10-cr-02740 W, 2015 WL 12844450, at *6 (S.D. Cal. Mar. 2, 2015) (rejecting an ineffective assistance of counsel claim where defense counsel reviewed all of the relevant discovery, conducted legal research on the pertinent issues, and decided not to file a motion to suppress evidence after concluding that there was no Fourth Amendment violation).

Finally, with respect to Movant's contentions regarding his counsel's failure to introduce the remaining evidence that his ex-wife had lied and was manipulative, the court notes that defense counsel attempted to compel the ex-wife's testimony at trial, but she asserted her Fifth Amendment rights. (Doc. No. 356-1 at 6.) Even if defense counsel could have done more to put evidence of that invocation before the jury, the court is unconvinced there is a reasonable probability that the outcome at trial would have been different had he done so given the overwhelming evidence presented against Movant at trial. *Henry*, 798 F. App'x at 109.

Accordingly, the court concludes that Movant has failed to establish he is entitled to relief on his ineffective assistance of counsel claim as asserted in his Claim Five.

## CONCLUSION

The court concludes that Movant is not entitled to a hearing on the pending motion because he has not raised any factual dispute regarding counsel's performance that requires an evidentiary hearing to resolve or that would entitle him to relief if decided in his favor. *See West*, /////

608 F.3d at 489.  For the reasons explained above, the court also concludes that the pending § 2255 motion must be denied.

The court will also decline to issue a certificate of appealability.  In this regard, a movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  To obtain a certificate of appealability under 28 U.S.C. § 2253(c), a movant "must make a substantial showing of the denial of a constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).  Here, movant has failed to make the required showing.  Therefore, the court also declines to issue a certificate of appealability.

Accordingly,

1.    Movant's motion to vacate, set aside, or correct his sentence (Doc. Nos. 348, 350) pursuant to 28 U.S.C. § 2255 is DENIED without hearing;

2.    The court DECLINES to issue a certificate of appealability under 28 U.S.C. § 2253(c); and

3.    The Clerk of the Court is directed to again CLOSE this case.

IT IS SO ORDERED.

Dated:    **January 22, 2026**                    _____
                                                  DALE A. DROZD
                                                  UNITED STATES DISTRICT JUDGE