UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM ALAN HENRY,<br><br>Defendant. | No. 1:13-cr-00409-DAD-EPG-1<br><br><br>ORDER GRANTING MOTIONS TO REOPEN THE TIME FOR APPEAL UNDER FEDERAL RULE OF APPELLATE PROCEDURE 4(a)(6)<br><br>(Doc. Nos. 374, 377) |

On January 22, 2026, this court issued an order denying defendant Adam Alan Henry's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 and declining to issue a certificate of appealability. (Doc. Nos. 372, 373.) On May 26, 2026, defendant Henry filed a notice of appeal in which he requested an extension of time to file that notice of appeal, stating that he had "just received the court's ruling denying my 2255" and was "within 180 days of judgment and within 14 days of receiving notice." (Doc. No. 374.) On, June 8, 2026, defendant filed a motion to reopen the time to appeal, again stating that he had "just received the ruling denying my 2255 motion and certificate of appealability through the prison mail system." (Doc. No. 377.) On June 25, 2026, the Ninth Circuit issued an order remanding the case "to allow the district court to rule on the May 26, 2026, and June 8, 2026, motions." (Doc. No. 378) (citing *United States v. Withers*, 638 F.3d 1055, 1061 (9th Cir. 2011)).

1

In *Withers* the Ninth Circuit held that "we must construe a *pro se* appellant's notice of appeal as a motion to reopen the time for filing an appeal when he alleges that he did not receive timely notice of the entry of the order or judgment from which he seeks to appeal."  638 F.3d at 1061.  In that case the court noted that the appellant had made "an unchallenged assertion that he did not receive timely notice of judgment." *Id.* at 362.  Just as in *Withers*, defendant Henry's assertion that he "just received" this court's order denying his § 2255 motion before filing his notice of appeal is unchallenged.[1]

Accordingly, defendant Henry's filings (Doc. Nos. 374, 377), construed as motions to reopen the time to appeal under Federal Rule of Appellate Procedure 4(a)(6), are hereby granted. As indicated by the Ninth Circuit in its remand order, with the granting of relief in this regard, defendant–appellant Henry need not file a new notice of appeal.  The Clerk of the Court is directed to send a copy of this order to the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated:   **June 29, 2026**

_____
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[1]  The court does observe that defendant's representation in this regard is not entirely consistent with the court's experience with mail delivery within the U.S. Bureau of Prisons.  Here, the order denying defendant's § 2255 motion was issued on January 22, 2026, and was served by mail on defendant on that same date at his address of record at FCC Lompoc in California.  Defendant's address of record has not changed and remains the same today.  Yet, he claims in his filings that four months after the order was issued, on May 21, 2026, he had "just received" it by way of the prison mail system.  Nonetheless, that representation is unchallenged and, applying the decision in *Withers*, the court will accept it.

2